JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ROSALINDA SALAZAR
AND
JESUS SILVA SALAZAR

## DEFENDANTS

BASILIO GOMEZ SR, CITY OF BROWN
BROWNSVILLE, CARLOS ZAMORANO,
ARNOLD GALVAN, OSCAR LARA, ADRIA
MASCORRO AND REY LOPEZ

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ~~CAMERON~~
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ~~CAMERON~~
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

United States District Court
Southern District of Texas
FILED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ALBERT VILLEGAS
1324 EAST SEVENTH
BROWNSVILLE TEXAS 78520
956-544-4352

ATTORNEYS (IF KNOWN)

JUN 2 0 2001

Michael N. Milby
Clerk of Court

# B-01-105

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS — Third Party 26 USC 7609 | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 usc 1983 Violation of civil rights and conspiracy to violate civil rights

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ 6,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   6-19-01

SIGNATURE OF ATTORNEY OF RECORD   _Albert V_

---

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

1

United States District Court
Southern District of Texas
FILED

JUN 2 0 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND<br>JESUS SILVA SALAZAR | * | |
| | * | |
| | * | |
| vs | * | C.A. NO.  B - 01 - 105 |
| | * | |
| BASILIO GOMEZ SR., CITY OF | * | |
| BROWNSVILLE AND CARLOS ZAMORRANO | * | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | * | |
| MASCORRO, AND REY LOPEZ INDIVIDUALLY | * | |
| AND IN THEIR OFFICIAL CAPACITY | * | |
| AS EMPLOYEES | * | |
| FOR CITY OF BROWNSVILLE | * | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Plaintiffs, ROSALINDA SILVA AND JESUS SILVA SALAZAR
complaining of Defendants, BASILIO GOMEZ SR. CITY OF BROWNSVILLE, AND
CARLOS ZAMORRANO, OSCAR LARA, ARNOLD GALVAN, ADRIAN MASCORRO AND
REY LOPEZ and for cause of action would show the following:

### I. Parties

1 . Plaintiffs are individuals  residing in Cameron County, Texas.

2. Defendant, CITY OF BROWNSVILLE is an incorporated municipality situated in
Cameron County, Texas and may be served by serving the Honorable Mayor Blanca Vela at 12th
and Market Square, Brownsville Texas.

3. Defendant, BASILIO GOMEZ SR. is an individual who may be served with process
at 1005 E. TYLER, BROWNSVILLE TEXAS.

4. Defendant CARLOS ZAMORRANO is an individual who may be served with
process at the Brownsville Police Department, 700 E. Jackson, Brownsville, Texas.

5. Defendant OSCAR LARA is an individual who may be served with process at the
Brownsville Police Department, 700 E. Jackson, Brownsville, Texas.

6. Defendant ADRIAN MASCORRO is an individual who may be served with process at the Brownsville Police Department, 700 E. Jackson, Brownsville, Texas.

7. Defendant REY LOPEZ is an individual who may be served with process at the Brownsville Police Department, 700 E. Jackson, Brownsville, Texas.

8. Defendant ARNOLD GALVAN is an individual who may be served with process at the Brownsville Police Department, 700 E. Jackson, Brownsville, Texas.

II.
STATEMENT OF FACTS

9. Plaintiff is the owner of a used tractor trailer sales lot and has resided at 6377 Expressway 77, Brownsville, Texas  since the mid 1980s. On or about the early 1990s, Plaintiff purchased a home directly adjacent to his business, which previously was owned by his brother Juan Antonio Silva Salazar. Both Jesus Silva Salazar and Juan Antonio Silva Salazar have been hard working successful prosperous businessmen prior to the incidents made the basis of this suit. Since such incident, Plaintiff has sustained substantial loss of income. Plaintiffs have resided on this property for over ten years. The Defendant Gomez is the owner of a flea market adjacent to the Plaintiffs' property . Over the past ten years there has been three lawsuits between Defendant Gomez and Plaintiffs arising out of the use of an easement on land owned by Juan Antonio Silva Salazar. The easement grants access to Mr. Gomez, his heirs and assigns. The easement has been used for over the years as an access road to the Flea Market.  Each party has won one suit and one lawsuit was dismissed. The easement is a unpaved, unimproved caliche road that runs from the frontage road of Expressway 77  to  the Gomez flea market parking lot, located behind Plaintiffs residence.  The Gomez Flea Market is open for business only on weekends, but the easement remains open to all traffic, twenty four hours a day, seven days a week. Although requests by Plaintiffs were made to limit traffic to those dates that customers and vendors of the Gomez Flea Market would utilize the easement, such efforts have been met

with outright refusal by the Defendant Gomez. The Gomez Flea Market has at least two other access roads to this same Flea Market Parking lot and vendor area. Since 1995, Defendant Gomez hires off duty City of Brownsville Police officers, including the individual defendants, to act as security guards, chauffeur and traffic control personnel. It is from this relationship between the off duty officers and Mr. Gomez that the incident made the basis of this suit arose.

10. During the years prior to the incident made the basis to this suit, the Gomez Flea Market had requested building permits to construct canopies, pave land and other facilities. There was a specific permit issued which required that Gomez pave all access roads. Although the Defendant City was specifically advised of the failure of Gomez to comply with said permit, the City failed and refused to act. The Plaintiffs individually and through their attorneys made and filed numerous complaints about the numerous city code and health violations including odors emanating from the bathroom facilities, the trash and the traffic to the various city departments. Included in one complaint was the common practice of Gomez to haul raw sewage in an unapproved water tank truck to dump on his personal property, an unauthorized and illegal act. The City, through its officers, city manager and department heads made a concerted effort to retaliate against the Plaintiffs for making these complaints. The City refused to require the Gomez flea market to pave the easement, pick up the trash, control the odors or do anything to control the volume or pattern of traffic, the parking of vehicles illegally parked around the flea market on public roads, the mishandling of solid waste or the various other complaints made.

11. Defendant City employees, including Carlos Rubinstein, then city manager or department head, who had the decision making positions were represented at material times by the same legal counsel that the Defendant Gomez Flea Market had retained. Defendant City' Police Department refused to accept complaints about the illegal parking, conduct and violations

from the Plaintiff. Defendant City Police Department refused to enforce known traffic violations and instead harassed and retaliated against the Plaintiffs for making these complaints.

12. On or about January 1999 Defendant Gomez sued Plaintiffs for interfering with the use of the easement. In January, 2000, the parties went to trial in State district court. The allegations of the Gomez were that the Silvas had sprayed water on the easement making it impassible and that the Silvas had sprayed water on one of the offduty police officers working security for the Defendant Gomez. The defendant officers had been deposed and or testified live at trial. This testimony was used by the Defendant Gomez in its case in chief and was supposed to support Defendant Gomez's allegations of wrongful conduct by the Plaintiffs. After a seven day jury trial, the jury totally disregarded the Defendant's Gomez and his employees testimony and, although the defense called no witnesses, a verdict was entered against Gomez and in favor of the Silvas. Within two months of that jury trial, the incident made the basis of this suit occurred, as more fully set out below.

13. On or about April 9, 2000, Plaintiffs, was at his home and place of business. Defendant Gomez had two offduty police officers working as security guards. The flea market was open on this date, which was a weekend. On the weekend it was common to have over seven thousand (7,000) cars pass through the unimproved caliche road.

Defendant Gomez has refused to place on the caliche road any speed control devices or stop signs. The Plaintiff was well known to the two Defendant's employees working as security guards, Lara and Lopez, as Plaintiff would speak to them and had made numerous complaints over a long period of time. On this date Plaintiff Jesus Silva left his business and advised the security guards he intended to return in a short while. Plaintiff advised defendants, Lopez and Lara, because Plaintiffs' family members and customers had previously been refused entry or

reentry onto their residence and business property by these employees of defendant.. Upon

Plaintiffs return to his home, traffic on the frontage road was stopped. Plaintiff then proceeded

at a slow rate of speed on the improved shoulder to an area about 100 feet from his driveway.

The exiting drivers coming off the easement yielded the right of way to Plaintiff and he

proceeded onto his driveway.

      14.    Plaintiff got off his vehicle, a 1999 Ford Pickup 4x4 truck. He then observed the

defendants, Lara and Lopez, coming onto his property, yelling and conducting themselves in an

abusive manner at the Plaintiff. Plaintiff told the officer to get off his property. These two

defendants were at all times acting in the course and scope of their employment for Defendant

Gomez. Defendants  then told the Plaintiff that he had disregarded his instructions and that he

was going to arrest the Plaintiff. Plaintiff's wife was in the area and was present during most if

not all the incident. The defendant Lara then came on to Plaintiff's property as security guards

and agents of Defendant Gomez, trespassed onto Plaintiffs property and told the Plaintiff he was

under arrest. Plaintiff Jesus Silva had previously heard the security guards , who were at all

times material in the course and scope of their employment with Defendant Gomez, testify at

deposition or trial that it was their practice to not make arrests or write citations while working

for Defendant Gomez but would instead call for a police officer who was on duty. Knowing this,

Plaintiff was concerned for his safety. Defendant Gomez' employees then began to harass and

assault Plaintiffs, handcuffed Plaintiff Jesus Silva,  assault and beat on Plaintiff with their hands,

legs and billy clubs.  Plaintiff Jesus Silva was thrown to  the ground when the employees of

defendants, Lara and Lopez called another offduty officer  to bring a golf cart which is used by

these defendants, to transport the Plaintiff back to the Flea Market. The police department still

had not been notified. Plaintiff's wife called the police department for assistance. Plaintiff Jesus

Salazar, fearing for his life and safety, yelled at his wife to close and lock the gate to the property, which she did. The other security guards, Defendants Zamorrano, Mascorro and Galvan jumped over the gate and continued to assault the plaintiff while he was on the ground. The defendants refused to call an ambulance or provide medical assistance. These defendants were off duty City of Brownsville Police officers, working for Defendant Gomez. They laughed and taunted the handcuffed Plaintiff while he was laying on the ground with statements like "where is your lawyer now,'', while pulling his hair.

15.  Plaintiff Jesus Silva Salazar was arrested and charged with five criminal charges including felony charges. Plaintiff Rosa Linda Salazar was arrested and charged with one misdemeanor criminal charge. Both were taken to Brownsville City Jail, spent some hours there and bonded out. Subsequently all felony charges were dismissed. All charges against Plaintiff Rosalinda Salazar were dismissed. Plaintiff Jesus Salazar pled no contest to a misdemeanor assault charge. Neither Plaintiff had any criminal history prior to this incident.

16.  Plaintiffs were not at the time of the events alleged in this complaint or at any other time, committing any offense against statutes of the State of Texas and Defendants did not have any reasonable grounds for believing that Plaintiffs were committing or had committed any offense.

17.  Plaintiff alleges the Defendant off duty officers were acting as agents or employees of the Defendant Gomez and Defendant Gomez is vicariously liable for the intentional and or negligence of its agents and servants in the assault, beating, infliction of injuries and damages of the Plaintiffs. By reason of the above Plaintiffs was damaged in the sum of $2,500,000.000.

18.   Without waiving the foregoing and in the unlikely event the Court finds that the

offduty defendant officers were acting in their official capacity, Plaintiff alleges as follows. Each of the defendants, individually and in concert with the others, acted under pretense and color of law and their official capacity, but such acts were beyond the scope of their jurisdiction and without authorization of law. Each defendant, individually and in concert with the others acted willfully knowingly and with specific intent to deprive Plaintiffs of their right to freedom from illegal searches and seizure of his person, papers, and effects, and of his right to freedom from unlawful arrest, detention and imprisonment, all of which rights are secured to Plaintiff by the Fourth Sixth and Fourteenth Amendments to the Constitution of the United States and by Title 42 U.S.C. Section 1983 and 1988. By reason of the above Plaintiffs was deprived of his liberty to Plaintiff's damage in the sum of $1,000,000.00.

19.    In making the above described unlawful arrest, defendants acted willfully, maliciously, and without any excuse or justification whatsoever. Thus Plaintiffs are entitled by virtue of 42 U.S.C. Section 1983 to exemplary damages in the sum of $1,350,000.00.

## SECOND CAUSE OF ACTION

20. Plaintiff repeats and realleges the Paragraphs 8 through 18 of his first cause of action as if expressly set forth at length.

21. Plaintiff would show that all charges which were filed on the 9th of April, 2000 against the Plaintiff were dismissed.

22. Plaintiff would show that the Defendants conspired to file the above referenced criminal charges against Plaintiffs as retaliation for their previous complaints against the defendants. The defendant Gomez used his personal and business relationships with the codefendants to have Plaintiffs arrested after losing the last lawsuit in State Court. The defendants conspired to make false statements against the Plaintiffs to cast him in a false light

and to harm his personal and business reputation. Such conduct on the part of the defendants was done knowingly, was meant to cause damages and intended to inflict severe emotional distress for which Plaintiff comes now and sues in the sum of $1,500,000.00.

### THIRD CAUSE OF ACTION

23.  Plaintiff incorporate by reference the allegations set forth above. Defendants Zamorrano, Lucio, Mascorro and Lopez are law enforcement personnel for the City of Brownsville.

24.   The defendants police officers proceeded to falsely arrest Plaintiffs. Defendants handcuffed Plaintiff and such limitations on Plaintiff freedom constituted the torts of assault and battery, trespass, false imprisonment and false arrest. Further Plaintiffs would show the Defendants had a duty to properly investigate any criminal complaints. Their acts and actions in their investigation of Plaintiff was negligent in that they failed to properly undertake the investigation of a purported crime. Defendants acted willfully, maliciously and without good faith so that they are subject to exemplary damages as provided by Texas law.

25. The defendants slandered Plaintiffs by accusing them of crimes which would constitute felonies and misdemeanors and which they knew or should have known they had not committed. Such conduct constituted an invasion of Plaintiffs privacy, a tort under Texas law.

26. Plaintiff would show that the acts and actions of the Defendants were a producing cause or a proximate cause of the Plaintiffs damages. Plaintiff seeks damages in the amount of One Million Five Hundred Thousand ( $1,500,000.00) Dollars in actual and compensatory damages jointly from the defendants and an additional One Million ($1,000,000.00) Dollars in punitive or exemplary damages for the claims set forth in Plaintiffs Original Petition from defendant Gomez and the City and Fifty Thousand ($50,000.00) dollars, in punitive or

CutePDF - www.tesoro.com

exemplary damages from the remaining defendants.

PRAYER FOR RELIEF

27.  Plaintiff prays that the Defendants be cited with service of process, that they be required to respond to the allegations herein and that the Plaintiffs have and recover as follows:

a.  Actual damages as against the defendants jointly and severally in an amount not to exceed FIVE MILLION ($5,000,000.00) Dollars in actual and compensatory damages and ONE MILLION ($1,000,000.00) Dollars in punitive damages.

JURY REQUEST

27.  Plaintiff respectfully requests a jury trial in this cause.

RESPECTFULLY SUBMITTED

ALBERT VILLEGAS
1324 EAST SEVENTH
BROWNSVILLE TEXAS
FEDERAL ID NO 3903
956 544 3352
FAX 956 544 7828

RUBEN PENA
222 W. HARRISON
BROWNSVILLE TEXAS
FEDERAL ID NO 1216
956 412 8282
FAX 956 412 8200

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_Southern_ DISTRICT OF _Texas_

ROSALINDA SALAZAR AND
JESUS SILVA SALAZAR

V.

BASILIO GOMEZ SR., CITY OF
BROWNSVILLE AND CARLOS ZAMORRANO
ARNOLD GALVAN, OSCAR LARA, ADRIAN
MASCORRO, AND REY LOPEZ INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY
AS EMPLOYEES
FOR CITY OF BROWNSVILLE

## SUMMONS IN A CIVIL CASE

CASE NUMBER: **B - 01 - 105**

TO: (Name and address of defendant)

City of Brownsville
Mayor Blanca Vela
12th and Market Square
Brownsville, Texas 78520

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Albert Villegas
Law Offices of Albert Villegas
1324 East Seventh Street
Brownsville, Texas 78520

an answer to the complaint which is herewith served upon you, within __twenty (20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk

CLERK

(BY) DEPUTY CLERK

DATE _June 20, 2001_

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_Southern_ **DISTRICT OF** _Texas_

ROSALINDA SALAZAR AND
JESUS SILVA SALAZAR

**SUMMONS IN A CIVIL CASE**

**V.**

CASE NUMBER: B-01-105

BASILIO GOMEZ SR., CITY OF
BROWNSVILLE AND CARLOS ZAMORRANO
ARNOLD GALVAN, OSCAR LARA, ADRIAN
MASCORRO, AND REY LOPEZ INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY
AS EMPLOYEES
FOR CITY OF BROWNSVILLE
**TO:** (Name and address of defendant)

Arnold Galvan
Brownsville Police Department
700 East Jackson Street
Brownsville, Texas 78520

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Albert Villegas
Law Office of Albert Villegas
1324 East Seventh Street
Brownsville, Texas 78520

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

CLERK

(BY) DEPUTY CLERK

DATE June 20, 2001

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_Southern_ **DISTRICT OF** _Texas_

ROSALINDA SALAZAR AND
JESUS SILVA SALAZAR

### **V.**

BASILIO GOMEZ SR., CITY OF
BROWNSVILLE AND CARLOS ZAMORRANO
ARNOLD GALVAN, OSCAR LARA, ADRIAN
MASCORRO, AND REY LOPEZ INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY
AS EMPLOYEES
FOR CITY OF BROWNSVILLE

## SUMMONS IN A CIVIL CASE

CASE NUMBER:  **B-01-1U5**

**TO:** (Name and address of defendant)

Basilio Gomez, Sr.
1005 East Tyler
Brownsville, Texas 78520

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Albert Villegas
Law Office of Albert Villegas
1324 East Seventh Street
Brownsville, Texas 78520

an answer to the complaint which is herewith served upon you, within ___Twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Michael N Milby, Clerk**

CLERK

_Elizabeth Naruntz_

(BY) DEPUTY CLERK

DATE _June 20, 2001_

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_Southern_ **DISTRICT OF** _Texas_

ROSALINDA SALAZAR AND
JESUS SILVA SALAZAR

**SUMMONS IN A CIVIL CASE**

**V.**

CASE NUMBER:

**B-01-105**

BASILIO GOMEZ SR., CITY OF
BROWNSVILLE AND CARLOS ZAMORRANO
ARNOLD GALVAN, OSCAR LARA, ADRIAN
MASCORRO, AND REY LOPEZ INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY
AS EMPLOYEES
FOR CITY OF BROWNSVILLE
        **TO:** (Name and address of defendant)

> Oscar Lara
> Brownsville Police Department
> 700 East Jackson Street
> Brownsville, Texas 78520

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

> Albert Villegas
> Law Office of Albert Villegas
> 1324 East Seventh Street
> Brownsville, Texas 78520

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Michael N Milby, Clerk**

DATE  _June 20, 2001_

CLERK

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_Southern_ **DISTRICT OF** _Texas_

ROSALINDA SALAZAR AND
JESUS SILVA SALAZAR

**V.**

BASILIO GOMEZ SR., CITY OF
BROWNSVILLE AND CARLOS ZAMORRANO
ARNOLD GALVAN, OSCAR LARA, ADRIAN
MASCORRO, AND REY LOPEZ INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY
AS EMPLOYEES
FOR CITY OF BROWNSVILLE
**TO:** (Name and address of defendant)

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **B - 01 - 105**

Rey Lopez
Brownsville Police Department
700 East Jackson Street
Brownsville, Texas 78520

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Albert Villegas
Law Office of Albert Villegas
1324 East Seventh Street
Brownsville, Texas 78520

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk

CLERK

DATE _June 20, 2001_

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_Southern_ **DISTRICT OF** _Texas_

ROSALINDA SALAZAR AND
JESUS SILVA SALAZAR

**V.**

BASILIO GOMEZ SR., CITY OF
BROWNSVILLE AND CARLOS ZAMORRANO
ARNOLD GALVAN, OSCAR LARA, ADRIAN
MASCORRO, AND REY LOPEZ INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY
AS EMPLOYEES
FOR CITY OF BROWNSVILLE

## SUMMONS IN A CIVIL CASE

CASE NUMBER:   B-01-105

**TO:** (Name and address of defendant)

Adrian Mascorro
Brownsville Police Department
700 East Jackson Street
Brownsville, Texas 78520

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Albert Villegas
Law Office of Albert Villegas
1324 East Seventh Street
Brownsville, Texas 78520

an answer to the complaint which is herewith served upon you, within __twenty (20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

_June 20, 2001_

CLERK

(BY) DEPUTY CLERK

DATE

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_Southern_ DISTRICT OF _Texas_

ROSALINDA SALAZAR AND
JESUS SILVA SALAZAR

**V.**

BASILIO GOMEZ SR., CITY OF
BROWNSVILLE AND CARLOS ZAMORRANO
ARNOLD GALVAN, OSCAR LARA, ADRIAN
MASCORRO, AND REY LOPEZ INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY
AS EMPLOYEES
FOR CITY OF BROWNSVILLE
TO: (Name and address of defendant)

## SUMMONS IN A CIVIL CASE

CASE NUMBER: **B-01-105**

Carlos Zamorrano
Brownsville Police Department
700 East Jackson Street
Brownsville, Texas 78520

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Albert Villegas
Law Office of Albert Villegas
1324 East Seventh Street
Brownsville, Texas 78520

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk

CLERK

(BY) DEPUTY CLERK

DATE _June 20, 2001_