

United States District Court
Southern District of Texas
FILED

JUL 13 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROSALINDA SALAZAR and, <br> JESUS SILVA SALAZAR <br> <br> VS. <br> <br> BASILIO GOMEZ, SR., CITY OF <br> BROWNSVILLE AND CARLOS ZAMORRANO <br> ARNOLD GALVAN, OSCAR LARA, ADRIAN <br> MASCORRO, AND REY LOPEZ, <br> INDIVIDUALLY AND IN THEIR OFFICIAL <br> CAPACITY AS EMPLOYEES FOR THE <br> CITY OF BROWNSVILLE | § § § § § § § § § § § § § § CIVIL ACTION NO. B-01-105 <br> (JURY REQUESTED) |

**DEFENDANTS CITY OF BROWNSVILLE, CARLOS ZAMORRANO, ARNOLD GALVAN, OSCAR LARA, ADRIAN MASCORRO, and REY LOPEZ' MOTION FOR RULE 7(A) REPLY IN RESPONSE TO DEFENDANT'S DEFENSE OF QUALIFIED IMMUNITY**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE;

COMES NOW Defendants CARLOS ZAMORRANO, ARNOLD GALVAN, OSCAR LARA, ADRIAN MASCORRO AND REY LOPEZ, INDIVIDUALLY file this, their Motion for a Federal Rule of Civil Procedure 7(a) Response to address the Defense of Qualified Immunity and in support thereof would show this Honorable Court as follows;

1. The individual Defendants, CARLOS ZAMORRANO, ARNOLD GALVAN, OSCAR LARA, ADRIAN MASCORRO AND REY LOPZ, INDIVIDUALLY , are police officers for the City of Brownsville. The Plaintiffs ROSALINDA SALAZAR and JESUS SILVA SALAZAR are individuals who have filed suit seeking money damages because they believe they were wrongfully arrested.

2. The Defendants hereby raised the defense of qualified immunity. The Plaintiffs have failed to set forth how the Defendants violated Plaintiffs' clearly established constitutional rights of which

any reasonable person would have known. It is Plaintiffs' burden to overcome the defense of qualified immunity. *Harlow vs. Fitzgerald* 457 US 800 (1982).

3. Qualified immunity protects government officials who perform discretionary functions from liability "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 276 (C.A.5 (Tex.) 1995). The qualified immunity analysis is a two-step process. First, a court must determine whether the Plaintiff has alleged the violation of a constitutional right. *Hale v. Townley*.45 F.3d 914, 917, (C.A.5 (La.) 1995). Second, if the Plaintiff has alleged a constitutional violation, the court must decide if the conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. *Id* at 917. "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir.2000). This means those law enforcement officials who reasonably but mistakenly commit a constitutional violation are entitled to immunity. *Glenn v. City of Tyler* 242 F.3d 307, 312 (C.A.5 (Tex.) 2001).

4. Defendants request that the Court order the Plaintiff to file a response pursuant to Federal Rule of Civil Procedure 7(a) to set forth how Plaintiffs may maintain a cause of action against the individual defendants which may overcome the defense of qualified immunity. In *Schultea v. Wood*, the Court of Appeals for the Fifth Circuit held that when a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the Plaintiffs to reply to the qualified immunity defense in detail. 47 F3d 1427, (5th Cir 1995). In fact, the court suggests that the utilization of the Rule 7(a) reply should become normal practice in this federal circuit in future qualified immunity practice. Judge Higgenbotham adds,

2

"[v]indicating the immunity doctrine will ordinarily <u>require</u> such a reply, and a district court's discretion not to do so is <u>narrow</u> indeed when greater detail might assist." *Id.* at 1434 (emphasis added). The Plaintiffs' reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. Furthermore, the rule 7(a) response "must be pleaded with 'factual detail and particularity,' not mere conclusory allegations." *Jackson v. Widnall*, 99 F.3d 710, 715-16 (5th Cir.1996) (quoting *Schultea*, 47 F.3d at 1430).

WHEREFORE, Defendants pray that Plaintiffs be ordered to provide a response to Plaintiffs' petition pursuant to Federal Rule of Civil Procedure 7(a) and furthermore that Plaintiffs be ordered to specify facts which overcome each Defendants qualified immunity. Defendants further pray for such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Ryan Henry
State Bar No. 24007347
Fed ID. No. 22968

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, has been served on all counsel of record, via certified mail, return receipt requested, on July 13, 2001.

Mr. Albert Villegas
Law Office of Albert Villegas
1324 E. 7th Street
Brownsville, Texas 78520

Mr. Ruben Pena
Law Office of Ruben Pena
222 W. Harrison
Harlingen, Texas 78550

_____
Ryan Henry

## CERTIFICATE OF CONFERENCE

Defendants attempted to contact Plaintiffs counsel regarding this motion but were unsuccessful. Therefore, Defendants assume Plaintiffs are opposed.

_____
Ryan Henry

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR and, <br> JESUS SILVA SALAZAR <br><br> VS. <br><br> BASILIO GOMEZ, SR., CITY OF <br> BROWNSVILLE AND CARLOS ZAMORRANO <br> ARNOLD GALVAN, OSCAR LARA, ADRIAN <br> MASCORRO, AND REY LOPEZ, <br> INDIVIDUALLY AND IN THEIR OFFICIAL <br> CAPACITY AS EMPLOYEES FOR THE <br> CITY OF BROWNSVILLE | § § § § § § § § § § § § § | CIVIL ACTION NO. B-01-108 <br> (JURY REQUESTED) |

**ORDER SETTING HEARING ON DEFENDANTS' MOTION FOR RULE 7(A) REPLY IN RESPONSE TO DEFENDANT'S DEFENSE OF QUALIFIED IMMUNITY**

On this _____ day of _____, 2001, came on to be considered Defendants' Motion For Rule 7(A) Reply in Response to Defendants' Defense of Qualified Immunity in the above-styled and numbered cause.

IT IS THEREFORE ORDERED that said motion is hereby set for hearing on the _____ day of _____, 2001, at _____ o'clock ____.m.

SIGNED FOR ENTRY this _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE PRESIDING

xc:
Ryan Henry, Willette & Guerra, L.L.P., 3505 Boca Chica Blvd, Suite 460, Brownsville, Texas 78521
Albert Villegas, Villegas Law Firm, 1324 East Seventh Street, Brownsville, Texas 78520
Ruben Pena, Attorney at Law, 222 W. Harrison, Harlingen, Texas 78550

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROSALINDA SALAZAR and, § <br> JESUS SILVA SALAZAR § <br> § <br> VS. § <br> § <br> BASILIO GOMEZ, SR., CITY OF § <br> BROWNSVILLE AND CARLOS ZAMORRANO § <br> ARNOLD GALVAN, OSCAR LARA, ADRIAN § <br> MASCORRO, AND REY LOPEZ, § <br> INDIVIDUALLY AND IN THEIR OFFICIAL § <br> CAPACITY AS EMPLOYEES FOR THE § <br> CITY OF BROWNSVILLE § | CIVIL ACTION NO. B-01-108 <br> (JURY REQUESTED) |

**ORDER GRANTING DEFENDANTS' MOTION FOR RULE 7(A) REPLY
IN RESPONSE TO DEFENDANTS' DEFENSE OF QUALIFIED IMMUNITY**

On the _____ day of _____, 2001, came on to be considered Defendants' Motion for Rule 7 (A) Reply in Response to Defendants' Defense of Qualified Immunity. The Court, after reading said motion, is of the opinion that such should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendants' Motion For Rule 7 (A) Reply in Response to Defendants' Defense of Qualified Immunity is hereby GRANTED. Plaintiffs must replead in conformity with this order within fifteen days from the date of this order.

SIGNED on this the _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE PRESIDING

xc:
Ryan Henry, Willette & Guerra, L.L.P., 3505 Boca Chica Blvd, Suite 460, Brownsville, Texas 78521
Albert Villegas, Villegas Law Firm, 1324 East Seventh Street, Brownsville, Texas 78520
Ruben Pena, Attorney at Law, 222 W. Harrison, Harlingen, Texas 78550