4

United States District Court
Southern District of Texas
FILED

JUL 1 3 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROSALINDA SALAZAR AND § | |
| JESUS SILVA SALAZAR § | |
| § | CIVIL ACTION NO. B-01-105 |
| VS. § | |
| § | |
| BASILIO GOMEZ, SR § | |
| CITY OF BROWNSVILLE, TEXAS § | |
| CARLOS ZAMORRANO, ARNOLD GALVAN § | |
| OSCAR LARA, ADRIAN MASCORRO, § | |
| REY LOPEZ, INDIVIDUALLY AND IN THEIR § | |
| OFFICIAL CAPACITY AS EMPLOYEES § | |
| FOR THE CITY OF BROWNSVILLE § | |
| § | |

**DEFENDANTS CITY OF BROWNSVILLE, CARLOS ZAMORRANO, ARNOLD GALVAN, OSCAR LARA, ADRIAN MASCORRO, and REY LOPEZ' 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES, Defendants, City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez, individually and in their official capacities, and pursuant to Federal Rule of Civil Procedure 12(b)(6), files this their Motion to Dismiss and for cause would show as follows:

### I.
### STATEMENT OF THE CASE

1. Plaintiffs have brought suit against the above-named Defendants alleging they violated the Plaintiffs' constitutional rights. The Plaintiffs allege that on April 9, 2000, Plaintiff Jesus Silva Salazar returned home after a short excursion. Upon his return home he claims traffic on the frontage was stopped so he proceeded to drive on the improved shoulder until he reached his driveway. He then entered his property. He alleges Defendants Lara and Lopez entered his property

and violated his constitutional rights when they falsely arrested him. The Plaintiffs further allege the Defendants failed to investigate his complaints against Defendant Gomez made at times prior to the April 9, 2000, incident. The Plaintiffs are bringing suit under 42 U.S.C. § 1983 alleging their rights guaranteed by the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution were violated.

## II.
## MOTION TO DISMISS UNDER RULE 12(b)(6)

A.   **Standard for Dismissal under Rule 12(b)(6).**

2.   Plaintiffs have failed to state a claim for which relief can be granted. Accordingly, their lawsuit is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if it appears beyond doubt that the Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under this standard, a court may dismiss a complaint if the Plaintiffs cannot possibly prevail on their claims. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1973). Although the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." *Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, 927 (5th Cir. 1988).

B.   **Plaintiffs failed to properly allege a Policy, Custom or Practice.**

3.   The Plaintiffs have brought suit against the City of Brownsville, Texas under 42 U.S.C. § 1983. A governmental entity such as Defendant City can only be held liable under § 1983 if some official policy, custom or practice "causes" the alleged constitutional violation. *Monell v. New York City Dep't of Social Services*, 436 U.S. 685, 690 (1978). Such official policy, custom or practice is

evident if there are "numerous prior incidents" showing "systemic" violations of constitutional rights. *Hererra v. Valentine*, 653 F.2d 1220 (8th Cir. 1981) (emphasis added); *see also Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984) (en banc). In addition, this systemic and widespread pattern of numerous prior incidents must have affirmatively caused the constitutional injury of which the Plaintiffs have complained. *Reimer v. Smith*, 663 F.2d 1316 (5th Cir. 1981).

4.      The Plaintiffs have made no allegations setting forth a policy, custom, or practice of the Defendant City of Brownsville that would have caused any of their alleged constitutional violations. The City's involvement is almost non-existent within their Complaint. As a result, Defendant City of Brownsville in entitled to be dismissed from this lawsuit.

C.      **Plaintiffs' claims for unlawful arrest are barred**

5.      Plaintiffs allege the Defendants are liable for unlawful arrest. However, Plaintiff Jesus Silva Salazar admits in paragraph 15 of the Original Complaint that he plead no contest to a misdemeanor assault charge. A plea of no contest shall have the same effect as a plea of guilty and results in a conviction. TEX. CODE OF CRIM. PROC. ANN. ART. 27.02 (Vernon 1999). In order for the Plaintiffs to proceed on their claims that would render the conviction invalid, they must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a court's issuance of a writ of a habeas corpus. *Heck v Humphrey*, 512 U.S. 477, 486-487, 114 S.Ct. 2364, 129 L.Ed.2d. 383 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Id.*

6.      The Plaintiffs may not challenge, in a civil suit, a conviction in a criminal matter. To permit the Plaintiffs to proceed with these claims would permit a collateral attack on the conviction through the vehicle of a civil suit. This has been expressly rejected by the United States Fifth Circuit and

3

the United States Supreme Court. *Randell v Johnson*, 227 F.3d. 300, 301 (5th Cir. 2000); *Heck* at 486. As a result, the Plaintiff Jesus Silva's claims for false arrest should be dismissed against all Defendants.

**D.  Plaintiffs failed to properly allege any cause of action for a violation of their Sixth Amendment right.**

7.  The Plaintiffs allege the Defendants violated their Sixth Amendment rights. The Sixth Amendment protects a person's right to counsel, the right to an impartial jury, and the right to be informed of the charges against them. These rights attach when adversary proceedings are commenced against the criminal defendant. *United States v. Gouveia,* 467 U.S. 180, 187 (1984). The right to be informed of the nature of the accusation against a defendant does not exist until the Government is committed to a prosecution. *Jones v. City of Jackson,* 203 F.3d 875, 880 (C.A.5 (Miss.) 2000). The Plaintiffs have not alleged any acts which would have violated the Sixth Amendment. As a result, all Sixth Amendment claims should be dismissed.

**E.  Plaintiffs failed to properly allege any cause of action for failing to enforce**

8.  Plaintiffs allege the Defendants failed to properly investigate any criminal complaints made by the Plaintiffs and failed to require Defendant Gomez to pave the easement, pick up trash, control odors, control the volume or pattern of traffic, failed to enforce traffic laws against allegedly illegally parked vehicles and failed to enforce laws regarding mishandling of solid waste. Essentially, the Plaintiffs are upset the Defendants did not arrest or investigate the people they asked to be arrested or investigated. However, local law enforcement are under no duty to provide protective or enforcement services.

9.  There is no constitutional right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests. *DeShaney v Winnebago County Dep't of Social Servs.* 489

U.S. 189, 196-97, 109 S.Ct. 998, 1003-04, 103 L.Ed. 2d 249 (1989). The United States Constitution imposes a duty to protect particular individuals only under the limited circumstances where the state has a special relationship with the individual. *Id.* 489 U.S. at 198; *Piotrowski v City of Houston*, 237 F.3d 567, 584 (5th Cir. 2001). Plaintiffs do not have any special relationship with the State of Texas of the type that would require a limited duty to protect. As a result, all claims brought by the Plaintiffs alleging any failure to enforce should be dismissed.

**F.      Plaintiffs failed to properly allege any cause of action against Defendants Zamorrano, Galvan, or Mascorro**

10.     Plaintiffs do not allege any direct factual allegations against Defendants Zamorrano, Galvan, or Mascorro. Plaintiffs failed to allege how each Defendant performed any actions that would have violated their constitutional rights. Plaintiffs failed to state how each Defendant was personally involved in any alleged violation of a constitutional right or other injury. They failed to state how each Defendant allegedly violated a clearly established right or that their actions were not reasonable under the circumstances. Plaintiffs failed to allege any facts that, if taken as true, would defeat each Defendants' right to qualified immunity. As plead, Plaintiffs did not allege any cause of action against Defendants Zamorrano, Galvan, or Mascorro and they are therefore entitled to be dismissed from this lawsuit.

**G.      Plaintiffs failed to properly allege any cause of action against Defendants Lopez and Lara**

11.     The Plaintiffs allege Defendants Lopez and Lara violated their constitutional rights by falsely arresting them. However, the Plaintiffs failed to state how each Defendant allegedly violated a clearly established right or that their actions were not reasonable under the circumstances. The Complaint is unclear as to which officer performed which alleged unconstitutional act. Plaintiffs

5

failed to allege any facts that, if taken as true, would defeat each Defendants' right to qualified immunity. As a result, Defendants Lara and Lopez are entitled to qualified immunity and should be dismissed from the lawsuit.

**H.   Plaintiffs are not entitled to sue the Defendants for any state law claims.**

12.   Defendant City of Brownsville hereby asserts it is entitlement to sovereign immunity. As a result, Plaintiffs' claims alleging intentional torts are barred by Texas Civil Practice and Remedies Code §101.057, which provides as follows:

> The limited waiver of sovereign immunity granted by [the Texas Tort Claims Act] does not apply to a claim . . .
>
> (2)   arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (Vernon 1996).

13.   Assault, battery, false arrest, false imprisonment, defamation, and intentional infliction of emotional distress are all intentional torts. The Texas Tort Claims Act expressly prohibits such suits against governmental entities. Accordingly, these claims should be dismissed under Rule 12(b)(6).

## III.
## CONCLUSION

14.   The Plaintiffs have failed to state a cause of action for which relief can be granted. First, the Plaintiffs have failed to allege any policy, custom or practice that would subject the City of Brownsville to liability. Additionally, even if they had alleged such a policy, these claims cannot proceed as they would challenge the conviction. Plaintiffs cannot challenge a criminal conviction in a civil lawsuit. Plaintiffs failed to allege sufficient facts to defeat the individual police officers' right to qualified immunity. Finally, Plaintiffs' state law causes of action should be dismissed as the waiver of sovereign immunity does not apply to intentional torts. As a result, Defendants, City

of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez, individually and in their official capacities are entitled to have all of Plaintiffs' claims dismissed.

## IV.
## PRAYER

15.  WHEREFORE, PREMISES CONSIDERED, Defendants, City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez, individually and in their official capacities, prays that upon final trial and hearing hereof, that Defendants' Motion to Dismiss be granted, and that Plaintiffs take nothing by this suit, that Defendants be severed from the underlying cause, that Defendants recover all costs incurred herein, and that Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Signed on July 13, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Ryan Henry
State Bar No. 24007347
Fed ID. No. 22968

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, has been served on all counsel of record, via certified mail, return receipt requested, on July 13, 2001.

Mr. Albert Villegas
Law Office of Albert Villegas
1324 E. 7th Street
Brownsville, Texas 78520

Mr. Ruben Pena
Law Office of Ruben Pena
222 W. Harrison
Harlingen, Texas 78550

_____
Ryan Henry

## CERTIFICATE OF CONFERENCE

The Local Rules for the United States District Court for the Southern District of Texas do not require a conference for this motion.

_____
Ryan Henry

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND <br> JESUS SILVA SALAZAR <br><br> VS. <br><br> BASILIO GOMEZ, SR <br> CITY OF BROWNSVILLE, TEXAS <br> CARLOS ZAMORRANO, ARNOLD GALVAN <br> OSCAR LARA, ADRIAN MASCORRO, <br> REY LOPEZ, INDIVIDUALLY AND IN THEIR <br> OFFICIAL CAPACITY AS EMPLOYEES <br> FOR THE CITY OF BROWNSVILLE | § § § § § § § § § § § § § | CIVIL ACTION NO. B-01-105 |

**ORDER GRANTING DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

On this the _____ day of _____, 2001, came on for consideration Defendants', City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez Rule 12(b)(6) Motions to Dismiss. Having examined same and considered the arguments of counsel, this Court is of the opinion that said Motion should be **GRANTED**.

IT IS THEREFORE ORDERED that Defendants', City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez Rule 12(b)(6) Motions to Dismiss is GRANTED. It is further ORDERED that this action be and is **DISMISSED** with prejudice.

IT IS FURTHER ORDERED that dismissal shall become a final judgment with respect to these Defendants.

SIGNED on this _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE

xc:
Ryan Henry, WILLETTE & GUERRA, International Plaza, Ste. 460, 3505 Boca Chica Blvd., Brownsville, Texas 78521
Albert Villegas, Law Office of Albert Villegas, 1324 E. 7th Street, Brownsville, Texas 78520
Ruben Pena, Law Office of Ruben Pena, 222 E. Harrison, Harlingen, Texas 78550

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROSALINDA SALAZAR AND § <br> JESUS SILVA SALAZAR § <br> § <br> VS. § <br> § <br> BASILIO GOMEZ, SR § <br> CITY OF BROWNSVILLE, TEXAS § <br> CARLOS ZAMORRANO, ARNOLD GALVAN § <br> OSCAR LARA, ADRIAN MASCORRO, § <br> REY LOPEZ, INDIVIDUALLY AND IN THEIR § <br> OFFICIAL CAPACITY AS EMPLOYEES § <br> FOR THE CITY OF BROWNSVILLE § <br> § | CIVIL ACTION NO. B-01-105 |

**ORDER SETTING HEARING ON DEFENDANT CITY OF HARLINGEN'S RULE 12(b)(6) MOTION TO DISMISS**

On this the _____ day of _____ 2001, came on to be considered Defendants', City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez, Rule 12(b)(6) Motions to Dismiss. After considering same, the Court is of the opinion that a hearing should be held.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendants', City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez, individually and in their official capacities Rule 12(b)(6) Motions to Dismiss be and is hereby set for hearing on the _____ day of _____, 2001 at _____ o'clock in this Honorable Court.

SIGNED FOR ENTRY on this the _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE

xc:
Ryan Henry, WILLETTE & GUERRA, International Plaza, Ste. 460, 3505 Boca Chica Blvd., Brownsville, Texas 78521
Albert Villegas, Law Office of Albert Villegas, 1324 E. 7th Street, Brownsville, Texas 78520
Ruben Pena, Law Office of Ruben Pena, 222 E. Harrison, Harlingen, Texas 78550