IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 16 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Rosalinda Salazar and | § | |
| Jesus Silva Salazar, | § | |
| | § | |
| Plainitffs, | § | |
| | § | |
| v. | § | Civil Action No. B-01-105 |
| | § | |
| Basilo Gomez, Sr. | § | |
| City of Brownsville, Texas | § | |
| Carlos Zamorrano, Arnold Galvan | § | |
| Oscar Lara, Adrian Mascorro, | § | |
| Rey Lopez,Individually and in their | § | |
| own Capacity as Employees for the | § | |
| City of Brownsville, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM and ORDER

BE IT REMEMBERED that on November 15, 2001, the Court considered Defendants' Motion for Rule 7(a) Reply in Response to Defendants' Defense of Qualified Immunity [Dkt. No. 3], Defendants' 12(b)(6) Motion to Dismiss [Dkt. No. 4], and Defendants' Motion to Stay Discovery Pending Preliminary Resolution of the Issue of Qualified Immunity [Dkt. No. 5]. For the following reasons, the Court **GRANTS** the Motion for Rule 7(a) Reply in Response to Defendants' Defense of Qualified Immunity [Dkt. No. 3] and **GRANTS** the Motion to Stay Discovery Pending Preliminary Resolution of the Issue of Qualified Immunity [Dkt. No. 5].

I.   **Background**

Defendant Gomez owns a flea market behind Plaintiffs' property [Dkt. No. 1 at 2]. Defendant Gomez and Plaintiffs have been involved in an long-running dispute over an easement which has been used as an access road to the flea market. Id. Further, Plaintiffs have in the past made a number of complaints alleging city and health code

violations by the flea market. Id. at 3. Defendant Gomez is alleged to employ off-duty City of Brownsville Police officers, including Defendants Zamorrano, Lara, Galvan, Mascorro, and Lopez as security guards and traffic control personnel. Id.

The instant action arises from events that occurred on April 9, 2001. Id at 4. Plaintiffs allege that the flea market was open and that when Plaintiff Jesus Salazar left his property he advised Defendants Lara and Lopez, who were working for Defendant Gomez that day, that he would be returning soon. Id at 4-5. On his return, Plaintiff Jesus Salazar claims that Defendants Lara and Lopez entered his property, "yelling and conducting themselves in an abusive manner."[1] Id. at 5. Plaintiffs claim that Defendant Lara told Plaintiff Jesus Salazar he was under arrest. Id. Plaintiffs then claim that "Defendant Gomez' employees then began to harass and assault plaintiffs."[2] Id. Plaintiffs claim that the employees handcuffed Plaintiff Jesus Salazar, assaulted and "beat on Plaintiff with their hands, legs and billy clubs."[3] Id.

Plaintiffs claim that the assault continued when Defendants Zamorrano, Mascorro, and Galvan trespassed and proceeded to assault Plaintiff Jesus Salazar.[4] Id. at 6. Thereafter, both Plaintiffs were arrested.[5] Id. Plaintiffs state that all charges against Plaintiff Rosalinda Salazar were later dismissed and that Plaintiff Jesus Salazar plead no contest to one misdemeanor charge. Id.

Plaintiffs now bring three charges against Defendants. First, they allege that the Defendant off duty officers were acting as agents of Defendant Gomez and that

---

[1] The Plaintiffs are vague regarding the cause of this behavior [see Dkt. No. 1 at 4-5].

[2] Plaintiffs do not specify which employees.

[3] Plaintiffs do not appear to be alleging that any employee assaulted Plaintiff Rosalinda Salazar. They do state she was "in the area and was present during most if not all of the incident." Id. at 5.

[4] Plaintiffs also claim that the Defendants taunted Plaintiff Jesus Salazar, saying, "where is your lawyer now[?]" Id. at 6.

[5] Plaintiffs do not indicate who arrested them.

Defendant Gomez is vicariously liable for the intentional actions and or negligence of his employees for the claimed assault on Plaintiffs. In the alternative, Plaintiffs claim violations of the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States under Title 42 U.S.C. §§ 1983 and 1988.[6] Plaintiffs' second cause of action appears to claim that Defendants conspired to file criminal charges, make false statements, and to cast against Plaintiffs in a false light.[7] Id. at 7-8. Plaintiffs' third cause of action states several tort claims. Among others, Plaintiffs claim assault, battery, trespass, false imprisonment, false arrest, slander, and invasion of privacy were committed against them by Defendants. Id. at 8. Plaintiffs seek $5,000,000.00 in actual and compensatory damages and $1,000,000.00 in punitive damages. Id. at 9.

In response to Plaintiffs' claims, Defendants raise the defense of qualified immunity, arguing that Plaintiffs have failed to set forth how Defendants violated Plaintiffs' constitutional rights [Dkt. No. 3 at 1-2]. They request that the Court order Plaintiffs to file a response pursuant to Fed. R. Civ. P. 7(a) to set forth how Plaintiffs may maintain a cause of action against the individual Defendants which may overcome the defense of qualified immunity. Id. at 2. Defendants have also filed a 12(b)(6) Motion to Dismiss [Dkt. No. 4] and a Motion to Stay Discovery Pending Preliminary Resolution of the Issue of Qualified Immunity [Dkt. No. 5].

## II. Qualified Immunity

The Fifth Circuit has recently held that "[f]aced with sparse details of claimed wrongdoing by officials, trial courts ought routinely require plaintiffs to file a reply under Federal Rule of Procedure 7(a) to qualified immunity defenses." Reyes v. Sazan, 168,

---

[6] Specifically, they allege that each Defendant, "individually and in concert with others acted willfully knowingly and with specific intent to deprive Plaintiffs of their right to freedom from illegal searches and seizure of his person, papers and effects, and of his right to freedom from unlawful arrest, detention and imprisonment." Id. at 7.

[7] Plaintiffs do not specify which Defendants these claims are directed at, although presumably they mean the City. Further, they do not state whether they bring these claims under a statute or as tort claims.

F.3d 158, 161 (5th Cir. 1999); Schultea v. Wood, 47 F3d 1427, 1430 (5th Cir. 1995) (en banc). Where qualified immunity has been raised as a defense, the Court may, in its discretion, "insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity." Schultea, 47 F.3d at 1433-44. This reply "must be pleaded with 'factual detail and particularity,' not mere conclusory allegations." Jackson v. Widnall, 99 F.3d 710, 715-16 (5th Cir. 1996) (quoting Schultea, 47 F.3d at 1430).

In the instant case, Plaintiffs' statement of facts is sparse and many of the claims listed in each of the causes of actions are conclusory. If the Defendants were acting in their official capacity, Plaintiffs have not sufficiently supported their claim "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of [Defendants'] conduct at the time of the alleged acts." Schultea, 47 F.3d at 1433-44. The Court therefore

**GRANTS** Defendants' Motion for Rule 7(a) Reply in Response to Defendants' Defense of Qualified Immunity [Dkt. No. 3]. It is therefore

**ORDERS** that the Plaintiffs replead in conformity with this order within fifteen days from the date of this order. The Court also

**GRANTS** Defendants' Motion to Stay Discovery Pending Preliminary Resolution of the Issue of Qualified Immunity [Dkt. No. 5]. A decision on the Defendants' 12(b)(6) Motion to Dismiss [Dkt. No. 4] is reserved until after Plaintiffs have filed the Rule 7(a) reply.

DONE at Brownsville, Texas, this 15th day of November 2001.

Hilda G. Tagle
United States District Judge