# COPY



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**United States District Court**
**Southern District of Texas**
**FILED**

**NOV 16 2001**

**Michael N. Milby**
**Clerk of Court**

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| vs | § | C.A. NO. B01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ INDIVIDUALLY | § | |
| AND IN THEIR OFFICIAL CAPACITY | § | |
| AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S CITY MOTION FOR RULE 7(a) REPLY AND MOTION TO STAY DISCOVERY

Comes now Plaintiffs who file this their Response to Motion for Rule 7(a) reply and Motion to Stay Discovery and would respectfully show the Court as follows:

I

Plaintiffs Counsel had drafted a response to the Motions when the Order of November 15, 2001 was received. This Response was modified and revised and includes Plaintiffs arguments to the Motions and response to the Court Order.

II

While Plaintiffs are able to draft a more precise complaint as Ordered by this Court, they are unable to include to describe the various specific acts of misconduct against the specific individual defendant police officers, without some discovery. During the incident made the basis of this suit as many as ten police officers appeared at the property of the Plaintiffs. Initially it is believed the named defendants were all working for the Defendant Gomez at the time of the incident made the basis of this suit. When the incident began, Plaintiffs allege he was attacked and assaulted by the majority if not all of the six off duty officers and upon the on duty officers arriving, both Plaintiffs suffered additional physical damages at the hands of the on duty officers as well as the off duty officers. The exact identity of the officers who engaged in physical contact

is described in the Police Officers arrest reports that have not been produced. Copies of the reports were shown in the underlying criminal prosecution cases, but copies were not provided. Said reports were lengthy and not allowed to be copied verbatim upon review.

### III

Plaintiffs seek the opportunity to conduct discovery in the form of interrogatories, requests for production and depositions to gather the specific information and identity to respond to the Rule 7(a) reply. Without this information, the Plaintiffs' reply will allege the specific acts of physical assault but cannot specify with absolute certainty the specific defendants who were involved in the assault. The identity of the individual defendants was gathered during the discovery phase of the criminal case, but not the supporting documents Plaintiff would be entitled to in the discovery in this civil case, with the Court's approval.. Plaintiffs had already sent out discovery to the City and defendants prior to this date. However, Plaintiffs were advised by the City's Counsel that such discovery was in violation of the Federal Rules of Civil Procedure, so no responses were filed. Plaintiffs intends to propound this discovery immediately upon the Court allowing such to use in filing its responses as Ordered by this court.

### IV

Plaintiffs can and will specifically respond to the Qualified Immunity defenses but requests the Court to allow discovery. One main issue that Plaintiffs believe will assist the Court in its determination will be the status enjoyed by the individual defendants at the time of the assaults and arrests. Will the individual defendants claim they were city employees or Gomez employees while acting in the course and scope of their employment and will the facts support such contention. For liability and coverage purposes the claims of course and scope may differ from the reality. Plaintiffs believe the issue remains for the Court or a fact finder to determine at what time did these officers turn from off duty officers to on duty officers, protected by qualified immunity if so.

### V

The Court refers to Co Plaintiff Rosalinda Salazar in footnote 3. This plaintiff indeed claims she was physically assaulted prior to and during the arrest. She was threatened and told that her children would be taken away. It is correct that the Plaintiffs do not know who actually arrested them, because during the melee, off duty officers and on duty officers were at the scene

prior to the Plaintiffs being taken to jail.  Plaintiff Jesus Silva Salazar was taken away by ambulance after remaining on the parking lot for over thirty begging for medical attention which was refused.  To respond to this Court's request for more details, the reports and discovery responses will be needed.

      Wherefore Plaintiffs pray that the Court reconsider its court order staying discovery and allow limited discovery as requested to respond to the issues of qualified immunity.

Respectfully Submitted,

_____
VILLEGAS LAW FIRM
BY: ALBERT VILLEGAS
1324 EAST SEVENTH STREET
BROWNSVILLE, TEXAS 78520
TELEPHONE:  (956) 544-3352
TELECOPIER: (956) 544-7828
STATE BAR NO: 20585450
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent to counsel of record on this the 16th day of November, 2001 via regular mail and fax.

_____
ALBERT VILLEGAS