81

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 1 9 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND JESUS SILVA SALAZAR, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. B-01-105 |
| BASILO GOMEZ, SR., ET AL., | § § § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on February 15, 2002, the Court considered Defendant Gomez' Motion to Dismiss contained within his Original Answer [Dkt. No. 6], as well as Defendants' 12(b)(6) Motion to Dismiss [Dkt. No. 4].[1] Also before the Court are the Plaintiffs' First Amended Petition [Dkt. No. 23] and Unopposed Motion for Leave to File First Amended Complaint [Dkt. No. 24], Plaintiffs' Rule 7(A) Reply [Dkt. No. 25] and Unopposed Motion to Supplement Rule 7(a) Response (sic) [Dkt. No. 26]. The Court **GRANTS** the Motion for Leave to File [Dkt. No. 24] and Unopposed Motion to Supplement [Dkt. No. 26]. For the reasons that follow and after considering the relevant filings and motions, the Court **DENIES** Defendant Gomez' Motion to Dismiss contained within his Original Answer [Dkt. No. 6] and **GRANTS IN PART AND DENIES IN PART** Defendants' 12(b)(6) Motion to Dismiss [Dkt. No. 4].

I.  **Standard of Review**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a district court must accept all well-pleaded facts as true, and construe them in favor of the plaintiff. See Conley v. Gibson, 335 U.S. 41, 45-

---

[1] The Defendants bringing this motion are the City of Brownsville, as well as police officers Carlos Zamorrano, Arnold Galvan, Adrian Mascorro, and Rey Lopez.

46 (1957); Petta v. Rivera, 143 F.3d 895, 897 (5th Cir. 1998); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). The plaintiff is only required to plead sufficient information to outline the elements of his or her cause of action or to permit reasonable inferences to be drawn that these elements exist. See General Star Indemnity Co. v. Vesta Fire Ins. Corp., 173 F.3d 946, 950 (5th Cir. 1999); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994). See also 5 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1216 (2d ed. 1990). In other words, the complaint must simply provide the opposing party with fair notice of the plaintiff's claim and the grounds upon which it is based. See Conley, 355 U.S. at 47. The Supreme Court has stated, and the Fifth Circuit has repeatedly cited "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Walker v. South Central Bell Telephone Co., 904 F.2d 275, 276 (5th Cir. 1990) (citing Conley, 355 U.S. at 45-46.). See also Davis v. Monroe County Bd. of Education, 526 U.S. 629 (1999); Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000); Tuchman, 14 F.3d at 1067; Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 926 (5th Cir. 1988). Ambiguities or doubts regarding the sufficiency of the claim must be resolved in favor of the plaintiff in order "to do substantial justice." Fed R. Civ. P. 8(f). See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

While the law disfavors motions to dismiss for failure to state a claim, there are of course situations in which a complaint should and must be dismissed. See Mahone, 836 F.2d at 926; Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986). The Court cannot allow a complaint to survive if it only states legal conclusions, or is devoid of any factual allegations. See Fernandez-Montes, 987 F.2d at 284; Walker, 904 F.2d at 277. In addition, if the face of the complaint demonstrates that the plaintiff's claim is barred by an affirmative defense, or if no reasonable inference can be made on an element, the plaintiff cannot proceed. See Blackburn v. City of Marshall, Tex., 42 F.3d 925, 931 (5th Cir. 1995).

II.  **Analysis**

Defendant Gomez' Motion to Dismiss contained within his Original Answer [Dkt. No. 6] alleges only that the Plaintiffs have failed to plead the jurisdictional basis on which the Court may exercise its jurisdiction [Dkt. No. 6 at 1-2]. This motion fails as the Plaintiffs, in both their Original Complaint [Dkt. No. 1] as well as their Amended Petition [Dkt. No. 23], allege violations of the Fourth and Fourteenth Amendments and 42 U.S.C. §§ 1983 and 1988. Plaintiffs allege that they were arrested without probable cause and were subjected to unreasonable force both before and after their arrest in violation of their Fourth Amendment rights. They specifically allege that individual police officers beat and assaulted Plaintiff Jesus Silva Salazar after he surrendered. [See Dkt. No. 25 at 5; see also Dkt. No. 23 at 6-7]. They also allege that these assaults were in retaliation for previous lawsuits that had been filed by Plaintiffs involving some of these police officers. [See Dkt. No. 25 at 5; see also Dkt. No. 23 at 4-5]. The Court finds the claims set forth in the complaint sufficient to satisfy the requirements of federal question jurisdiction and therefore **DENIES** Gomez' Motion to Dismiss [Dkt. No. 6].

The Court next turns to the Defendants' 12(b)(6) Motion to Dismiss [Dkt. No. 4] brought by the City of Brownsville and the individual police officers. Police officers acting within the scope of their official duties are shielded from claims of civil liability, including § 1983 claims, by qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 815-19 (1982). Qualified immunity may also apply to off-duty police officers who are employed as security guards where they are acting within the scope of their official duties. See Morris v. Dillard Dept. Stores, Inc., 2001 WL 1650937, *7 (5th Cir. 2001). The Fifth Circuit applies a two-step analysis to determine whether an officer is entitled to qualified immunity from federal suit. Id. First, the court must determine whether a plaintiff has alleged a violation of a clearly established constitutional right, and second, whether the officer's conduct was "objectively reasonable in light of clearly established law at the time of the alleged violation." Id. (quoting Chiu v. Plano Indep. Sch. Dist., 260 F.3d 330, 343 (5th Cir. 2001) (internal quotations and citations omitted). The Fifth Circuit divides the first prong into three determinations: 1) whether the plaintiff alleges a deprivation of a constitutional right; 2) whether the right was clearly established at the

time of the alleged violation; and 3) whether the defendant actually violated that right. Id.

Resolving all ambiguities in favor of Plaintiffs, specific facts have been alleged which, taken as true would entitle Plaintiffs to relief. Walker, 904 F.2d at 276. At this stage of the proceeding, and on the basis of the limited record, the Court therefore cannot extend the protection of qualified immunity to these officers and the Defendants' 12(b)(6) Motion to Dismiss [Dkt. No. 4] on these claims is therefore **DENIED**. The Court will permit discovery to proceed, but notes that the issue of qualified immunity may be considered again after the completion of discovery and upon the filing of any motions for summary judgment. See Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995).

A review of Plaintiffs' Amended Petition reveals that any intentional tort allegations against the City of Brownsville are not waived by the Texas Tort Claims Act (TTCA).[2] This claim is absolutely barred by sovereign immunity. See City of San Antonio v. Dunn, 796 S.W.2d 258, 261 (Tex.App.--San Antonio 1990, writ denied) (holding that no waiver of municipal liability existed under the TTCA where the plaintiff's claims arose out of allegations of intentional torts, including false arrest and excessive force). Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss the City of Brownsville from any state law claims.

Regarding Plaintiff Jesus Silva Salazar's claim for false arrest, he admitted that he plead no contest to a misdemeanor assault charge arising out of this incident.[3] [See Dkt. No. 1 at ¶ 15]. He now seeks to challenge his criminal conviction in this civil matter. In this regard, the United States Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

---

[2] The limited waiver of sovereign immunity granted by the TTCA does not apply to a claim, "[a]rising out of assault, battery, false imprisonment, or any other intentional tort . . . . TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (Vernon 1996).

[3] A plea of no contest has the same effect as a plea of guilty and results in a conviction. TEX. CODE OF CRIM. PROC. ANN. ART. 27.02 (Vernon 1999).

-5-

> expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000). Plaintiff Jesus Silva Salazar does not claim that the conviction has been invalidated; the Court therefore **GRANTS** Defendants' Motion to Dismiss Plaintiffs' claim for false arrest against all Defendants.

Plaintiffs also claim that Defendants violated their Sixth Amendment rights. The Sixth Amendment protects a person's right to counsel, the right to an impartial jury, and the right to be informed of the charges against them. Plaintiffs have failed to allege any acts which would have violated their Sixth Amendment rights; Defendants' Motion to Dismiss the Sixth Amendment claims is therefore **GRANTED**.

Plaintiffs also allege that Defendants failed to properly investigate any criminal complaints made by the Plaintiffs and also failed to enforce a number of a number of civil complaints. There is no constitutional right to governmental aid, even where such aid may be necessary to secure, life, liberty, or property interests. Deshaney v. Winnebago County Dep't of Social Servs, 489 U.S. 189, 196-97 (1989). Here, Plaintiffs have not shown any special circumstances that would create a special relationship between Plaintiffs and Defendants. See Id. at 198. Therefore Defendants' Motion to Dismiss all claims for failure to enforce is **GRANTED**.

III. **Conclusion**

In Summary, the Court

**GRANTED** Plaintiffs' Unopposed Motion for Leave to File First Amended Complaint [Dkt. No. 24];

**GRANTED** Plaintiffs' Unopposed Motion to Supplement Rule 7(a) Response [Dkt. No. 26];

**DENIED** Defendant Gomez' Motion to Dismiss contained within his Original Answer [Dkt. No. 6]; and

**GRANTED IN PART AND DENIED IN PART** Defendants' 12(b)(6) Motion to Dismiss [Dkt. No. 4].

DONE at Brownsville, Texas, this 15th day of February, 2002.

Hilda G. Tagle

United States District Judge

-6-

III. **Conclusion**

In Summary, the Court

**GRANTED** Plaintiffs' Unopposed Motion for Leave to File First Amended Complaint [Dkt. No. 24];

**GRANTED** Plaintiffs' Unopposed Motion to Supplement Rule 7(a) Response [Dkt. No. 26];

**DENIED** Defendant Gomez' Motion to Dismiss contained within his Original Answer [Dkt. No. 6]; and

**GRANTED IN PART AND DENIED IN PART** Defendants' 12(b)(6) Motion to Dismiss [Dkt. No. 4].

DONE at Brownsville, Texas, this 15th day of February, 2002.

*[signature]*

Hilda G. Tagle

United States District Judge