IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION




United States District Court
Southern District of Texas
FILED

MAR 1 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| vs. | § | C.A. NO. B-01-105 |
| | § | |
| BASILIO GOMEZ, SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS | § | |
| ZAMORRANO, ARNOLD GALVAN, | § | |
| OSCAR LARA, ADRIAN MASCORRO, | § | |
| AND REY LOPEZ, INDIVIDUALLY, | § | |
| AND IN THEIR OFFICIAL CAPACITY | § | |
| AS EMPLOYEES FOR CITY OF | § | |
| BROWNSVILLE | § | |

### DEFENDANT BASILIO GOMEZ, SR.'S ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW, BASILIO GOMEZ, SR., Defendant herein, and files this his First Amended Answer to the Plaintiffs' First Amended Complaint filed herein, and would show unto the Court as follows:

### I.

### ANSWER

1. This Defendant denies all of Plaintiff's allegation except to the extent expressly admitted herein.

2. This Defendant admits to the allegations set forth in Paragraphs 1 through 8, contained in Section I "Parties", of Plaintiff's First Amended Complaint.

3. This Defendant admits that he is the owner of a flea market adjacent to Plaintiffs' property, that he has certain easement rights, that such easements have been utilized

      over the years, that the Gomez Flea Market is open to the public, and that off-duty police officers have been hired as independent contractors from time to time to serve as security guards and perform traffic control duties. As to the balance of the factual allegations set out in Paragraph 9 of Plaintiffs' First Amended Complaint, this Defendant denies same.

4.   This Defendant denies the allegations set out in Paragraphs 10 through 14 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

5.   This Defendant can neither admit nor deny the allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint, and demands strict proof thereof.

6.   This Defendant denies the allegations set out in Paragraphs 16 through 19 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

7.   As to the allegations contained in the "Second Cause of Action" as alleged by Plaintiffs in Paragraphs 20 through 22 of Plaintiffs' First Amended Complaint, this Defendant denies each and every, all and singular, the allegations contained therein and demands strict proof thereof. This Defendant specifically denies that the allegations of conspiracy.

8.   This Defendant admits that Defendants Zamorrano, Lara, Mascorro, Galvan, and Lopez were employed as law enforcement personnel for the City of Brownsville. This Defendant otherwise denies the allegations set forth in Paragraph 23 of Plaintiffs' First Amended Complaint.

9. As to the allegations contained in Paragraphs 24 through 26 of Plaintiffs' Third Cause of Action in Plaintiffs' First Amended Complaint, this Defendant denies the allegations of assault and battery, trespass, false imprisonment, false arrest, slander, invasion of privacy, and all other allegations of liability and damages alleged therein, and demands strict proof thereof.

10. This Defendant denies the allegations in Paragraph 27 of Plaintiffs' First Amended Complaint.

## II.

## AFFIRMATIVE DEFENSES

11. By way of affirmative defense, this Defendant would show that Plaintiffs' causes of action for libel, slander, or defamation in Plaintiffs' First Amended Complaint are precluded by virtue of the applicable statute of limitations. Under Texas Civil Practice and Remedies Code §16.002, the statute of limitations as to these above mentioned causes of action has run prior to the filing of Plaintiffs' Original Petition.

12. By way of affirmative defense, this Defendant would therefore invoke the doctrine of comparative responsibility for any loss or damages allegedly sustained by Plaintiffs at the time, place, and occasion mentioned in Plaintiffs' First Amended Complaint that were caused, in whole or in part, or were contributed to, by the negligence, want of care, or intentional conduct of Plaintiffs, and not by any negligence or fault or want of care on the part of this Defendant.

13. By way of affirmative defense, this Defendant would show that he is not liable because Defendants Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian

Mascorro, and Rey Lopez were acting in their official capacity as police officers employed by the City of Brownsville at all times relevant to the allegations of Plaintiff giving rise to this cause and are entitled to sovereign immunity and governmental immunity from both liability and suit.

14. By way of affirmative defense, this Defendant would show he is not liable to Plaintiff because Defendants Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez were acting in their official capacity as police officers employed by the City of Brownsville at all times relevant to the allegations of Plaintiff giving rise to this cause and are privileged under the Texas Code of Criminal Procedure. Including but not limited to Articles 2.13, 6.05, 6.06, 14.01, 14.03, and 14.05.

15. By way of affirmative defense, this Defendant would show that to the extent punitive damages are sought under 42 U.S.C. §1983, those claims for punitive damages are barred. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2448, 69 L.Ed.2d 616 (1981).

16. By way of affirmative defense, this Defendant would show that Plaintiffs are not entitled to attorneys' fees because Plaintiffs are not the prevailing party in this cause of action; and in antithesis, this Defendant is entitled to his attorneys' fees under 42 U.S.C. §1988.

WHEREFORE, premises considered, BASILIO GOMEZ, SR, Defendant herein, prays that Plaintiffs be denied recovery sought; that this Defendant recover all costs incurred herein; and for such other and further relief, both at law and in equity, to which he may be justly entitled.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By: _____
Dennis Sanchez
State Bar No. 17569600
Federal Bar No. 1594
C. Frank Wood
State Bar No. 24028136
Federal Bar No. 29870

ATTORNEYS FOR DEFENDANT
BASILIO GOMEZ, SR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing DEFENDANT BASILIO GOMEZ, SR.'S ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, has, on this _14_ day of March, 2002, been served on all counsel of record, via certified mail, return receipt requested, as follows:

Mr. Albert Villegas
ATTORNEY AT LAW
1324 East 7th Street
Brownsville, Texas 78520
*Attorney for Plaintiffs*

Mr. Ruben Pena
ATTORNEY AT LAW
222 W. Harrison Street
Harlingen, Texas 78550
*Attorney for Plaintiffs*

Mr. Ryan Henry
Mr. Seth Moore
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
*Attorneys for Defendants,*
*City of Brownsville, Carlos Zamorrano,*
*Arnold Galvan, Oscar Lara, Adrian*
*Mascorro, and Rey Lopez*

_____
Dennis Sanchez