45

J:\rwe\41300005\motions-orders\msj.table.of contents.doc

United States District Court
Southern District of Texas
FILED

JAN 3 0 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| VS. | § | C.A. NO. B 01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITY AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

---

## DEFENDANT, BASILIO GOMEZ, SR.'S MOTION FOR SUMMARY JUDGMENT
## TABLE OF CONTENTS

---

I.     Statement of the Nature and Stage of the Proceeding.................................1

II.    Summary Judgment Evidence...........................................................2

III.   Statement of Issues to Be Ruled Upon By the Court..................................2

       (A)    Summary Judgment Standard.................................................2

       (B)    Issues Before the Court.....................................................3

IV.    Summary of Argument.................................................................3

V.     Argument.............................................................................4

       (A)    Summary judgment evidence negates existence of a material element
              of each of plaintiffs' claims.................................................4

              (1)    No agency relationship exists between Defendant Gomez and
                     Officers..............................................................4

                     (a)    The nature of Defendant Gomez' work was
                            different than that of Officers..................................5

                     (b)    Officers furnished their own materials and supplies
                            to perform job................................................6

                     (c)    Defendant Gomez had no right to control security or
                            traffic direction performed by Officers..........................6

                            (i)    No contractual agreement explicitly assigns
                                   the right to control to Defendant Gomez..................7

                            (ii)   Defendant Gomez did not actually exercise
                                   control over the job....................................7

                                   (aa)    Defendant Gomez did not control
                                           the means and details of the work............8

                                   (bb)    Defendant Gomez had no right to

control and did not actually exercise control over the activity that caused Plaintiffs' alleged injuries..............9

1.   Defendant Gomez had no right to control and did not actually exercise control over the activity that caused Plaintiff Jesus' alleged injuries................................  9

2.   Defendant Gomez had no right to control and did not actually exercise control over the activity that caused Plaintiff Rosalinda's alleged injuries........................  11

(d)   Defendants worked for Defendant Gomez for a relatively short period of time....................................12

(e)   Defendant Gomez did not withhold income or social security taxes from the checks of Officers..............12

(2)   Even if Officers were agents or employees of Defendant Gomez, Officers did not commit a tort...........................................  13

(3)   Even if a tort was committed, it was not committed within the scope of Officers employment, but in their official capacity as peace officers.................................................  13

(B)   There is no evidence to support an element of each of Plaintiffs' claims...  16

(1)   Vicarious Liability (Respondeat Superior)..............................  16

(2)   Negligence..................................................................  16

(3)   Assault.....................................................................  17

(4)   Exemplary Damages....................................................  17

VI.   Conclusion..................................................................  19

J:\rwe\41300005\motions-orders\msj.table.of.authorities.doc

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| VS. | § | C.A. NO. B 01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITY AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

---

## DEFENDANT, BASILIO GOMEZ, SR.'S MOTION FOR SUMMARY JUDGMENT
### TABLE OF CITATIONS

---

### Cases

*Anchor Cas. Co. v. Hartsfield*, 390 S.W.2d 469, 471 (Tex. 1965) ................................................. 6

*Baptist Mem. Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998)........................................ 3, 4

*Bennack Flying Serv., Inc. v. Balboa*, 997 S.W.2d 748, 751 (Tex.App.—Corpus Christi 1999, pet dism'd) ................................................................................................................................... 7

*Blackwell v. Harris*, 909 S.W.2d 135, 139 (Tex.App.—Houston [14th Dist.] 1995, writ denied). ................................................................................................................................... 13, 14

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986). ............................................................ 3, 16

*City of Dallas v. Half Price Books, Records, Mags., Inc.*, 883 S.W.2d 374, 377 (Tex.App.— Dallas 1994, no writ)....................................................................................................... 13, 14

*Coastal Marine Serv. of Tex., Inc. v. Lawrence*, 988 S.W.2d 223, 226 (Tex. 1999). ................. 7, 9

*DeWitt v. Harris Cty.*, 904 S.W.2d 650, 654 (Tex. 1995)............................................................... 3

*Dougherty v. Gifford*, 826 S.W.2d 668, 679 (Tex.App.—Texarkana 1992, no writ).................... 5

*Elliott-Williams, Co. v. Diaz*, 9 S.W.3d 801, 804 (Tex. 1999) .................................................. 8, 9

*Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993)............................................................ 6, 9

*GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 617-18 (Tex. 1999). ......................................... 13

*Hoechst Celanese Corp. v. Compton*, 899 S.W.2d 215 (Tex.App.—Houston [14th Dist.] 1994, writ denied). ...........................................................................................................................passim

*Mansfield v. C.F. Bent Tree Apt. Ltd., Prtshp.*, 37 S.W.3d 145, 150 (Tex.App.—Austin 2001, no pet.)......................................................................................................................... 3, 13, 14

*Monroe v. State*, 465 S.W.2d 757, 759 (Tex. Crim. App. 1971) ................................................ 14

*Moore v. State*, 562 S.W.2d 484, 486 (Tex. Crim. App. 1978). ................................................. 14

*Newspapers, Inc. v. Love*, 380 S.W.2d 582, 591-92 (Tex. 1964) ................................................ 6

*Pitchfork Land and Cattle Co. v. King*, 346 S.W.2d 598, 603 (Tex. 1961)............................. 5, 12

*Simms v. State*, 319 S.W.2d 717, 719 (Tex. Crim. App. 1958)................................................... 14
*Thompson v. Travelers Indem., Co.*, 789 S.W.2d 277, 278 (Tex. 1990)................................... 7, 8
*Weidner v. Sanchez*, 14 S.W.3d 353, 373 (Tex.App.—Houston [14th Dist.] 2000, no pet.).......... 6
*Wood v. State*, 486 S.W.2d 771, 774 (Tex. Crim. App. 1972)...................................................... 14

**Statutes**
TEX CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(21) (Vernon Supp. 2003)............................ 9
TEX. CODE CRIM. PROC. ANN. art. 2.12(3) (Vernon Supp. 2003)................................................ 10
TEX. CODE. CRIM. PROC. ANN. art. 2.13 (Vernon Supp. 2003) .................................................. 14
TEX. PENAL CODE ANN. § 38.03 (Vernon 1994)........................................................................ 15
TEX. TRANSP. CODE ANN. § 542.501 (Vernon Supp. 2003) ........................................................ 10
TEX. TRANSP. CODE ANN. §§ 311.001, 541.002, 542.202 (Vernon 1999 & Supp. 2003) ............ 10

J:\rwe\41300005\motions-orders\msj.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| VS. | § | C.A. NO. B 01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITY AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

---

## DEFENDANT, BASILIO GOMEZ, SR.'S MOTION FOR SUMMARY JUDGMENT

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Basilio Gomez, Sr. ("Defendant Gomez"), by and through its attorneys, and submits this his Motion for Summary Judgment, and, in support thereof, would respectfully show this Court the following:

### I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Brownsville Police Department Officers Oscar Lara ("Officer Lara"), Rey Lopez ("Officer Lopez"), Carlos Zamorrano ("Officer Zamorrano"), Adrian Mascorro ("Officer Mascorro") and Arnold Galvan ("Officer Galvan") (collectively referred to as "Officers") worked for Defendant Gomez as off-duty police officers to provide security and traffic control at 77 Flea Market in Brownsville, Texas. *See* Affidavit of Defendant Gomez, page 1, paragraph 3 **(Exhibit A)**. Plaintiff Jesus Silva Salazar ("Plaintiff Jesus") and Plaintiff Rosalinda Silva Salazar ("Plaintiff Rosalinda") (collectively referred to as "Plaintiffs") are alleging Defendant

Gomez is vicariously liable for the acts of Officers on April 9, 2000 in effectuating the arrest of

Plaintiffs. *See* Pls.' First Am. Orig. Complaint. Defendant files this his Motion for Summary

Judgment.

## II. SUMMARY JUDGMENT EVIDENCE

In support of his motion, Defendant Gomez has attached the following documents as

exhibits:

Affidavit of Basilio Gomez, Sr., which is attached hereto and incorporated herein
as Exhibit A;

Oral Deposition of Oscar Lara; which is attached hereto and incorporated herein
as Exhibit B;

Oral Deposition of Reynaldo Lopez, Jr., which is attached hereto and incorporated
herein as Exhibit C;

Oral Deposition of Adrian Mascorro, which is attached hereto and incorporated
herein as Exhibit D;

Oral Deposition of Carlos Zamorrano, which is attached hereto and incorporated
herein as Exhibit E;

Oral Deposition of Jesus Silva Salazar, which is attached hereto and incorporated
herein as Exhibit F;

Oral Deposition of Rosalinda Silva Salazar, which is attached hereto and
incorporated herein as Exhibit G; and

Oral Deposition of Arnold Galvan, which is attached hereto and incorporated
herein as Exhibit H.

The attached and above described evidence is incorporated herein by reference as if fully set

forth and for all purposes.

## III. STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

(A)    SUMMARY JUDGMENT STANDARD

Summary judgment is proper in any case where there is no genuine issue of material fact.

FED. R. CIV. PROC. 56. A defendant who seeks summary judgment on a plaintiff's cause of

action must demonstrate the absence of a genuine issue of material fact by either submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or showing there is no evidence to support an essential element of plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986).

(B)    ISSUES BEFORE THE COURT

Under the doctrine of respondeat superior, an employer is vicariously liable for the negligence of an agent or employee acting within the scope of his or her agency or employment. *Baptist Mem. Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). To establish liability under respondeat superior, the plaintiff must prove (1) the existence of an agency relationship between the person alleged to be an agent or employee (the "worker") and the person alleged to be the principal or employer (the "defendant"); (2) the worker committed a tort; and (3) the tort was committed within the scope of the worker's authority. *DeWitt v. Harris Cty.*, 904 S.W.2d 650, 654 (Tex. 1995); *Mansfield v. C.F. Bent Tree Apt. Ltd., Prtshp.*, 37 S.W.3d 145, 149 (Tex.App.—Austin 2001, no pet.). In the instant case, Defendant Gomez has submitted summary judgment evidence negating the existence of a material element of each of Plaintiffs' claims and also asserts that there is no evidence to support an essential element of each of Plaintiffs' claims.

**IV. SUMMARY OF ARGUMENT**

Summary judgment evidence negates existence of a material element of each of Plaintiffs' claims, and summary judgment should be granted in this case because (1) no agency relationship exists between Defendant Gomez and Officers; (2) even if Officers were agents or employees of Defendant Gomez, Officers did not commit a tort; and (3) even if a tort was committed, it was not committed within the scope of Officers employment, but in their official capacity as peace officers. Additionally, there is no evidence to support an essential element of

- 3 -

each of Plaintiffs' claims, and summary judgment should be granted in this case as to (1) vicarious liability; (2) negligence; (3) assault; and (4) exemplary damages.

## V. ARGUMENT

### (A) SUMMARY JUDGMENT EVIDENCE NEGATES EXISTENCE OF A MATERIAL ELEMENT OF EACH OF PLAINTIFFS' CLAIMS.

Summary judgment should be granted in this case because (1) no agency relationship exists between Defendant Gomez and Officers; (2) even if Defendants were agents or employees of Defendant Gomez, Defendants did not commit a tort; and (3) even if a tort was committed, it was not committed within the scope of Officers employment, but in their official capacity as peace officers.

### (1)    No agency relationship exists between Defendant Gomez and Officers.

To establish liability under respondeat superior, the plaintiff must prove there was an agency relationship between the worker and the defendant. *Baptist Mem.*, 969 S.W.2d at 947. The most frequently proffered justification for imposing such liability is that the principal or employer has the right to control the means and methods of the agent or employee's work. *Id.* Because an independent contractor has sole control over the means and methods of the work to be accomplished, however, the individual or entity that hires the independent contractor is generally not vicariously liable for the tort or negligence of that person. *Id.* The standard tests for determining whether one is acting in the capacity of an independent contractor measure the amount of control that the defendant exerts or has a right to exert over the details of the work. *Hoechst Celanese Corp. v. Compton*, 899 S.W.2d 215, 220 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

The court generally analyzes five factors in determining the amount of control retained by the employer: (a) the independent nature of the of the worker's business; (b) his or her obligation

- 4 -

to furnish the necessary tools, supplies, and materials to perform the job; (c) his or her right to control the progress of the work except as to the final results; (d) the time for which he or she is employed; and (e) whether he or she is paid by the time or by job. *Id.* After examining all of these factors, the trial court should only submit the issue to the jury if it finds that there is conflicting evidence as to the status of the worker; however, if the facts are not disputed, and the evidence is reasonably susceptible of only one inference, the question of whether the worker is an independent contractor or an employee is a question of law for the court. Because the facts are not disputed and the evidence is reasonably susceptible of only one inference, as a matter of law, the Court should find that Officers were independent contractors for Defendant Gomez.

> (a)    The nature of Defendant Gomez' work was different than that of Officers.

The nature of the worker's work can be a factor in establishing an agency relationship. *Pitchfork Land and Cattle Co. v. King*, 346 S.W.2d 598, 603 (Tex. 1961). If the worker performed work for the defendant that was the same type as performed by the defendant, a principal-agency relationship may be established. *Dougherty v. Gifford*, 826 S.W.2d 668, 679 (Tex.App.—Texarkana 1992, no writ) ("The independence element goes to the nature of the work, not the nature of the entities."). By comparison, an independent contractor often performs a different type of work than the principal. *Pitchfork*, 346 S.W.2d at 602-03; *Hoechst*, 899 S.W.2d at 220-21. In that regard, traffic control is by its nature an independent business. *Hoechst*, 899 S.W.2d at 221.

Defendant Gomez works operating 77 Flea Market whereas Officers worked as independent contractors providing security and traffic control. *See* Affidavit of Defendant Gomez, page 1, paragraph 3 **(Exhibit A)**; Deposition of Officer Lara, page 9: lines 4—11 ("[H]e's (Mariano Gonzalez) the one that basically... gets the officers to work security there.") **(Exhibit B)**; Deposition of Officer Lopez, page 15: lines 23—25 ("[H]e hires us as security, but

within that we do the duties of a police officer."), page 23: lines 12—14 ("Q. [Y]ou are directing traffic at times, correct? A. That's correct.") **(Exhibit C)**; Deposition of Officer Mascorro, page 34: lines 6—13 ("Q. [O]ne of your main duties was traffic control? A. Yes...") **(Exhibit D)**. Operating a flea market is clearly not of the same nature as providing security and traffic control. Accordingly, the nature of Defendant Gomez' work was different than that of Officers.

      (b)    <u>Officers furnished their own materials and supplies to perform job.</u>

Evidence that the defendant furnished the tools and supplies to the worker indicates a principal-agent relationship, while evidence that the worker furnished his or her own tools and supplies suggests an independent contractor relationship. *See, e.g. Hoescht*, 899 S.W.2d at 221 (officers hired by chemical plant to direct traffic were considered independent contractors because they supplied their own equipment except for warning cones). In this case, Officers furnished their Brownsville Police Department uniforms and radios to perform the job. *See* Deposition of Officer Mascorro, page 23: lines 13—18 ("A. It's the exact same uniform I wear as if I was on duty. Q. And part of the requirement for working for Gomez is that you wear your uniform, right? A. Yes, sir.") **(Exhibit D)**. This suggests an independent contractor relationship.

      (c)    <u>Defendant Gomez had no right to control security or traffic direction performed by Officers.</u>

Proof of agency relationship typically hinges on whether defendant had the right to control the details of the worker's work. *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993); *Anchor Cas. Co. v. Hartsfield*, 390 S.W.2d 469, 471 (Tex. 1965); *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 591-92 (Tex. 1964). In fact, the defendant's right to control the worker's work is the most important factor in establishing an agency relationship. *Weidner v. Sanchez*, 14 S.W.3d 353, 373 (Tex.App.—Houston [14th Dist.] 2000, no pet.) ("The right to control the details of a person's work determines whether an employment or independent contractor

relationship exists."); *Bennack Flying Serv., Inc. v. Balboa*, 997 S.W.2d 748, 751 (Tex.App.—Corpus Christi 1999, pet dism'd) ("Although many factors, such as benefits, or training, or paycheck deductions for social security and taxes, may contribute to the determination of whether a person is an employee or an independent contractor, the fundamental factor is the right of control.")

To establish an agency relationship, the defendant must have had the right to control not merely the end sought to be accomplished, but the means and details of its accomplishment. *Thompson v. Travelers Indem., Co.*, 789 S.W.2d 277, 278 (Tex. 1990). A party can prove a right to control in two ways, namely (i) by evidence of a contractual agreement which explicitly assigns the defendant a right to control; and (ii) in the absence of a contractual agreement, by evidence that the defendant actually exercised control over the job. *Coastal Marine Serv. of Tex., Inc. v. Lawrence*, 988 S.W.2d 223, 226 (Tex. 1999).

### (i)    No contractual agreement explicitly assigns the right to control to Defendant Gomez.

A party can prove a right to control by evidence of a contractual agreement which explicitly assigns the defendant a right to control. *Id.* However, there is no evidence that there was a contractual agreement that explicitly assigned the right to control to Defendant Gomez.

### (ii)    Defendant Gomez did not actually exercise control over the job.

A party can prove a right to control by evidence that the defendant actually exercised control over the job. *Id.* In that regard, a possibility of control is not evidence of a "right to control" actually retained or exercised. *Id.* In this case, Defendant Gomez did not actually retain or exercise the right to control as (aa) Defendant Gomez did not control the means and details of the work; and (bb) Defendant Gomez had no right to control the specific activity that caused the plaintiff injury.

### (aa)    *Defendant Gomez did not control the means and details of the work.*

The type of control necessary to establish a principal-agent relationship is the right to control both the end sought to be accomplished and the methods and details of its accomplishment. *Thompson*, 789 S.W.2d at 278. It is not enough that the defendant had a general right to order work stopped or resumed, to inspect progress or receive reports, to make suggestions or recommendations that did not have to be followed, or to prescribe alterations or deviations. *Elliott-Williams, Co., Inc. v. Diaz*, 9 S.W.3d 801, 804 (Tex. 1999). There must be a such a retention of a right of supervision that the contractor is not entirely free to do the work in his or her own way. *Id.*

In this case, the evidence merely shows that Officers were told when to be at 77 Flea Market, to direct traffic, to act as security, and to wear their police uniforms. *See* Deposition of Officer Lopez, page 32: lines 2—7 ("Q. ...[Y]ou show up at 9:00 because that's the time that they told you..., correct? A. Correct.") **(Exhibit C)**; Deposition of Officer Mascorro, page 23: lines 13—18 ("Q. And part of the requirement for working for Gomez is that you wear your uniform, right?  A. Yes, sir.") **(Exhibit D)**; Deposition of Officer Zamorrano, page 22: lines 15—23 ("[W]e were given a schedule or a time, hours that we're supposed to work, but there wasn't any punishment or any circumstances or consequences to face if you didn't show up other than you wouldn't get paid.") **(Exhibit E)**.  However, as the court notes in *Hoechst*:

> There was absolutely no evidence submitted by Compton to show that Celanese exercised any control over the officers regarding the details of traffic control. The evidence shows that the only control exercised by Celanese over the officers was to instruct them as to when and where they were to direct traffic and to ask them to wear their police uniforms.

899 S.W.2d at 220.  Like *Hoechst*, there is absolutely no evidence that Defendant Gomez exercised control over the officers regarding the details of the security or traffic control. Instead,

Officers would work the areas that needed their attention and would decide amongst themselves where and when to direct traffic as evidenced by the following exchange:

> Q. Okay. Now your instructions as to the location that you were supposed to work, was that given to you by Mariano Gonzalez every time you worked?
>
> A. We would work the areas that would need – that we saw needed – that needed our attention.
>
> ...
>
> Q. How did you decide that I'm going to go to the easement and that the other guy is going to go to the Stillman Road exit and the other guy is going to ride the golf cart?
>
> A. We would decide upon ourselves right then and there.

*See* Deposition of Officer Lopez, page 31: line 25 through page 32: line 1, page 32: lines 11—16 **(Exhibit C)**. Accordingly, Defendant Gomez did not direct the means and details of the work.

### (bb) *Defendant Gomez had no right to control and did not actually exercise control over the activity that caused Plaintiffs'' alleged injuries.*

To create liability under the right to control, the defendant must have had the right to control or must have actually exercised control over the activity that caused plaintiff's injury. *Elliott-Williams*, 9 S.W.3d at 804; *Coastal Mar.*, 988 S.W.2d at 226; *Exxon Corp.*, 867 S.W.2d at 23 (court articulated issue as who had control over safety and security of premises, rather than who had general control over operations). Defendant Gomez had no right to control and did not actually exercise control over the activity that caused either Plaintiff Jesus or Plaintiff Rosalinda's alleged injuries.

### 1. *Defendant Gomez had no right to control and did not actually exercise control over the activity that caused Plaintiff Jesus' alleged injuries.*

Regulation of traffic is a governmental function. *See* TEX CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(21) (Vernon·Supp. 2003). (Governmental functions, include but are not limited to

- 9 -

"regulation of traffic."); *Hoechst*, 899 S.W.2d at 226-27.  Local governing authorities, including cities, have authority and control over their roads to regulate traffic on those roads.  *See* TEX. TRANSP. CODE ANN. §§ 311.001, 541.002, 542.202 (Vernon 1999 & Supp. 2003); *Hoechst*, 899 S.W.2d at 227.  Peace officers, which include city police officers, are employed by these local governing bodies and have the authority to direct traffic, whether or not such officers are **on or off-duty**.  TEX. CODE CRIM. PROC. ANN. art. 2.12(3) (Vernon Supp. 2003); TEX. TRANSP. CODE ANN. § 542.501 (Vernon Supp. 2003) ("A person may not willfully fail or refuse to comply with a lawful order or direction of...a police officer..."); *Hoechst*, 899 S.W.2d at 227 n.8 ("The fact that the officers in this case were off-duty is of no consequence... [O]ff duty officers are authorized to direct traffic...")  Since the regulation of traffic is a governmental function and Texas law gives the authority to regulate traffic direction to the state and local government, only governing authorities and their agents are entitled to regulate traffic on public roadways. *Hoechst*, 899 S.W.2d at 227.  Private entities have no authority to regulate or direct traffic on public roads. *Id.*

Officers Lara and Lopez were controlling and directing traffic on the day that Plaintiffs were arrested. *See* Deposition of Plaintiff Jesus, page 42: lines 14—16 ("Q. Were both officers controlling and directing traffic on the day that you were arrested? A. Yes.") **(Exhibit F)**. Defendant Gomez had no authority to regulate or direct traffic on the public road and could not have directed the activities of Officers Lara and Lopez in regulating or directing traffic.  Again, only governing authorities and their on duty or off-duty agents are entitled to regulate traffic on public roadways.

The undisputed testimony establishes that Officers Lara and Lopez approached Plaintiff Jesus after he did not obey the command of an off-duty police officer directing traffic, and consequently, the incident made the basis of this suit occurred. *See* Deposition of Plaintiff Jesus,

- 10 -

page 74: lines 23—25 ("Q. Why do you think he [Officer Lara] entered your property so angrily? A. Because I didn't obey him.") **(Exhibit F)**; Officer Lara, page 30: lines 3—15 ("He continued coming.  I continued telling him to stop, blew my whistle, had both hands up in the air instructing him to stop, and he disregarded.") **(Exhibit B)**; Officer Lopez, page 82: line 25 through page 83: lines 1—3 ("The officer is telling him with both his palms up to stop The vehicle does not stop") **(Exhibit C)**.  Likewise, there is no evidence that Defendant Gomez actually exercised control over the activity that caused Plaintiff Jesus' alleged injuries.  *See* Deposition of Plaintiff Jesus, page 141: lines 23—25 through page 142: line 1—3 ("Q. Sir, the peace officers when they were out there during the altercation never told you that Mr. Gomez had told them to be physical with you is that right... A. That's right.") **(Exhibit F)**; Deposition of Rosalinda Salazar, page 73: lines 18—23 ("Q.  You never saw Basilio Gomez, Sr. tell the police officers to arrest you or your husband? A. No. Did anyone tell you that Basilio Gomez, Sr. told the police officers to arrest you or your husband.  A. No.") **(Exhibit G)**.  Indeed, Defendant Gomez had no right to tell Officers Lara or Lopez how to regulate and/or direct traffic.

       2.     *Defendant Gomez had no to right control and did not actually exercise control over the activity that caused Plaintiff Rosalinda's alleged injuries.*

The evidence establishes that Plaintiff Rosalinda was not arrested by Officer Zamorrano until directed to do so by Sergeant Bennett, an on-duty Brownsville Police Department supervisor, who arrived on the scene and was not working for Defendant Gomez.  *See* Deposition of Officer Zamorrano, page 60: lines 4—6) ("Q. You didn't place her under arrest until Sergeant Bennett told you to arrest her, correct?  A. Correct.") **(Exhibit E)**.  Again, there is no evidence that Defendant Gomez actually exercised control over the activity that caused Plaintiff Jesus' alleged injuries. *See* Deposition of Rosalinda Salazar, page 73: lines 18—23 ("Q.

You never saw Basilio Gomez, Sr. tell the police officers to arrest you or your husband? A. No. Did anyone tell you that Basilio Gomez, Sr. told the police officers to arrest you or your husband. A. No.") **(Exhibit G)**. Indeed, Defendant Gomez had no right to interfere with the command of an on-duty Brownsville Police Department supervisor.

        (d)     <u>Defendants worked for Defendant Gomez for a relatively short period of time.</u>

The length of time the worker was employed can be a factor in establishing an agency relationship. *Pitchfork*, 346 S.W.2d at 603. While the Officers have worked as peace officers for a considerable length of time, the amount of time spent working for Gomez was small in comparison. *See* Deposition of Officer Lara, page 4: lines 11—13 (10 years as Brownsville Police Department Officer; second time working at 77 Flea Market when incident occurred.) **(Exhibit B)**; Deposition of Officer Lopez, page 6: lines 11-13, page 12: lines 17—21 (12 years as Brownsville Police Officer; first year working at 77 Flea Market when incident occurred) **(Exhibit C)**; Deposition of Adrian Mascorro; page 4: lines 14—17 (Almost 8 years as Brownsville Police Department Officer; one year working at 77 Flea Market.) **(Exhibit D)**; Deposition of Carlos Zamorrano, page 5: lines 10—12, page 9: lines 15—17 (7 years as Brownsville Police Department Officer, worked at 77 Flea Market for 4 years.) **(Exhibit E)**; Deposition of Arnold Galvan, page 5: lines 3—4; page 9, lines 18—21 (7 years as Brownsville Police Department Officer, second year working at 77 Flea Market when incident occurred.) **(Exhibit H)**.

        (e)     <u>Defendant Gomez did not withhold income or social security taxes from the checks of Officers.</u>

The method of compensation can be a factor in establishing an agency relationship. *Pitchfork*, 346 S.W.2d at 603. Defendant Gomez did not withhold income or social security taxes from the checks of Officers. *See* Affidavit of Defendant Gomez, page 1, paragraph 6

(**Exhibit A**). *See Hoechst*, 899 S.W.2d at 221 (officers who were paid individually and by the hour with no deductions taken from their checks for social security or federal income tax were independent contractors).

(2)    **Even if Officers were agents or employees of Defendant Gomez, Officers did not commit a tort.**

To establish liability under respondeat superior, the plaintiff must prove the defendant's agent committed a tort. *See GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 617-18 (Tex. 1999). Plaintiff has offered no evidence establishing Officers committed a tort. Because Plaintiffs cannot raise a material fact issue on this element, Defendant Gomez is entitled to summary judgment as a matter of law.

(3)    **Even if a tort was committed, it was not committed within the scope of Officers employment, but in their official capacity as peace officers.**

When an off-duty, privately employed police officer injures a person, the private employer may be liable, depending on whether the officer was performing a public or private duty at the time of the injury. When an off-duty officer sees a crime being committed, the officer's status as employee or independent contractor ends and the officer becomes an on-duty police officer. *Mansfield*, 37 S.W.3d at 150; *City of Dallas v. Half Price Books, Records, Mags.*, Inc., 883 S.W.2d 374, 377 (Tex.App.—Dallas 1994, no writ). In determining the status of a police officer, the question is in what capacity the officer was acting when he or she committed the acts for which the complaint is made. *Mansfield*, 37 S.W.3d at 150; *Blackwell v. Harris Cty.*, 909 S.W.2d 135, 139 (Tex.App.—Houston [14th Dist.] 1995, writ denied).

If the off-duty officer was performing a public duty, such as the enforcement of general laws, the officer's private employer incurs no vicarious responsibility for that officer's acts, even though the employer may have directed the activities. *Id.* Conversely, if the off-duty officer was

- 13 -

engaged in protecting the employer's property, ejecting trespassers, or enforcing rules promulgated by the employer, the officer was acting as a servant of the employer. *Id.*

Every police officer has a duty to preserve the peace. TEX. CODE. CRIM. PROC. ANN. art. 2.13 (Vernon Supp. 2003); *Mansfield*, 37 S.W.3d at 151. Stated another way, police officers have a duty to prevent crime and arrest offenders. *Half Price*, 883 S.W.2d at 377. Police officers are not relieved of this obligation because they are off-duty. *Mansfield*, 37 S.W.3d at 151; *Blackwell*, 909 S.W.2d at 140; *Moore v. State*, 562 S.W.2d 484, 486 (Tex. Crim. App. 1978). In fact, it is clearly established that a police officer's off-duty status is not a limitation upon the discharge of police authority, since an officer is for many purposes on duty 24 hours a day. *Moore*, 562 S.W.2d at 486; *Wood v. State*, 486 S.W.2d 771, 774 (Tex. Crim. App. 1972); *Monroe v. State*, 465 S.W.2d 757, 759 (Tex. Crim. App. 1971); *Simms v. State*, 319 S.W.2d 717, 719 (Tex. Crim. App. 1958).

It is undisputed that Plaintiff Jesus failed to obey the direction of off-duty police officer's directing traffic, which is a violation of Section 542.501 of the Texas Transportation Code. *See* TEX. TRANSP. CODE. ANN. § 542.501 (Vernon 2003); Deposition of Plaintiff Jesus, page 74: lines 23—25 ("Q. Why do you think he [Officer Lara] entered your property so angrily? A. Because I didn't obey him.") **(Exhibit F)**; Officer Lara, page 30: lines 3—15 ("He continued coming. I continued telling him to stop, blew my whistle, had both hands up in the air instructing him to stop, and he disregarded.") **(Exhibit B)**; Officer Lopez, page 82: line 25 through page 83: lines 1—3 ("The officer is telling him with both his palms up to stop. The vehicle does not stop") **(Exhibit C)**. When Officers Lara and Lopez saw Plaintiff Jesus commit a crime, Officers Lara and Lopez' status as an independent contractor ended and the officers became on-duty police officers. Officers Lara and Lopez were not involved in protecting the property of Defendant Gomez, ejecting trespassers, or enforcing rules promulgated by Defendant

Gomez.  In fact, Officers Lara and Lopez were not even on the property of Defendant Gomez at the time they observed the crime being committed or at the time of the arrest.  *See* Deposition of Plaintiff Rosalinda, page 73: lines 24— 25 through page 74: line 1 (Q. "None of the incident or the arrest took place on Basilio Gomez, Sr.'s property?  A. No.") **(Exhibit G)**.

It is also undisputed that Plaintiff Jesus was resisting arrest at the time that Officers Zamorrano, Galvan and Mascorro arrived to assist Officers Lara and Lopez in violation of Section 38.03 of the Texas Penal Code.  *See* TEX. PENAL CODE ANN. § 38.03 (Vernon 1994). Deposition of Plaintiff Jesus, Page 61: lines 10—15 ("Q. At what point did Officer Lara and Lopez attempt to arrest you?  A. A few minutes afterwards.  Q. And when they attempted to arrest you, what did you do, sir?  A.  I tried to avoid it.") **(Exhibit F)**; Deposition of Officer Zamorrano, page 38: lines 10—15 ("What did you understand his crime to have been when you went up to him and assisted the other officers, or you didn't know?  A. The only crime that I – that I was aware of was he was resisting arrest at the time.") **(Exhibit E)**; Deposition of Officer Mascorro, page 88: lines 15—17, page 88: line 25 through page 89: lines 1—3 ("And my question is, what was he doing to resist arrest? A. He was moving his arms all over the place and trying not to get handcuff, basically, that's what it was.") **(Exhibit D)**; Deposition of Arnold Galvan, page 72: lines 14—16 ("Q. So you walk up.  You run up to the two officers who were trying to do –trying to handcuff Mr. Silva? A.  They're trying to arrest him, yes, sir.") **(Exhibit H)**.

When Officers Zamorrano, Galvan and Mascorro saw Plaintiff Jesus commit a crime, Officers Zamorrano, Galvan and Mascorro's status as an independent contractor ended and the officers became on-duty police officers.  Officers Zamorrano, Galvan and Mascorro were not involved in protecting the property of Defendant Gomez, ejecting trespassers, or enforcing rules promulgated by Defendant-Gomez.  Again, Officers Zamorrano, Galvan and Mascorro were not

even on the property of Defendant Gomez at the time they observed the crime being committed or at the time of the arrest. *See* Deposition of Plaintiff Rosalinda, page 73: lines 24—25 through page 74: line 1 (Q. "None of the incident or the arrest took place on Basilio Gomez, Sr.'s property? A. No.") **(Exhibit G)**.

(B) There Is No Evidence To Support An Essential Element<br>
Of Each Of Plaintiffs' Claims.[1]

The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Defendant Gomez now is entitled to judgment as a matter of law pursuant to 56(c) because there is no evidence on the following essential elements of Plaintiffs' claims:

**(1)** **<u>Vicarious Liability (Respondeat Superior)</u>**

    (a) **Agency.** There is no evidence of the existence of an agency relationship between Defendant Gomez and Officers.

    (b) **Tort.** There is no evidence that Officers committed a tort.

    (c) **Scope of Authority.** There is no evidence that Officers acted within the scope of their authority.

**(2)** **<u>Negligence</u>**

    (a) **Duty.** There is no evidence that Defendant Gomez had a duty to Plaintiffs.

    (b) **Duty.** There is no evidence that Officers had a duty to Plaintiffs.

    (c) **Breach of Duty.** There is no evidence that Defendant Gomez breached a duty to Plaintiffs.

    (d) **Breach of Duty.** There is no evidence that Officers breached a duty to Plaintiffs.

---

[1] Defendant Gomez incorporates the arguments of the previous section as if expressly set forth at length.

(e)  **Proximate cause.**  There is no evidence that Plaintiffs' alleged injuries were foreseeable by Defendant Gomez.

(f)  **Proximate cause.**  There is no evidence that Plaintiffs' alleged injuries were foreseeable by Officers.

(g)  **Proximate cause.**  There is no evidence that any action or omission by Defendant Gomez was the cause-in-fact of Plaintiffs' alleged injury.

(h)  **Proximate cause.**  There is no evidence that any action or omission by Officers was the cause-in-fact of Plaintiffs' alleged injury.

(i)  **Injury.**  There is no evidence that Plaintiffs were injured.

(3)  **Assault**

(a)  **Intentionally.**  There is no evidence that Defendant Gomez acted intentionally.

(b)  **Intentionally.**  There is no evidence that Officers acted intentionally.

(c)  **Knowingly.**  There is no evidence that Defendant Gomez acted knowingly.

(d)  **Knowingly.**  There is no evidence that Officers acted knowingly.

(e)  **Recklessly.**  There is no evidence that Defendant Gomez acted recklessly.

(f)  **Recklessly.**  There is no evidence that Officers acted knowingly.

(g)  **Contact.**  There is no evidence that Defendant Gomez made contact with Plaintiffs.

(h)  **Contact.**  There is no evidence that Officers made contact with Plaintiffs.

(i)  **Injury.**  There is no evidence that contact of Defendant Gomez caused bodily injury to Plaintiffs.

(j)  **Injury.**  There is no evidence that contact of Officers caused bodily injury to Plaintiffs.

(4)  **Exemplary Damages**

(a)  **Breach of duty.**  There is no evidence that the Defendant Gomez acted with "malice" as defined in Section 41.001(7) of the Texas Civil Practice and Remedies Code.

(b)  **Breach of duty.**  There is no evidence that Officers acted with "malice" as defined in Section 41.001(7) of the Texas Civil Practice and Remedies Code.

(c)    **Agency.**  There is no evidence that Officers were agents or employees of Defendant Gomez.

(d)    **Non-criminal acts of another.**  There is no evidence that Officers were agents or Defendant Gomez authorized the doing and the manner of the act.

(e)    **Non-criminal acts of another.**  There is no evidence that Officers were agents or Officers were unfit and Defendant Gomez was negligent in employing Officers.

(f)    **Non-criminal acts of another.**  There is no evidence that Officers were agents or Officers were employed in a managerial capacity.

(g)    **Non-criminal acts of another.**  There is no evidence that Officers were agents or that Defendant Gomez ratified or approved the acts of Officers.

(h)    **Criminal Acts.**  There is no evidence that Officers were employees or that Officers committed a criminal act.

(i)    **Crime by employee.**  There is no evidence that Officers were employees or that Defendant Gomez authorized the doing and manner of Officers' act.

(j)    **Crime by employee.**  There is no evidence that Officers were employees or that Officers were a "manager" as defined under Texas law.

(k)    **Crime by employee.**  There is no evidence that Officers were employees or that Officers had the authority to employ, direct and discharge servants of the Defendant Gomez.

(l)    **Crime by employee.**  There is no evidence that Officers were employees or that Officers were engaged in the performance of "nondelegable" or absolute duties of the Defendant Gomez, as defined under Texas law.

(m)    **Crime by employee.**  There is no evidence that Officers were employees or that Defendant Gomez confided the management of the whole or a department or division of its business to Officers.

(n)    **Crime by employee.**  There is no evidence that Officers were employees or were acting in the scope of employment.

(o)    **Crime by employee.**  There is no evidence that Officers were employees or that Defendant Gomez or any manager of the Defendant Gomez ratified or approved any of Officer's acts.

## VI.  Conclusion

Defendant is entitled to summary judgment as to each and every claim presented by Plaintiffs because (1) no agency relationship exists between Defendant Gomez and Officers; (2) even if Defendants were agents or employees of Defendant Gomez, Defendants did not commit a tort; and (3) even if a tort was committed, it was not committed within the scope of Officers employment, but in their official capacity as peace officers.  Additionally, there is no evidence to support an essential element of each of Plaintiffs' claims, and summary judgment should be granted in this case as to (1) vicarious liability; (2)  negligence; (3) assault; and (4) exemplary damages.  As a result, all of Plaintiff's claims against Defendant Gomez should be dismissed with prejudice to the refiling of same.  Defendant Gomez requests any and all such other relief to which Defendant Gomez may show itself justly entitled either at law or in equity.

Respectfully,

**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 822-6666
Telecopier: (210) 822-1151

By: _____

RICHARD W. ESPEY
State Bar No. 06667580
Federal Bar No. 32158
**ATTORNEY-IN-CHARGE**
ATTORNEYS FOR DEFENDANT,
BASILIO GOMEZ, SR.

### Certificate of Conference

This Motion is being brought pursuant to FED. R. CIV. PROC. 56 and therefore, pursuant to the Local Rules, a Certificate of Conference is not required.

_____
RICHARD W. ESPEY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has this the 30ᵗʰ day of January, 2003, been forwarded via certified mail, return receipt requested, hand-delivery and/or telecopier to the following:

Mr. Albert Villegas
VILLEGAS LAW FIRM
1324 East 7ᵗʰ Street
Brownsville, Texas 78250
ATTORNEYS FOR PLAINTIFFS

Mr. Ruben Pena
Attorney at Law
222 W. Harrison Street
Harlingen, Texas 78550
ATTORNEYS FOR PLAINTIFFS

Mr. Eduardo G. Garza
Mr. Seth Moore
WILLETTE & GUERRA
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
ATTORNEYS FOR DEFENDANTS,
CITY OF BROWNSVILLE, CARLOS
ZAMARRANO, ARNOLD GALVAN,
OSCAR LARA, ADRIAN MASCARRO,
AND REY LOPEZ

RICHARD W. ESPEY

J:\rwe\41300005\motions-orders\msj.order.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| VS. | § | C.A. NO. B 01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITY AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

---

## ORDER GRANTING
## DEFENDANT, BASILIO GOMEZ, SR.'S MOTION FOR SUMMARY JUDGMENT

---

On this date, came on to be heard Defendant, Basilio Gomez, Sr.'s Motion for Summary Judgment, and came the parties, by and through their respective attorneys of record, and the Court, after considering the agreement of the parties and the pleadings on file, is of the opinion that said Motion should be GRANTED.

It is, therefore, ORDERED, ADJUDGED and DECREED that Defendant, Basilio Gomez, Sr.'s Motion for Summary Judgment is granted; and Plaintiffs, Jesus and Rosalinda Silva Salazar's claims against Defendant, Basilio Gomez, Sr., are hereby dismissed with prejudice, and that Plaintiffs take nothing against the Defendant.

_____
PRESIDING JUDGE

AGREED TO:

**VILLEGAS LAW FIRM**
1324 East 7th Street
Brownsville, Texas 78250
Telephone: (956) 544-3352
Telecopier: (956) 544-7828

By:    _____
　　　　Albert Villegas
　　　　State Bar No. 20585450
　　　　USDC Adm. No. 3903

ATTORNEYS FOR PLAINTIFFS


**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 822-6666
Telecopier: (210) 822-1151

By    _____
　　　　Richard W. Espey
　　　　State Bar No. 06667580
　　　　USDC Adm. No. 32158

ATTORNEYS FOR DEFENDANT, BASILIO GOMEZ, SR.


**WILLETTE & GUERRA, L.L.P.**
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Telecopier: (956) 541-1893


By:    _____
　　　　Eduardo G. Garza
　　　　State Bar No. 00796609
　　　　USDC Adm. No. 20916

ATTORNEYS FOR DEFENDANTS,
CITY OF BROWNSVILLE, CARLOS
ZAMARRANO, ARNOLD GALVAN,
OSCAR LARA, ADRIAN MASCARRO,
AND REY LOPEZ

J:\rwe\41300005\motions-orders\msj.appendix.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| VS. | § | C.A. NO. B 01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITY AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

---

## DEFENDANT, BASILIO GOMEZ, SR.'S MOTION FOR SUMMARY JUDGMENT APPENDIX

---

Exhibit A     Affidavit of Basilio Gomez, Sr.

Exhibit B     Oral Deposition of Oscar Lara (selected excerpts)

Exhibit C     Oral Deposition of Reynaldo Lopez, Jr. (selected excerpts)

Exhibit D     Oral Deposition of Adrian Mascorro (selected excerpts)

Exhibit E     Oral Deposition of Carlos Zamorrano (selected excerpts)

Exhibit F     Oral Deposition of Jesus Silva Salazar (selected excerpts)

Exhibit G     Oral Deposition of Rosalinda Silva Salazar (selected excerpts)

Exhibit H     Oral Deposition of Arnold Galvan (selected excerpts)