J:\rwe\41300005\motions-orders\msj.reply.doc

United States District Court
Southern District of Texas
FILED

MAR 2 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND JESUS SILVA SALAZAR | § § § | |
| VS. | § § § | C.A. NO. B 01 105 |
| BASILIO GOMEZ SR., CITY OF BROWNSVILLE AND CARLOS ZAMORRANO, ARNOLD GALVAN, OSCAR LARA, ADRIAN MASCORRO, AND REY LOPEZ INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS EMPLOYEES FOR CITY OF BROWNSVILLE | § § § § § § § § | |

**DEFENDANT, BASILIO GOMEZ, SR.'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT, BASILIO GOMEZ, SR.'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Basilio Gomez, Sr. ("Defendant Gomez"), by and through his attorneys, and submits this his Reply to Plaintiffs' Response to Defendant, Basilio Gomez, Sr.'s Motion for Summary Judgment, and, in support thereof, would respectfully show this Court the following:[1]

### I. Statement of Issues to be Ruled upon by the Court

Plaintiff Jesus Silva Salazar ("Plaintiff Jesus") and Plaintiff Rosalinda Silva Salazar ("Plaintiff Rosalinda") (collectively referred to as "Plaintiffs") have filed their Response to Defendant Gomez' Motion for Summary Judgment ("Plaintiffs' Response") alleging that (1) there are issues of fact regarding whether Brownsville Police Department Officers Oscar Lara

---

[1] Defendant incorporates the arguments of his Motion to Strike Plaintiffs' Response to Defendant, Basilio Gomez, Sr.'s Motion for Summary Judgment as if expressly set forth at length.

("Officer Lara"), Rey Lopez ("Officer Lopez"), Carlos Zamorrano ("Officer Zamorrano"), Adrian Mascorro ("Officer Mascorro") and Arnold Galvan ("Officer Galvan") (collectively referred to as "Officers") were employees or independent contractors and (2) there are issues of fact regarding whether Officers were acting within the course and scope of their employment.

## II. Summary of the Argument

Judgment should be granted in this case because (1) there are no issues of fact regarding whether Officers were employees or independent contractors; and (2) there are no issues of fact regarding whether Officers were acting within the course and scope of their employment.

## III. Arguments and Authorities[2]

(1) There are no issues of fact regarding whether Officers were employees or independent contractors.

Plaintiffs use as evidence testimony of Defendant Gomez from prior litigation to show that Defendant Gomez exercised control over the officers, and thus, was an employer. Indeed, such testimony is telling. When asked about why he does not tell the policeman to direct traffic to the back of the flea market, Defendant Gomez responds "The policeman have enough leaders already. *It's not for me to tell them.*" See Plaintiffs' Response, Oral Deposition of Defendant Gomez, page 67: lines 7—10. While a party can prove a right to control by evidence that the defendant actually exercised control over the job, this is not evidence of Defendant Gomez exercising control over Officers. *Coastal Marine Serv. of Tex., Inc. v. Lawrence*, 988 S.W.2d 223, 226 (Tex. 1999).

Additionally, the other testimony proffered as evidence by Plaintiffs does not establish a fact issue. Essentially, such testimony establishes that Defendant Gomez told the Officers when to be there, what amount was to be paid, and the areas to protect. However, this is not the type

---

[2] Defendant incorporates the arguments of his Motion for Summary Judgment as if expressly set forth at length.

of control necessary to establish an agency relationship. Indeed, the testimony is similar to the evidence in *Hoechst Celanese Corp. v. Compton*, where the Court found that such testimony did not establish an agency relationship. 899 S.W.2d 215, 220 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

Accordingly, as only one reasonable conclusion can be inferred from the uncontroverted facts, the Officers were independent contractors as a matter of law. *Id.*

(2) <u>There are no issues of fact regarding whether Officers were acting within the course and scope of their employment.</u>

To attempt to show that Officers were acting in the course and scope of their employment, Plaintiffs argue that "As Zamorrano said they were out there enforcing rules of the private employer. See page 25 line 16 to 25, page 26 line 3 to 20." However, Plaintiffs mischaracterize the testimony of Officer Zamorrano. In the Oral Deposition of Officer Zamorrano, this is the exchange cited by Plaintiffs:

> Q. Okay. And I don't know if you saw the recent article in the newspaper. Mr. Gomez talked about finding vendors who were selling pirated CDs. That's not something that you were involved in, correct?
>
> A. No, sir.
>
> Q. And that's not something you were asked to do to go out to the flea market and the enforce the laws of the state of Texas just like if you were out on – in your patrol car, correct?
>
> A. Correct.
>
> Q. Okay. What you were trying to do was to assist the flea market traffic and patrons to have a safe environment, correct?
>
> A. Correct.
>
> Q. Okay. And you were trying to help the flea market, because if the flea market was closed Monday through Friday, you weren't out there directing traffic even though you had – on the frontage road, even though you had a great deal of traffic on the frontage road, correct?
> A. Correct.

> Q. The only time that Brownsville police officers were working off duty at the flea market was to direct that traffic of the flea market coming off the easement, correct?
>
> ...
>
> A. To avoid accidents, yes, sir. Yes, to avoid accidents.

*See* Plaintiffs' Response, Oral Deposition of Officer Zamorrano, page 25: lines 16—25 through page 26: lines 3—20.

In determining the status of a police officer, the question is in what capacity the officer was acting ***when he or she committed the acts for which the complaint is made***. *Mansfield v. C.F. Bent Tree Apt. Ltd., Prtshp.*, 37 S.W.3d 145, 150 (Tex.App.—Austin 2001, no pet.). This testimony does not establish that he was enforcing the rules of a private employer at the time that he effectuated the arrest of Plaintiffs. Instead, his testimony is that he was enforcing the laws of the State of Texas as a peace officer when he effectuated the arrest of Plaintiffs. *See* Defendant, Basilio Gomez, Sr.'s Motion for Summary Judgment ("Defendant's Motion"), Exhibit E, Deposition of Officer Zamorrano, page 38: lines 10—15 ("What did you understand his crime to have been when you went up to him and assisted the other officers, or you didn't know? A. The only crime that I – that I was aware of was he was resisting arrest at the time."), page 60: lines 4—6 ("Q. You didn't place her under arrest until Sergeant Bennett [an on duty Brownsville Police Department Officer] told you to arrest her, correct? A. Correct.").

Additionally, Officer Lara testifying that he was an "off duty" officer is of no consequence. If the ***off-duty officer*** was performing a public duty, such as the enforcement of general laws, the officer's private employer incurs no vicarious responsibility for that officer's acts, even though the employer may have directed the activities. *Mansfield*, 37 S.W.3d at 150; *Blackwell*, 909 S.W.2d at 139.

Finally, Plaintiff argues that the "Court can consider the actions of these individuals and their enforcement of state law in other situations…" and cites that Defendant Lopez testified that he had never made an arrest, wrote any traffic tickets, nor incident reports while working for Defendant Gomez prior to this incident. *See* Plaintiffs' Response. Additionally, Plaintiffs cite to the testimony of Office Galvan that it was not uncommon for people to disregard the officers and that generally nothing was done. *Id.*

However, this situation was different. Officer Lopez testified that he and Officer Lara initially approached Plaintiff Jesus because he had almost run over Officer Lara. *See* Defendant's Motion, Exhibit C, Deposition of Officer Lopez, page 82: lines 11-24. Additionally, the testimony establishes that Officers Zamorrano, Galvan and Mascorro saw Plaintiff Jesus resisting arrest at the time they arrived to assist Officers Lara and Lopez. *See* Plaintiffs Motion, Exhibit F, Deposition of Plaintiff Jesus, Page 61: lines 10—15 ("Q. At what point did Officer Lara and Lopez attempt to arrest you? A. A few minutes afterwards. Q. And when they attempted to arrest you, what did you do, sir? A. I tried to avoid it."); Exhibit E, Deposition of Officer Zamorrano, page 38: lines 10—15 ("What did you understand his crime to have been when you went up to him and assisted the other officers, or you didn't know? A. The only crime that I – that I was aware of was he was resisting arrest at the time."); Exhibit D, Deposition of Officer Mascorro, page 88: lines 15—17, page 88: line 25 through page 89: lines 1—3 ("And my question is, what was he doing to resist arrest? A. He was moving his arms all over the place and trying not to get handcuff, basically, that's what it was."); Exhibit H, Deposition of Arnold Galvan, page 72: lines 14—16 ("Q. So you walk up. You run up to the two officers who were trying to do –trying to handcuff Mr. Silva? A. They're trying to arrest him, yes, sir.").

Accordingly, as there are no fact issues regarding whether the Officers were acting in the course and scope of their employment, judgment should be entered as a matter of law.

## IV. Conclusion

Judgment should be granted in this case because (1) there are no issues of fact regarding whether Officers were employees or independent contractors; and (2) there are no issues of fact regarding whether Officers were acting within the course and scope of their employment.

               Respectfully,

               **DAVIS, CEDILLO & MENDOZA, INC.**
               McCombs Plaza, Suite 500
               755 E. Mulberry Avenue
               San Antonio, Texas 78212
               Telephone: (210) 822-6666
               Telecopier: (210) 822-1151

By: _____
               RICHARD W. ESPEY
               Attorney-in-Charge
               State Bar No. 06667580
               Federal Bar No. 32158

               ATTORNEYS FOR DEFENDANT,
               BASILIO GOMEZ, SR.

### Certificate of Conference

This Motion is being brought pursuant to FED. R. CIV. PROC. 56 and therefore, pursuant to the Local Rules, a Certificate of Conference is not required.

_____
RICHARD W. ESPEY

- 7 -

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has this the 24th day of March, 2003, been forwarded via certified mail, return receipt requested, hand-delivery and/or telecopier to the following:

Mr. Albert Villegas
VILLEGAS LAW FIRM
1324 East 7th Street
Brownsville, Texas 78250
ATTORNEYS FOR PLAINTIFFS

Mr. Ruben Pena
Attorney at Law
222 W. Harrison Street
Harlingen, Texas 78550
ATTORNEYS FOR PLAINTIFFS

_____
RICHARD W. ESPEY

J:\rwe\41300005\motions-orders\mtn.strike.msj.rsp.doc

United States District Court
Southern District of Texas
FILED

MAR 2 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROSALINDA SALAZAR AND § | |
| JESUS SILVA SALAZAR § | |
| § | |
| VS. § | C.A. NO. B 01 105 |
| § | |
| BASILIO GOMEZ SR., CITY OF § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN § | |
| MASCORRO, AND REY LOPEZ § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL § | |
| CAPACITY AS EMPLOYEES § | |
| FOR CITY OF BROWNSVILLE § | |

**DEFENDANT, BASILIO GOMEZ, SR.'S MOTION TO STRIKE
PLAINTIFFS' RESPONSE TO DEFENDANT, BASILIO GOMEZ, SR.'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Basilio Gomez, Sr. ("Defendant Gomez"), by and through his attorneys, and submits this his Motion to Strike Plaintiffs' Response to Defendant Basilio Gomez, Sr.'s Motion for Summary Judgment, and, in support thereof, would respectfully show this Court the following:

### I.
### Introduction

A motion, response or reply filed late, and not accompanied by a motion for leave will be stricken. JUDGE HILDA G. TAGLE, CIVIL PROCEDURES 5(F) (2002). As Jesus Silva Salazar and Rosalinda Silva Salazar ("Plaintiffs") filed their Response to Defendant, Basilio Gomez, Sr.'s Motion for Summary Judgment ("Plaintiffs' Response") fourteen (14) after the deadline for submission without a motion for leave, Plaintiffs' Response should be stricken.

## II.
## Arguments and Authorities

Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel. SO. DIST. LOC. CT. R. LR7.3. Responses to motions must be filed by the submission day. SO. DIST. LOC. CT. R. LR7.4(A). Accordingly, Counsel must respond to an opposed motion within twenty days from the date the motion is filed with the Clerk's Office. JUDGE HILDA G. TAGLE, CIVIL PROCEDURES 5(F) (2002).

Any motion, response, or reply filed after the time limits contained in the Civil Procedures must be accompanied by a motion for leave to file that explains why the document was not timely filed. JUDGE HILDA G. TAGLE, CIVIL PROCEDURES 5(F) (2002). The Court will only grant a motion for leave to file a motion, response or reply late if good cause is shown. *Id.* A motion, response or reply filed late, and not accompanied by a motion for leave will be stricken. *Id.*

Defendant filed his Motion for Summary Judgment ("Defendant's Motion") on January 30, 2003. The submission date for Defendant's Motion, which was twenty days after January 30, 2003, was February 19, 2003. Accordingly, Plaintiffs had until February 19, 2003 to file a response. However, Plaintiffs filed Plaintiffs' Response on March 5, 2003, fourteen days (14) after the deadline for submission, and thirty-four (34) days after Defendant's Motion was filed.[1] Additionally, Plaintiffs' Response was not accompanied by a motion for leave.[2] As a result, Plaintiffs' Motion should be stricken.

---

[1] Interestingly, Plaintiffs' Response was filed on March 5, 2003 and the certificate of service is dated March 5, 2003, but the letter to the United States District Clerk is dated March 4, 2003 and the postmark is dated March 6, 2003. *See* Correspondence to Butch Barbosa, United States District Clerk, dated March 4, 2003; and Envelope addressed to Richard Espy [sic], postmarked March 6, 2003, which are attached hereto and incorporated herein as Exhibit A and B, respectively.

[2] Plaintiffs' Response (or at least what was served on Defendant's counsel) did not include a separate form order denying the relief sought, which does not comply with LR7.4 of the Southern District Local Rules. SO. DIST. LOC. CT. R. LR7.4(D).

## III.
## Conclusion

As Plaintiffs filed their Response fourteen (14) after the deadline for submission without a motion for leave, said Response should be stricken.

Respectfully,

**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 822-6666
Telecopier: (210) 822-1151

By: _____
RICHARD W. ESPEY
Attorney-in-Charge
State Bar No. 06667580
Federal Bar No. 32158

ATTORNEYS FOR DEFENDANT,
BASILIO GOMEZ, SR.

### Certificate of Conference

The movant has conferred with the respondent and Counsel cannot agree about the disposition of the motion.

_____
RICHARD W. ESPEY

- 4 -

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has this the 24th day of March, 2003, been forwarded via certified mail, return receipt requested, hand-delivery and/or telecopier to the following:

Mr. Albert Villegas
VILLEGAS LAW FIRM
1324 East 7th Street
Brownsville, Texas 78250
ATTORNEYS FOR PLAINTIFFS

Mr. Ruben Pena
Attorney at Law
222 W. Harrison Street
Harlingen, Texas 78550
ATTORNEYS FOR PLAINTIFFS

_____
RICHARD W. ESPEY

# VILLEGAS LAW FIRM

ATTORNEYS AT LAW

1324 EAST SEVENTH STREET • BROWNSVILLE, TEXAS 78520 • TELEPHONE 956/544-3352 • FAX 956/544-7828

March 4, 2003

Butch Barbosa
United States District Clerks Office
United States Courthouse
Brownsville Texas 78520

RE: Jesus Silva and Rosalinda Silva v. Basilio Gomez Sr
    Cause NO. B 01 105

Dear Sir:

Enclosed please find Plaintiff's Response to Defendant Gomez Motion for Summary Judgment.

By copy opposing counsel is being advised of this filing.

Very truly yours

Albert Villegas

enc.
CC
Richard Espy
Davis Cedillo & Mendoza, Inc.
755 W. Mulberry Ave. Suite 500
San Antonio Texas 78212

EXHIBIT A

RECEIVED

MAR 1 0 2003

Davis, Cedillo & Mendoza Inc.

41200. 0005

**ALBERT VILLEGAS**
**VILLEGAS LAW FIRM**
**1324 E. 7th STREET**
**BROWNSVILLE, TEXAS 78520**

Richard Espy
Davis Cedillo & Mendoza, Inc.
755 W. Mulberry Ave. Suite 500
San Antonio, Texas 78212

**EXHIBIT**
B