United States District Court
Southern District of Texas
FILED

MAR 2 4 2003

Michael N. Milby
Clerk of Court

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| VS. | § | C.A. NO. B 01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITY AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

---

## JOINT PRE-TRIAL ORDER

---

### 1. Appearance of Counsel

Attorney for Plaintiffs Rosalinda (Rosalina) Ponce de Silva Salazar and Jesus Silva Salazar:

> Mr. Albert Villegas
> Law Office of Albert Villegas
> 1324 E. 7th Street
> Brownsville, Texas 78520
> Telephone: (956) 544-3352

Attorney for Defendant Basilio Gomez Sr.:

> Mr. Richard W. Espey
> Davis, Cedillo & Mendoza, Inc.
> McCombs Plaza, Suite 500
> 755 E. Mulberry Avenue
> San Antonio, Texas 78212
> Telephone: (210) 822-6666

### 2. Statement of Case

Brownsville Police Department Officers Oscar Lara ("Officer Lara"), Rey Lopez

("Officer Lopez"), Carlos Zamorrano ("Officer Zamorrano"), Adrian Mascorro ("Officer

Mascorro") and Arnold Galvan ("Officer Galvan") (collectively referred to as "Officers") worked for Defendant Basilio Gomez, Sr. ("Defendant Gomez") as off-duty police officers to provide security and traffic control at 77 Flea Market in Brownsville, Texas.  Plaintiff Jesus Silva Salazar ("Plaintiff Jesus") and Plaintiff Rosalinda Silva Salazar ("Plaintiff Rosalinda") (collectively referred to as "Plaintiffs") are alleging Defendant Gomez is vicariously liable for the acts of Officers on April 9, 2000 in effectuating the arrest of Plaintiffs.

### 3.  Jurisdiction

At the inception of the filing of this case, the  Court had jurisdiction over the subject matter and the parties in this cause.  There exists an amount in controversy in excess of $75,000.00 (SEVENTY FIVE  THOUSAND AND 00/100 DOLLARS), and at the inception of the filing of this case there were allegations of civil rights violations.

### 4.  Motions

The following motions have been filed by the parties and remain unresolved:

Defendant, Basilio Gomez, Sr.'s Motion for Summary Judgment.

Motions in Limine may be filed at any time prior to the commencement of jury selection.

### 5.  Contentions of the Parties

Plaintiffs:

The Plaintiffs state that they have in the past suffered a loss of wages and will in the future suffer a loss of capacity to work and earn money as a result of the impairment, disfigurement and disability due to their injuries.  Plaintiff Jesus Silva had injuries to his body in general, back and shoulder.  Plaintiff Rosa Linda Silva had injuries to her body in general and

more specifically to her wrists.   Both Plaintiffs claim emotional trauma as a result of the incident.

Plaintiffs state further that they have suffered physical pain and mental anguish in the past and will suffer physical pain and mental anguish in the future.  Plaintiffs had never been in trouble with the law and had no criminal history before this incident. Plaintiffs suffered the humiliation and embarrassment of being arrested and taken to jail in handcuffs, fingerprinted, and had to present themselves in a court at law to contest the charges.  All the felony charges were dismissed against the Plaintiffs.  For these damages Plaintiffs seek damages in excess of the jurisdictional requirements of this Court.

In addition to the aforementioned damages, the Plaintiffs have in the past and will incur in the future necessary medical expenses for which they sue herein.

Plaintiffs also sue for the costs and expenses incurred as a result of their arrests which included bail bond fees in the amount of $6500.00, attorneys fees of $40,000.00 for representation in the underlying criminal cases.

Defendant Gomez:

Defendant's contentions are as follows:

(A)    No agency relationship exists between Defendant Gomez and Officers.

(B)    Even if Officers were agents or employees of Defendant Gomez, Officers did not commit a tort.

(C)    Even if a tort was committed, it was not committed within the scope of Officers employment, but in their official capacity as peace officers.

(D)    Defendant Gomez had no duty to Plaintiffs.

(E)    Officers had no duty to Plaintiffs.

(F)    Defendant Gomez did not breach a duty to Plaintiffs.

(G)    Officers did not breach a duty to Plaintiffs.

(H)    Plaintiffs' alleged injuries were not foreseeable by Defendant Gomez.

(I)    Plaintiffs' alleged injuries were not foreseeable by Officers.

(J)    No action or omission by Defendant Gomez was the cause-in-fact of Plaintiffs' alleged injury.

(K)    No action or omission by Officers was the cause-in-fact of Plaintiffs' alleged injury.

(L)    Plaintiffs were not injured.

(M)    Defendant Gomez did not act intentionally.

(N)    Officers did not act intentionally.

(O)    Defendant Gomez did not act knowingly.

(P)    Officers did not act knowingly.

(Q)    Defendant Gomez did not act recklessly.

(R)    Officers did not act knowingly.

(S)    Defendant Gomez did not make contact with Plaintiffs.

(T)    Officers did not make contact with Plaintiffs.

(U)    No contact of Defendant Gomez caused bodily injury or any other damages to Plaintiffs.

(V)    No contact of Officers caused bodily injury or any other damages to Plaintiffs.

(W)    Defendant Gomez did not act with "malice" as defined in Section 41.001(7) of the Texas Civil Practice and Remedies Code.

(X)    Officers did not act with "malice" as defined in Section 41.001(7) of the Texas Civil Practice and Remedies Code.

(Y)    Officers were not agents or employees of Defendant Gomez.

(Z)    Defendant Gomez did not authorize the doing and the manner of the act.

(AA)    Officers were not unfit and Defendant Gomez was not negligent in employing Officers.

(BB)    Officers were not employed in a managerial capacity.

(CC)    Defendant Gomez did not ratify or approve the acts of Officers.

(DD)   Officers did not commit a criminal act.

(EE)   Defendant Gomez did not authorize the doing and manner of Officers' act.

(FF)   Officers were not a "manager" as defined under Texas law.

(GG)   Officers did not have the authority to employ, direct and discharge servants of the Defendant Gomez.

(HH)   Officers were not engaged in the performance of "nondelegable" or absolute duties of Defendant Gomez, as defined under Texas law.

(II)   Defendant Gomez did not confide the management of the whole or a department or division of its business to Officers.

(JJ)   Defendant Gomez or any manager of the Defendant Gomez did not ratify or approve any of Officer's acts.

## 6. Admissions of Fact

(A)   Brownsville Police Department Officers Lara, Lopez, Zamorrano, Mascorro and Galvan worked for Defendant Gomez to provide security and traffic control at 77 Flea Market in Brownsville, Texas.

(B)   That the incident occurred in Brownsville, Texas.

## 7. Contested Issues of Fact

(A)   Whether the Defendant is liable for the conduct of the off duty police officers.

(B)   Whether Defendant was negligent in any of the ways alleged by the Plaintiffs and, if so, whether such negligence was a proximate cause, in whole or in part, of the injuries sustained by Plaintiffs.

(C)   Whether Plaintiffs were injured.

(D)   The nature and extent of Plaintiffs' injuries.

(E)   The amount of Plaintiffs' damages caused by the negligence of the Defendant.

## 8. Agreed Applicable Propositions of Law

Texas law controls.

## 9. Contested Issues of Law

(A)    On the occasion in question were Oscar Lara, Rey Lopez, Carlos Zamorrano, Adrian Mascorro and/or Arnold Galvan acting as an employees of Basilio Gomez, Sr.?

(B)    On the occasion in question were Oscar Lara, Rey Lopez, Carlos Zamorrano, Adrian Mascorro and/or Arnold Galvan acting in the scope of their employment for Basilio Gomez, Sr.?

(C)    Did the negligence, if any, of those named below proximately cause the occurrence in question:
    Oscar Lara
    Rey Lopez
    Carlos Zamorrano
    Adrian Mascorro
    Arnold Galvan

(D)    Did any of those named below commit an assault against Jesus Silva Salazar and/or Rosalinda (Rosalina) Ponce de Silva Salazar:
    Oscar Lara
    Rey Lopez
    Carlos Zamorrano
    Adrian Mascorro
    Arnold Galvan

(E)    Did the harm to Jesus Silva Salazar result from malice?

(F)    Did the harm to Rosalinda (Rosalina) Ponce de Silva Salazar result from malice?

(G)    Can Plaintiffs recover for costs and expenses incurred as a result of their arrests, including bail bond fees and attorneys fees for representation in the underlying criminal cases?

(H)    Does the Court's dismissal of Plaintiffs' claim for false arrest prohibit the recovery of costs and expenses incurred as a result of their arrests, including bail bond fees and attorneys fees for representation in the underlying criminal cases?

(I)    The applicability of any Governmental immunity defenses for Officers and/or Basilio Gomez, Sr. at the time of the incident.

## 10. Exhibits

Defendant Gomez' Exhibit List is attached hereto and incorporated herein as if fully set forth at length.

## 11. Witnesses

(A)    The Plaintiff may call as witnesses either live or by deposition, the following:

(1)    Plaintiff Jesus Silva  will testify as to description of incident, the past conduct of the defendant and his agents and employees, including the off duty officers, the injuries and damages he and  Rosa Linda Silva  sustained .

(2)    Plaintiff Rosa Linda Silva Medina, will testify as to description of the incident, the past conduct of the defendants and his agents and employees, including the off duty officers,  the injuries and damages she,  her husband Robert Medina and Plaintiff Alysha Martinez sustained and effect on their lives.

(3)    Jesus Alberto Silva, son of the Plaintiff, Jesus Silva, will testify as to description of incident, the past incidents and history between the Parties and the effects of the injuries and losses on the Plaintiffs.

(4)    Juan Antonio Silva Salazar, brother of the Plaintiff, will testify as to the condition of the Plaintiff, Jesus Silva at the time of the incident, the past relationship and incidents between the parties and damages of the Plaintiffs.

(5)    Dr. Raul Garza, doctor who treated Jesus Silva, will testify live or by videotaped deposition as to medical injuries of Jesus Silva.

(6)    Dr. Fred Perez, doctor who treated Jesus Silva, will testify live or by videotaped deposition as to medical injuries of Jesus Silva.

(7)    Valley Regional Medical Center Records Custodian, will testify live or through the medical records about the medical treatment rendered to Plaintiff Jesus Silva.

(8)    Basilio Gomez Jr., will testify live or by deposition about the incident, his employee-employer relationship with the off duty officers and past incidents with Plaintiffs.

(9)    Oscar Lara, will testify live or by deposition about the incident, his relationship with the defendant and past incidents with the Plaintiffs.

(10)    Reynaldo Lopez, will testify live or by deposition about the incident, his relationship with the defendant and past incident with the Plaintiff.

(11)    Carlos Zamarrono, will testify live or by deposition about the incident, his relationship with the defendant and past incidents with the Plaintiff.

(12)    Adrian Mascorro, will testify live or by deposition about the incident, his relationship with the defendant and past incidents with the Plaintiff.

(13)    Mariano Gonzales, will testify live or by deposition about the incident, his relationship with the defendant and past incidents with the Plaintiff.

(14)    Arnold Galvan, will testify live or by deposition about the incident, his relationship with the defendant and past incidents with the Plaintiff.

(15)    Robert Salinas, will testify live or by deposition about the incident, his relationship with the Plaintiff in the past and on the date of the incident.

(16)    Any witness listed by Defendant.

In the event there are any other witnesses to be called at the trial, their names, addresses and subject matter of their testimony shall be reported to opposing counsel as soon as they are known. This restriction shall not apply to rebuttal or impeaching witnesses, the necessity of whose testimony cannot reasonably be anticipated before the time of trial.

Defendant Gomez' Witness List is attached hereto and incorporated herein as if fully set forth at length.

## 12. Settlement

The parties have not been able to settle this case.

## 13. Trial

Defendant Gomez anticipates that trial will in all likelihood last three to five days.

## 14. Attachments

Plaintiffs and Defendant Gomez have attached the following documents:

(A)    Proposed questions for the voir dire examination.
(B)    Proposed charge, including instructions, definitions and special interrogatories, with authority.

_____        Date: _____
United States District Judge

Approved:


_____        Date: _____
Attorney-in-Charge, Plaintiff


_____        Date:  3/24/03
Attorney-in-Charge

- 8 -

| UNITED STATES DISTRICT COURT | § | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Rosalinda Salazar and Jesus Silva Salazar<br><br>*versus*- - - - - - - - - - - - - - - - - - - -<br><br>Basilio Gomez, Sr. | CASE NO. B 01 105<br><br>**Exhibit List** |
|---|---|
| Judge Hilda G. Tagle | Case Manager: Stella Cavazos<br>Court Reporter: Breck Record |
| List of<br>Defendant, Basilio Gomez, Sr. | Proceeding          Date |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Police investigation and arrest reports. | | |
| 2 | Medical records of Plaintiff Jesus Silva Salazar. | | |
| 3 | Rules & Regulations Manual for Brownsville Police Department. | | |
| 4 | Audio tape previously produced by former Defendants City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez to Plaintiffs' counsel. | | |
| 5 | Videos produced by Plaintiffs' counsel. | | |
| 6 | Manodnock Baton Manual. | | |
| 7 | Photos produced to Plaintiffs' counsel by former Defendants City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez. | | |
| 8 | Court Records of Plaintiffs. | | |
| 9 | Tax Returns of Plaintiffs and/or their business. | | |
| 10 | Payroll records of Basilio Gomez, Sr. | | |
| 11 | 1099 Forms of former Defendants City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez. | | |
| 12 | Defendant reserves the right to use items previously produced by Plaintiffs; former Defendants City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez; and Defendant Basilio Gomez, Sr. | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

| UNITED STATES DISTRICT COURT | § | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | |
|---|---|
| Rosalinda Salazar and Jesus Silva Salazar<br><br>*versus*- - - - - - - - - - - - - - - - - - - -<br><br>Basilio Gomez, Sr. | CASE NO. B 01 105<br><br>**Witness List** |
| Judge Hilda G. Tagle | Case Manager:  Stella Cavazos<br>Court Reporter:  Breck Record |
| List of<br>Defendant, Basilio Gomez, Sr. | Proceeding            Date |

1.       Rosalinda (Rosalina) Ponce de Silva Salazar
          c/o Mr. Albert Villegas
          Law Office of Albert Villegas
          1324 E. 7th Street
          Brownsville, Texas 78520
          Plaintiff to cause of action and has personal knowledge as to the facts that
          comprise the basis of this lawsuit.

2.       Jesus Silva Salazar
          c/o Mr. Albert Villegas
          Law Office of Albert Villegas
          1324 E. 7th Street
          Brownsville, Texas 78520
          Plaintiff to cause of action and has personal knowledge as to the facts that
          comprise the basis of this lawsuit.

3.       Jesus Alberto Salazar
          6377 Expressway 77
          Brownsville, Texas 78520
          Witness to the events made the basis of this lawsuit and Plaintiffs' son.

4.       Carlos Zamorrano
          c/o Mr. Eduardo Garza
          Willette & Guerra, L.L.P.
          3505 Boca Chica Blvd., Suite 460
          Brownsville, Texas 78521
          Former Defendant to cause of action and has knowledge as to the facts that
          comprise the basis of this lawsuit.

5.          Oscar Lara
            c/o Mr. Eduardo Garza
            Willette & Guerra, L.L.P.
            3505 Boca Chica Blvd., Suite 460
            Brownsville, Texas 78521
            Former Defendant to cause of action and has knowledge as to the facts that
            comprise the basis of this lawsuit.

6.          Adrian Mascorro
            c/o Mr. Eduardo Garza
            Willette & Guerra, L.L.P.
            3505 Boca Chica Blvd., Suite 460
            Brownsville, Texas 78521
            Former Defendant to cause of action and has knowledge as to the facts that
            comprise the basis of this lawsuit.

7.          Rey Lopez
            c/o Mr. Eduardo Garza
            Willette & Guerra, L.L.P.
            3505 Boca Chica Blvd., Suite 460
            Brownsville, Texas 78521
            Former Defendant to cause of action and has knowledge as to the facts that
            comprise the basis of this lawsuit.

8           Arnold Galvan
            c/o Mr. Eduardo Garza
            Willette & Guerra, L.L.P.
            3505 Boca Chica Blvd., Suite 460
            Brownsville, Texas 78521
            Former Defendant to cause of action and has knowledge as to the facts that
            comprise the basis of this lawsuit.

9.          Dan Bennet
            Brownsville Police Department
            Brownsville, Texas 78520

10.         Robert Salinas
            Cameron County Sheriff's Department
            964 E. Harrison Street
            Brownsville, Texas 78520
            Witness to the events made the basis of this lawsuit.

11.         Basilio Gomez, Sr.
            c/o Mr. Richard W. Espey
            Davis, Cedillo & Mendoza, Inc.
            McCombs Plaza, Suite 500

755 E. Mulberry Avenue
San Antonio, Texas 78212
Defendant to cause of action and has knowledge as to the facts that comprise the basis of this lawsuit.

12.     Basilio Gomez, Jr.
c/o Mr. Richard W. Espey
Davis, Cedillo & Mendoza, Inc.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Defendant's son and has knowledge as to the facts that comprise the basis of this lawsuit.

13.     Randy Dunn
Retired uniform service division commander who reviewed the officers' conduct and found it to be appropriate.

14.     Fred Perez, MD and/or Custodian of Records
800 Jefferson
Brownsville, Texas 78520
Treated Plaintiff Jesus Silva Salazar.

15.     Raul Garza, MD and/or Custodian of Records
San Benito, Texas
Treated Plaintiff Jesus Silva Salazar.

16.     Chief Carlos Garcia
Brownsville Police Department
600 E. Jackson
Brownsville, Texas 78520
Telephone: (956) 548-7051
Telecopier: (956) 548-7058
Expert retained by former Defendants City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez.

17.     Harold W. Warren
Security & Public Safety Consultant
4348 FM 1801
Mineola, Texas 75773-4765
Telephone: (903) 569-5701
Telecopier: (903) 539-6036
Expert retained by former Defendants City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez.

18.     Valley Regional Medical Center and/or Custodian of Records

1 Ted Hunt Blvd.
Brownsville, Texas 78521
Plaintiff Jesus Silva Salazar sought treatment from this hospital.

19.       Mercy Hospital and/or Custodian of Records
Plaintiff Jesus Silva Salazar sought treatment from this hospital.

20.       Brownsville EMS and/or Custodian of Records
Brownsville, Texas
Plaintiff was treated by Brownsville EMS.

21.       Any witness listed by Plaintiff.

J:\rwe\41300005\motions-orders\voir.dire.examination.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| VS. | § | C.A. NO. B 01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITY AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

---

## DEFENDANT, BASILIO GOMEZ, SR.'S PROPOSED QUESTIONS
## FOR THE VOIR DIRE EXAMINATION

---

Defendant, Basilio Gomez, Sr. proposes the following questions for the voir dire examination:

(1)    Does anyone know any of the following individuals:

     (a)    Basilio Gomez, Sr.

     (b)    Rosalinda (Rosalina) Ponce de Silva Salazar

     (c)    Jesus Silva Salazar

     (d)    Carlos Zamorrano

     (e)    Oscar Lara

     (f)    Adrian Mascorro

     (g)    Rey Lopez

     (h)    Arnold Galvan

     (i)    Raul Silva Salazar

     (j)    Jesus Alberto Salazar

    (k)    Alejandro Pacheco

    (l)    Dan Bennet

    (m)    Robert Salinas

    (n)    Vernon Hodges

    (o)    Randy Dunn

    (p)    Ben Reyna

(2)    Does anyone know Albert Villegas or anyone at his law office?

(3)    Does anyone know Ruben Pena or anyone at his law office?

(4)    Does anyone know Rick Espey or anyone at the firm of Davis, Cedillo & Mendoza?

(5)    Does anyone know Frank Wood or Dennis Sanchez or anyone at the firm of Sanchez, Whittington, Janis & Zabarte, L.L.P.?

(6)    Does anyone have any legal training?

(7)    Does anyone have any experience working with or for an attorney?

(8)    Does anyone know or has anyone been treated by or is currently being treated by Dr. Fred Perez?

(9)    Does anyone know or has anyone been treated by or is currently being treated by Dr. Raul Garza?

(10)    Has anyone been to 77 Flea Market?

(11)    Have any of you ever had prior difficulties with 77 Flea Market?

(12)    Have any of you ever had prior difficulties with Basilio Gomez, Sr.?

(13)    Does/Has anyone heard or know about this incident?

(14)    Have you/spouse/children/relatives/friends ever had a complaint with any police department?

(15)    Have you/spouse/children/relatives/friends ever had a complaint with the Brownsville Police Department?

(16)   Has anyone ever had an injury to their neck or back that required medical treatment a result of an accident or because of some other reason?

(17)   Has anyone ever made a prior claim or brought a lawsuit for personal injury wherein money damages were being sought as the result of an accidental injury?

Respectfully,

**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 822-6666
Telecopier: (210) 822-1151

By:_____
       RICHARD W. ESPEY
       Attorney-in Charge
       State Bar No. 06667580
       Federal Bar No. 32158

ATTORNEYS FOR DEFENDANT,
BASILIO GOMEZ, SR.

## CERTIFICATE OF SERVICE

This is to certify that a truc and correct copy of the above and foregoing has this the 24th day of _March_, 2003, been forwarded via certified mail, return receipt requested, hand-delivery and/or telecopier to the following:

Mr. Albert Villegas
VILLEGAS LAW FIRM
1324 East 7th Street
Brownsville, Texas 78250
ATTORNEYS FOR PLAINTIFFS

Mr. Ruben Pena
Attorney at Law
222 W. Harrison Street
Harlingen, Texas 78550
ATTORNEYS FOR PLAINTIFFS

_____
RICHARD W. ESPEY

- 3 -

J:\rwe\41300005\motions-orders\jury.charge02.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| VS. | § | C.A. NO. B 01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITY AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

## DEFENDANT, BASILIO GOMEZ, SR.'S
## PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

TO THE HONORABLE JUDGE OF SAID COURT:

　　　　NOW COMES Defendant, Basilio Gomez, Sr., by and through his attorneys, and submits

this his Proposed Jury Instructions and Verdict Form as follows:

GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that

- 2 -

you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the

existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise

directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

Source:
COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) 3.1 (1999).

LIMITING INSTRUCTION

You will recall that during the course of this trial I instructed you that I admitted certain testimony and certain exhibits for a limited purpose and I instructed you that you may consider some testimony and documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

Source:
COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) 2.15 (1999).

EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

Source:
COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) 2.19 (1999).

## DEPOSITION TESTIMONY

Certain testimony will now be presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read (shown) to you today. This deposition testimony is entitled to the same consideration [and is to be judged by you as to credibility] [and weighed and otherwise considered by you insofar as possible in the same way] as if the witness had been present and had testified from the witness stand in court.

Source:
COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) 2.23 (1999).

## BURDEN OF PROOF

In this case, the plaintiff must prove every essential part of his or her claim by a preponderance of the evidence.

A preponderance of the evidence simply means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

Source:
F COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) 2.20 (1999).

## QUESTION NO. 1

On the occasion in question were Oscar Lara, Rey Lopez, Carlos Zamorrano, Adrian Mascorro and/or Arnold Galvan acting as employees of Basilio Gomez, Sr.?

An "employee" is a person in the service of another with the understanding, express or implied that such other person has the right to direct the details of the work and not merely the result to be accomplished.

A person is not acting as an employee if he is acting as an "independent contractor." An independent contractor is a person who, in pursuit of an independent business, undertakes to do specific work for another person, using his own means and methods without submitting himself to the control of such other person with respect to the details of the work, and who represents the will of such other person only as to the result of his work and not as to the means by which it is accomplished.

Answer "Yes" or "No" for each of the following:

Oscar Lara             Answer:_____

Rey Lopez              Answer:_____

Carlos Zamorrano       Answer:_____

Adrian Mascorro        Answer:_____

Arnold Galvan          Answer:_____

Source:
COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES 7.1, 7.8 (2000 ed.).

If you have answered Question No. 1 "Yes," then answer Question 2.  Otherwise, do not answer Question No. 2.

## QUESTION NO. 2

On the occasion in question were Oscar Lara, Rey Lopez, Carlos Zamorrano, Adrian Mascorro and/or Arnold Galvan acting in the scope of their employment?

An "employee" is acting in the scope of his employment if he is acting in the furtherance of the business of his employer.

An "employee" is not acting in the scope of his employment if he is an off-duty officer that sees a crime being committed and he performs a public duty.

Answer "Yes" or "No" for each of the following:

Oscar Lara          Answer:_____

Rey Lopez           Answer:_____

Carlos Zamorrano    Answer:_____

Adrian Mascorro     Answer:_____

Arnold Galvan       Answer:_____

Source:
COMM. ON PATTERN JURY CHARGE, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 7.6 (2000 ed.); *Mansfield v. C.F. Bent Tree Apt. Ltd., Prtshp.*, 37 S.W.3d 145, 149 (Tex.App.—Austin 2001, no pet.); *City of Dallas v. Half Price Books, Records, Mags.*, Inc., 883 S.W.2d 374, 377 (Tex.App.—Dallas 1994, no writ); *Blackwell v. Harris Cty.*, 909 S.W.2d 135, 139 (Tex.App.—Houston [14th Dist.] 1995, writ denied).

If you have answered Question No. 1 "Yes," and if you have answered Question No. 2 "Yes," then answer Question No. 3. Otherwise, do not answer Question No. 3.

## QUESTION NO. 3

Did the negligence, if any, of those named below proximately cause the occurrence in question?

"Negligence" means failure to use ordinary care; that is, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care which would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means that which, in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Answer "Yes" or "No" for each of the following:

Oscar Lara            Answer:_____

Rey Lopez             Answer:_____

Carlos Zamorrano      Answer:_____

Adrian Mascorro       Answer:_____

Arnold Galvan         Answer:_____

COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 2.1, 2.4, 4.1 (2000 ed.).

If you have answered Question No. 1 "Yes," and if you have answered Question No. 2 "Yes," then answer Question No. 4. Otherwise, do not answer Question No. 4.

## QUESTION NO. 4

Did any of those named below commit an assault against Jesus Silva Salazar and/or Rosalinda (Rosalina) Ponce de Silva Salazar?

A person commits an assault if he (1) intentionally, knowingly, or recklessly causes bodily injury to another; (2) intentionally or knowingly threatens another with imminent bodily injury; or (3) intentionally or knowingly causes physical contact with another when he or she knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Answer "Yes" or "No" for each of the following:

Oscar Lara            Answer:_____

Rey Lopez             Answer:_____

Carlos Zamorrano      Answer:_____

Adrian Mascorro       Answer:_____

Arnold Galvan         Answer:_____

Source:
COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES 6.6 (2000 ed.).

If you have answered Question No. 3 "Yes," or if you have answered Question No. 4 "Yes," then answer Question No. 5. Otherwise, do not answer Question No. 5.

## QUESTION NO. 5

What sum of money, if paid now in cash, would fairly and reasonably compensate Jesus Silva Salazar for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents, for damages, if any.

a.    Physical pain and mental anguish sustained in the past.

Answer:_____

b.    Physical pain and mental anguish that, in reasonable probability Jesus Silva Salazar will sustain in the future.

Answer:_____

c.    Loss of earning capacity sustained in the past.

Answer:_____

d.    Physical impairment sustained in the past.

Answer:_____

e.    Physical impairment that, in reasonable probability Jesus Silva Salazar will sustain in the future.

Answer:_____

f.    Medical care in the past.

Answer:_____

- 14 -

Source:
COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 8.2 cmt. (2000 ed.).

If you have answered Question No. 3 "Yes," or if you have answered Question No. 4 "Yes," then answer Question No. 6.  Otherwise, do not answer Question No. 6.

## QUESTION NO. 6

What sum of money, if paid now in cash, would fairly and reasonably compensate Rosalinda (Rosalina) Ponce de Silva Salazar for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other.  Consider each element separately.  Do not include damages for one element in any other element.  Do not include interest on any amount of damages you find.

Answer separately in dollars and cents, for damages, if any.

a.    Physical pain and mental anguish sustained in the past.

Answer:_____

b.    Physical pain and mental anguish that, in reasonable probability Rosalinda (Rosalina) Ponce de Silva Salazar will sustain in the future.

Answer:_____

c.    Physical impairment sustained in the past.

Answer:_____

d.    Physical impairment that, in reasonable probability Jesus Silva Salazar will sustain in the future.

Answer:_____

Source:
COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 8.2 cmt. (2000 ed.).

Respectfully,

**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 822-6666
Telecopier: (210) 822-1151

By:_____
RICHARD W. ESPEY
Attorney-in-Charge
State Bar No. 06667580
Federal Bar No. 32158

ATTORNEYS FOR DEFENDANT,
BASILIO GOMEZ, SR.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has this the 24th day of _March_, 2003, been forwarded via certified mail, return receipt requested, hand-delivery and/or telecopier to the following:

Mr. Albert Villegas
VILLEGAS LAW FIRM
1324 East 7th Street
Brownsville, Texas 78250
ATTORNEYS FOR PLAINTIFFS

Mr. Ruben Pena
Attorney at Law
222 W. Harrison Street
Harlingen, Texas 78550
ATTORNEYS FOR PLAINTIFFS

_____
RICHARD W. ESPEY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROSALINDA SALAZAR AND      §
JESUS SILVA SALAZAR         §
                            §
vs                          §        C.A. NO. B01 105
                            §
BASILIO GOMEZ SR..          §

## CHARGE TO THE JURY

LADIES AND GENTLEMEN OF THE JURY:

You have now heard the evidence and argument of the respective attorneys in support of their positions in this suit. It is, therefore, my duty to give you the instructions of the Court as to the law applicable in your case.

It is your duty as jurors to follow the law as stated in these instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law, but must consider the instruction as a whole.

Neither are you to be concerned with wisdom of any rules of law stated by the Court. Regardless as to any opinion you have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instruction of the Court.

You are the exclusive judges of the facts of the credibility of the witnesses and the weight to be given their testimony.

## INSTRUCTION NO. 1

### All Persons Equal Before the Law - Organizations

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar situations in life. A corporation is entitled to the same fair trial at your hands as a private individual. The law is not respecter of persons; all persons, including corporation, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

You are to perform your duty without bias or prejudice to any party. The law does not permit jurors to be governed by sympathy or prejudice.

The Court and the parties expect that you will carefully and impartially follow the evidence and the law as the Court gives it to you, and reach a just verdict.

## INSTRUCTION NO. 2

<u>Preponderance of the Evidence</u>

The burden is on the Plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the Defendant.

To "establish by a preponderance of the evidence" means to provide that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

In determining whether any fact is issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

<u>Quintero vs. Sinclair Refining Co.,</u> 311 F.2d (5th Cir. 1962); <u>Burch v. Reading Co.,</u> 240 F.2d 574, 578-579 (3rd Cir. 1957), <u>cert. denied</u> U.S. 965, 77 S. Ct. 1049, 1 L. Ed. 2d 914 (1957).

INSTRUCTION NO. 3

Burden of Proof - Absolute Certainty Not Required

Although the burden is on the party, who asserts the affirmative of an issue to prove his claim by a preponderance of the evidence in the case, this rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In a civil action such as this, it is proper to find that a party has succeeded in carrying the burden of proof on an issue of fact if, after consideration of all the evidence in the case, the jurors believe that what is sought to be proved on that issue is more likely true than not true.

Burch v. Reading Co., F.2d. 574, 578-579, (3rd Cir. 1957) cert denied 353 U.S. 965, 77 S. Ct. 1049, 1 L. Ed. 2d 914 (1957); United States v. Fabrizio, 193 F. S. pp. 446, 449 (D. Del. 1961).

INSTRUCTION NO. 4

Evidence - Direct- Indirect or Circumstantial

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

See: The Robert Edwards, 19 U.S. (6 Wheat) 187, 188, 5 L. Ed. 238 (1821); Ezzard v. United States, 7 F.2d 808, 810 (8th Cir. 1925).

INSTRUCTION NO. 5

Credibility of Witnesses - Discrepancies in Testimony

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters.

Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the injury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent, misremember, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

Aetna Life Ins. Co. v. Ward, 140 U.S. 76, 88, 11 S. Ct. 720,
724, 35 L. Ed. 371 (1891); Quock Ting vs. United States, 140
U.S. 417, 420-421, 11 S. Ct. 733, 851, 35 L. Ed. 501 (1891)

# INSTRUCTION NO. 6

Testimony-Credibility

A witness, including a Plaintiff or a Defendant, may be discredited  or impeached by contradictory evidence, or by evidence that at other  times the witness has made statements which are inconsistent with the  witness' present testimony.

If you believe that any witness has been impeached and thus  discredited, it is your exclusive province to give the testimony of that  witness such credibility, if any, as you may think it deserves.

If a witness is show knowingly to have testified falsely  concerning any material matter, you have a right to distrust the  witness' testimony in other particulars; and you may reject all the  testimony of that witness, or give it such credibility as you may think  it deserves.

INSTRUCTION NO. 7

<u>Testimony-Depositions</u>

During the trial of this cause, certain testimony has been read to you by way of deposition, consisting of sworn written answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties in the case. The testimony of a witness may be presented in writing under oath, in the form of a deposition. Such testimony is entitled to the same consideration, and is to be judged as to the credibility as weighed and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

INSTRUCTION NO. 8

<u>Arguments of Counsel</u>

Statement and arguments of counsel are not evidence in the case. They are only intended to assist the jury in understanding the evidence and the contentions of the parties. During the course of trial it often becomes the duty of the lawyers to make objections and for the Court to rule on them in accordance with the law. The jury should not consider or be influenced by the fact that such objections have been made whether they were sustained or overruled.

INSTRUCTION NO. 9

Essential elements of Plaintiff's claims

In order to prove the essential elements of Plaintiff's claim, the burden is on the Plaintiff to establish, by a preponderance of the evidence in this case, the following facts:

First, that the Defendant was negligent in one or more of the particulars alleged; and,

Second, that the Defendant's negligence caused or contributed to some injury consequent damage sustained by the Plaintiff.

INSTRUCTION NO. 10

<u>"Negligence" -- Defined</u>

Negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, when prompted by considerations which ordinarily regulate the conduct of human affairs. It is, in other words, the failure to use ordinary care under the circumstances in the management of one's person or property.

Devitt & Blackmar, <u>Fed. Jury Prac. & Inst.</u> 89.02 (1970)

INSTRUCTION NO. 11

"Ordinary Care" -- Defined

"Ordinary care" is that care which reasonably prudent persons exercise on the management of their own affairs, in order to avoid injury to themselves or their property, or the persons or property of others.

Devitt & Blackmar, Fed. Jury Prac. & Inst. 89.01 (1970)

INSTRUCTION NO. 12

"Ordinary Care" -- A Relative Term

Ordinary care is not an absolute term, but a relative one.  This is  to say, in deciding whether ordinary care was exercised in a given case,  the conduct in question must be viewed in the light of all the  surrounding circumstances as shown by the evidence in the case.

Devitt & Blackmar, Fed. Jury Prac. & Inst.  89.04  (1970)

THIS CONCLUDES THE CHARGE OF THE COURT EXCEPT FOR ONE FINAL WORD. YOU ARE REMINDED ONCE MORE THAT YOU ARE OBLIGATED UNDER YOUR OATH AS JURORS TO RENDER A FAIR AND JUST VERDICT IN THIS LAWSUIT. THE JURY DELIBERATIONS IN A COURT OF LAW ARE SERIOUS BUSINESS; THERE CAN BE NO ROOM FOR BIAS, PREJUDICE OR SYMPATHY FAVORING ONE PARTY OVER ANOTHER IN A LAWSUIT. NEITHER ARE YOU TO INJECT INTO YOUR DELIBERATIONS ANY PERSONAL EXPERIENCES OR CONVICTIONS WHICH YOU MAY THINK AT THE TIME WOULD BE HELPFUL TO THE OTHER JURORS. YOUR VERDICT MUST BE BASED ONLY ON THE EVIDENCE HEARD FROM THE WITNESS STAND, THE STIPULATIONS AND THE EXHIBITS WHICH ARE ALSO EVIDENCE AND ARE AVAILABLE FOR YOUR EXAMINATION IN THE JURY ROOM. REVIEW THE TESTIMONY AND RECORDS WITH CARE AND CONDUCT YOUR PROCEEDING IN AN ORDERLY AND BUSINESSLIKE MANNER. IF DURING YOUR DELIBERATIONS YOU HAVE ANY QUESTIONS, YOU CAN ALWAYS COMMUNICATE WITH THE COURT THROUGH THE BAILIFF.

UPON RETIRING TO THE JURY ROOM, YOU WILL SELECT ONE OF YOUR NUMBER TO ACT AS YOUR FOREMAN. THE FOREMAN WILL PRESIDE OVER YOUR DELIBERATIONS, AND WILL BE YOUR SPOKESMAN HERE IN COURT.

NEITHER ARE YOU TO BE CONCERNED WITH WISDOM OF ANY RULE OF LAW STATED BY THE COURT. REGARDLESS AS TO ANY OPINION YOU HAVE AS TO WHAT THE LAW OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANY VIEW OF THE LAW OTHER THAN THAT GIVEN IN THE INSTRUCTION OF THE COURT.

YOU ARE THE EXCLUSIVE JUDGES OF THE FACTS OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT TO BE GIVEN THEIR TESTIMONY.

FORM INTERROGATORIES HAVE BEEN PREPARED FOR YOUR CONVENIENCE IN REACHING A VERDICT. I WILL READ THESE TO YOU AT THIS TIME.

YOU WILL TAKE THESE FORMS TO THE JURY ROOM, AND WHEN YOU HAVE REACHED A UNANIMOUS AGREEMENT AS TO EACH, YOU WILL HAVE YOUR FOREMAN FILL IN THE APPROPRIATE ANSWER. AT THE END OF YOUR DELIBERATIONS YOUR FOREMAN WILL DATE AND SIGN THE FORMS, AND YOU WILL RETURN WITH YOUR VERDICT TO THE COURTROOM.

IT IS NOW THE DUTY OF THE COURT TO GIVE THE ATTORNEYS FOR THE PARTIES AN OPPORTUNITY TO MAKE OBJECTIONS TO THIS CHARGE OUT OF THE PRESENCE OF THE JURY. ACCORDINGLY YOU WILL RETIRE TO THE JURY ROOM WHILE THESE OBJECTIONS ARE MADE FOLLOWING WHICH I WILL ASK YOU TO RETURN BRIEFLY TO THE JURY BOX. IN THE EVENT THAT ADDITIONAL INSTRUCTIONS ARE NECESSARY, I WILL GIVE THEM TO YOU AT THAT TIME. OTHERWISE, I WILL ADVISE YOU THAT THE CHARGE STANDS WITHOUT MODIFICATION, AND YOU WILL THEN RETIRE TO THE JURY ROOM TO COMMENCE YOUR DELIBERATIONS.

RESPECTFULLY SUBMITTED

ALBERT VILLEGAS
1324 EAST SEVENTH
BROWNSVILLE TEXAS
956 544 3352
BAR NO 20585450
FEDERAL ID NO 3913
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROSALINDA SALAZAR AND          §
JESUS SILVA SALAZAR            §
                              §
vs                            §          C.A. NO. B01 105
                              §
BASILIO GOMEZ SR.,            §


## PLAINTIFF'S PROPOSED VOIR DIRE INTERROGATORIES

1. What is your occupation?

2. How long have you worked in that occupation?

3. Who is your employer?

4. Have you ever served on a jury before? If your answer is yes, please explain the nature of the case whether it was civil or criminal, what issues were involved, what decision was reached and were you foreperson.

5. Have you, any member of your family or close friend ever worked in the law enforcement industry? If so, please explain who, when and where.

6. Have you, or has any members of your family ever been employed as security officers of any kind? If so, please state who, when and where.

7. Have you or any member of your family ever been involved in a law suit before as a participant or witness? If so, please state the nature of the lawsuit, when it occurred, and what was the final result.

8. Have you, any family member or close friend been employed by Basilio Gomez Sr.

9. The plaintiffs are from Mexico and have lived in Texas for over twenty years. Their main language is Spanish. Is there anyone that believes they could not be fair.

10. If you are instructed that you may award damages to the Plaintiff in an amount which will fairly and justly  compensate him for losses which he has sustained; and  further, that such losses need not be proved with  mathematical precision or exactness; would you apply this rule in such a manner as to fairly and justly compensate  the Plaintiff for those losses he has  proven to your satisfaction.

11. Have you or any  member of your family been involved in  an accident resulting in physical injuries?  If so, to what extent were the injuries?

12. Are you or any member of your family now or have any  members of your family or you ever  been employed by an insurance company or in anyway been involved in the  adjustment of claims?

13. State whether any person has ever made a claim against you or your immediate family in  which such person sought  damages from you on account of injuries.

14. Do any of you know of any reason why you could not be a  fair and impartial juror to Jesus Silva and Rosa Linda Silva of Brownsville, Texas in this cause?

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that the Court consider the foregoing questions during the conduct of the voir dire examination of the Jury pane. In addition, the Plaintiff respectfully requests the opportunity to propound further questions based upon any responses received with respect to the foregoing.

RESPECTFULLY SUBMITTED

_____
ALBERT VILLEGAS
1324 EAST SEVENTH
BROWNSVILLE TEXAS
956 544 3352
BAR NO 20585450
Federal Id No 3913
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I Hereby certify that a true and correct copy of the foregoing has been sent this 24 th day of

March, 2003.

ALBERT VILLEGAS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROSALINDA SALAZAR AND       §
JESUS SILVA SALAZAR         §
                            §
vs                          §          C.A. NO. B01 105
                            §
BASILIO GOMEZ SR.,          §


## PLAINTIFF'S PROPOSED VOIR DIRE INTERROGATORIES

1.  What is your occupation?

2.  How long have you worked in that occupation?

3.  Who is your employer?

4.  Have you ever served on a jury before? If your answer is yes, please explain the nature of the case whether it was civil or criminal, what issues were involved, what decision was reached and were you foreperson.

5.  Have you, any member of your family or close friend ever worked in the law enforcement industry? If so, please explain who, when and where.

6.  Have you, or has any members of your family ever been employed as security officers of any kind? If so, please state who, when and where.

7.  Have you or any member of your family ever been involved in a law suit before as a participant or witness? If so, please state the nature of the lawsuit, when it occurred, and what was the final result.

8.  Have you, any family member or close friend been employed by Basilio Gomez Sr .

9.  The plaintiffs are from Mexico and have lived in Texas for over twenty years. Their main language is Spanish. Is there anyone that believes they could not be fair.

10. If you are instructed that you may award damages to the Plaintiff in an amount which will fairly and justly compensate him for losses which he has sustained; and further, that such losses need not be proved with mathematical precision or exactness; would you apply this rule in such a manner as to fairly and justly compensate the Plaintiff for those losses he has proven to your satisfaction.

11. Have you or any member of your family been involved in an accident resulting in physical injuries? If so, to what extent were the injuries?

12. Are you or any member of your family now or have any members of your family or you ever been employed by an insurance company or in anyway been involved in the adjustment of claims?

13. State whether any person has ever made a claim against you or your immediate family in which such person sought damages from you on account of injuries.

14. Do any of you know of any reason why you could not be a fair and impartial juror to Jesus Silva and Rosa Linda Silva of Brownsville, Texas in this cause?

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that the Court consider the foregoing questions during the conduct of the voir dire examination of the Jury pane. In addition, the Plaintiff respectfully requests the opportunity to propound further questions based upon any responses received with respect to the foregoing.

RESPECTFULLY SUBMITTED

ALBERT VILLEGAS
1324 EAST SEVENTH
BROWNSVILLE TEXAS
956 544 3352
BAR NO 20585450
Federal Id No 3913
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I Hereby certify that a true and correct copy of the foregoing has been sent this 24 th day of March, 2003.

_____

ALBERT VILLEGAS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROSALINDA SALAZAR AND          §
JESUS SILVA SALAZAR            §
                              §
vs                            §          C.A. NO. B01 105
                              §
BASILIO GOMEZ SR.,            §

PLAINTIFF'S PROPOSED INTERROGATORIES TO THE JURY

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Rosa Linda Salazar and Jesus Silva Salazar, respectfully submits the following

proposed Interrogatories to the Jury.

Interrogatory No. 1

On the occasion in question were Rey Lopez, Oscar Lara, Carlos Zamorrano, Adrian

Mascorro and Arnold Galvan acting as an employee of Basilio Gomez Sr. dba 77 Flea Market?

An employee is a person in the service of another with the understanding, express or implied

that such other person has the right to direct the details of the work and not merely the result to be

accomplished.

ANSWER YES OR NO

_____

Texas Pattern Jury Charges 7.1

1998 Edition

INTERROGATORY NO 2

Did the negligence if any of those named below proximately cause the injury in question?

Answer "Yes " or "No"

Basilio Gomez Sr. _____

Jesus Silva Salazar _____

Rosa Linda Salazar _____


Texas Pattern Jury Charge 4.1

1998 Edition

Interrogatory No.3

If you have answered yes to question no 2 for more than one of those named below, then answer th following. Otherwise do not answer the following question.

The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The negligence attributable to any one named below is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be same percentage attributed to that one in answering another question.

What percentage of the negligence that caused the injuries in question do you find to be attributable to each of those found by you, in your answer to Interrogatory no 2, to have been negligent?

Basilio Gomez Sr. _____

Jesus Silva Salazar _____

Rosa Linda Salazar _____

TOTAL            100%

Texas Pattern Jury Charge 4.3

1998 Edition

Interrogatory No. 3

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly compensate Jesus Silva Salazar for the following elements of damage, without reduction for negligence, if any, on his part?

A.   Past and future physical pain;

B.   Past and future mental anguish;

C.   Past and future physical impairment;

D.   Past and future medical and hospitalization

     expenses resulting from the injury in question;

E.   Loss of earning from the date of injury until

     the present date;

F.   Loss of future earnings;

G.   Past and future loss of life's pleasures.

H.   ~~Expenses incurred which resulted from the incident~~

     Including attorneys fees, bail bond fees, embarrassment

     and humiliation.

Answer in Dollars and Cents.

Answer:  $_____

Texas Pattern Jury Charge 8.2

1998 Edition

Interrogatory No. 4.

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly compensate Rosa Linda Salazar for the following elements of damage, without reduction for negligence, if any, on her part?

A.   Past and future physical pain;

B.   Past and future mental anguish;

C.   Past and future physical impairment;

D.   Loss of future earnings;

E.   Past and future loss of life's pleasures.

F.   Expenses incurred which resulted from the incident

   Including attorneys fees, bail bond fees, embarrassment

   and humiliation.

Answer in Dollars and Cents.

Answer: $_____

Texas Pattern Jury Charge 8.2

1998 Edition

RESPECTFULLY SUBMITTED

ALBERT VILLEGAS
1324 EAST SEVENTH
BROWNSVILLE TEXAS
956 544 3352
BAR NO 20585450
FEDERAL ID NO 3913
ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I Hereby certify that a true and correct copy of the foregoing has been sent this 24TH day of

March , 2003.

ALBERT VILLEGAS

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| JESUS SILVA SALAZAR, ET AL.<br>Versus- - - - - - - - - - - - - - - - - - - - - -<br>BASILIO GOMEZ SR. | CASE NO.     B-01-105 |
|---|---|
| Judge Hilda G. Tagle | Exhibit List |
| List of Plaintiffs | Case Manager: Stella Cavazos<br>Court Reporter: Breck Record<br><br>Proceeding          Date |

| No. | Description | Adm | Ext |
|---|---|---|---|
| 1 | MEDICAL RECORDS OF PLAINTIFF JESUS SILVA SALAZAR | | |
| 2 | VIDEOTAPE OF SCENE OF INCIDENT | | |
| 3 | TAX RETURNS OF PLAINTIFF | | |
| 4 | COURT RECORDS OF PLAINTIFFS | | |
| 5 | PHOTOGRAPHS OF SCENE AND FLEA MARKET | | |
| 6 | VIDEOTAPES OF FLEA MARKET AND SURROUNDING AREA | | |
| 7 | STATEMENTS OF OFF DUTY OFFICERS | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| JESUS SILVA SALAZAR, ET AL.<br>Versus- - - - - - - - - - - - - - - - - - - - - -<br>BASILIO GOMEZ SR. | CASE NO.    B-01-105 |
|---|---|
| Judge Hilda G. Tagle | Exhibit List |
| List of Plaintiffs | Case Manager: Stella Cavazos<br>Court Reporter: Breck Record<br><br>Proceeding            Date |

| No. | Description | Adm | Ext |
|---|---|---|---|
| 1 | MEDICAL RECORDS OF PLAINTIFF JESUS SILVA SALAZAR | | |
| 2 | VIDEOTAPE OF SCENE OF INCIDENT | | |
| 3 | TAX RETURNS OF PLAINTIFF | | |
| 4 | COURT RECORDS OF PLAINTIFFS | | |
| 5 | PHOTOGRAPHS OF SCENE AND FLEA MARKET | | |
| 6 | VIDEOTAPES OF FLEA MARKET AND SURROUNDING AREA | | |
| 7 | STATEMENTS OF OFF DUTY OFFICERS | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| JESUS SILVA SALAZAR, ET AL.<br>Versus- - - - - - - - - - - - - - - - - - - - -<br>BASILIO GOMEZ SR. | CASE NO.     B-01-105 |
|---|---|
| Judge Hilda G. Tagle | Exhibit List |
| List of Plaintiffs | Case Manager: Stella Cavazos<br>Court Reporter: Breck Record<br>Proceeding          Date |

| No. | Description | Adm | Ext |
|---|---|---|---|
| 1 | MEDICAL RECORDS OF PLAINTIFF JESUS SILVA SALAZAR | | |
| 2 | VIDEOTAPE OF SCENE OF INCIDENT | | |
| 3 | TAX RETURNS OF PLAINTIFF | | |
| 4 | COURT RECORDS OF PLAINTIFFS | | |
| 5 | PHOTOGRAPHS OF SCENE AND FLEA MARKET | | |
| 6 | VIDEOTAPES OF FLEA MARKET AND SURROUNDING AREA | | |
| 7 | STATEMENTS OF OFF DUTY OFFICERS | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |