J:\rwe\41300005\motions-orders\mtn.limine.doc
04/05/03/RWE/cmc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| VS. | § | C.A. NO. B 01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITY AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

## DEFENDANT, BASILIO GOMEZ, SR.'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

Before the voir dire examination of the jury pane, Defendant, Basilio Gomez, Sr., makes this motion in limine. Defendant seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Plaintiffs, ROSALINDA SALAZAR AND JESUS SILVA SALAZAR, inject these matters into the trial of this case through a party, an attorney, or a witness, Plaintiffs will cause irreparable harm to Defendant's case, which no jury instruction would cure. If any of these matters are brought directly or indirectly to the attention of the jury, Defendant would be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Defendant urges this motion in limine.

### A. Grounds

Defendant asks the court to prohibit Plaintiffs from offering any of this evidence without first asking for a ruling from the court, outside the jury's presence, on the admissibility of the evidence.

1.      Any evidence, statement, or argument of other crimes, wrongs, or acts to prove the character of Defendant, Basilio Gomez, Sr., to show Defendant, Basilio Gomez, Sr., acted in conformity with his character on April 9, 2000. *See* FED. R. EVID. 404(b).

AGREED:                    YES                    NO


2.      Any evidence, statement, or argument of any subsequent remedial measure used to prove Defendant's negligence. *See* FED. R. EVID. 407; *Wood v. Morbark Indus., Inc.,* 70 F.3d 1201, 1206 (11th Cir. 1995).

AGREED:                    YES                    NO


3.      Any evidence, statement, or argument that Defendant has liability insurance coverage. *See* FED. R. EVID. 411; *Higgins v. Hicks Co.,* 756 F.2d 681, 684-85 (8th Cir. 1985).

AGREED:                    YES                    NO


4.      Any evidence, statement, or argument regarding settlement negotiations. Evidence of settlement negotiations is inadmissible. *See* FED. R. EVID. 408; *Affiliated Mfrs, Inc. v. Aluminum Co.,* 56 F.3d 521, 526-30 (3d Cir. 1995).

AGREED:                    YES                    NO


5.      Any evidence, statement, or argument of other litigation involving Defendant and Plaintiffs. Evidence of earlier cases is admissible only if plaintiff can demonstrate that the conduct underlying those earlier judgments has a direct, logical relationship to the conduct at issue in this case. *Sullivan v. National Football League,* 34 F.3d 1091, 1113 (1st Cir. 1994).

AGREED:                    YES                    NO


6.      Any evidence by experts who were not identified as testifying experts in Plaintiffs' Pretrial Disclosures.

AGREED:                    YES                    NO


7.      Any opinion by an expert that is not supported by admissible facts. *Guillory v. Domtar Indus., Inc.,* 95 F.3d 1320, 1331 (5th Cir. 1996).

AGREED:                    YES                    NO

8.    Any evidence, statement, or argument supporting an issue that was not contained in the final pretrial order. *Life Care Ctrs., Inc. v. Charles Town Assocs., L.P.*, 79 F.3d 496, 507 (6th Cir. 1996).

AGREED:                    YES                    NO


9.    Any evidence that Plaintiffs did not produce in discovery. Plaintiffs should not be permitted to present any witness Plaintiffs did not name in their disclosures.

AGREED:                    YES                    NO


10.    Any attempt to elicit testimony from Defendant about communications with any of his lawyers. Such communications are privileged. *See* FED. R. EVID. 501.

AGREED:                    YES                    NO


11.    Any evidence, statement, or argument regarding who pays the damages, if any.

AGREED:                    YES                    NO


12.    Any evidence, statement, or argument of other claims or suits against Defendant or any of Defendant's businesses.

AGREED:                    YES                    NO


13.    Any evidence, statement, or argument to the jury that the Court can reduce the amount of the jury's award.

AGREED:                    YES                    NO


14.    Any evidence of damages for Plaintiffs' failure to comply with Rule 26(a)(1)(C). *See* FED. R. CIV. P. 26(a)(1)(C) and 37(c)(1). *See also* Defendant, Basilio Gomez, Sr.' Brief in Support of Defendant, Basilio Gomez, Sr.'s Motion in Limine Numbers 14 and 15.

AGREED:                    YES                    NO

15.    All Plaintiffs' witnesses and exhibits for failure to serve and file Pretrial Disclosures. *See* FED. R. CIV. P. 26(a)(3) and 37(c)(1). *See also* Defendant, Basilio Gomez, Sr.' Brief in Support of Defendant, Basilio Gomez, Sr.'s Motion in Limine Numbers 14 and 15.

AGREED:                    YES                    NO


16.    Any evidence, statement, or argument by Plaintiffs or Plaintiffs' counsel that the Plaintiffs were found criminally innocent following the arrest of Plaintiffs on April 9, 2000.

AGREED:                    YES                    NO


## B. Prayer

For these reasons, Defendant asks the court to instruct Plaintiffs and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the court, outside the presence and hearing of the jury, and to instruct Plaintiffs and all counsel to warn and caution each of their witnesses to follow the same instructions.

Respectfully,

**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 822-6666
Telecopier: (210) 822-1151

By:_____
        RICHARD W. ESPEY
        Attorney-in-Charge
        State Bar No. 06667580
        Southern District Admission No. 32158

ATTORNEYS FOR DEFENDANT,
BASILIO GOMEZ, SR.

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Defendant Basilio Gomez, Sr.'s Motion in Limine was hand delivered in Open Court on April 7th, 2003, to:

Mr. Albert Villegas
VILLEGAS LAW FIRM
1324 East 7th Street
Brownsville, Texas 78250
ATTORNEYS FOR PLAINTIFFS

Mr. Ruben Pena
Attorney at Law
222 W. Harrison Street
Harlingen, Texas 78550
ATTORNEYS FOR PLAINTIFFS

RICHARD W. ESPEY