J:\rwe\41300005\motions-orders\mtn.limine.brief 14 and 15.doc
04/05/03/RWE/RJT/cmc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

APR 0 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND <br> JESUS SILVA SALAZAR | § § § | |
| VS. | § § | C.A. NO. B 01 105 |
| BASILIO GOMEZ SR., CITY OF <br> BROWNSVILLE AND CARLOS ZAMORRANO, <br> ARNOLD GALVAN, OSCAR LARA, ADRIAN <br> MASCORRO, AND REY LOPEZ <br> INDIVIDUALLY AND IN THEIR OFFICIAL <br> CAPACITY AS EMPLOYEES <br> FOR CITY OF BROWNSVILLE | § § § § § § § | |

**DEFENDANT, BASILIO GOMEZ, SR.'S BRIEF IN
SUPPORT OF DEFENDANT, BASILIO GOMEZ, SR.'S
MOTION IN LIMINE NUMBERS 14 AND 15**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes BASILIO GOMEZ, SR., Defendant in the above-styled and numbered cause, and files the following as his Brief in Support of Defendant, Basilio Gomez, Sr.'s Motion in Limine Numbers 14 and 15:

**I.  Plaintiffs should not be allowed to offer any evidence of damages for their failure to comply with Rule 26(a)(1)(C)**

Under Rule 26(a)(1)(C), Plaintiffs were required to provide "a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered." FED. R. CIV. P. 26(a)(1)(C). Instead of complying

with this requirement, Plaintiffs stated in their Initial Disclosures that their personal injuries amount to $500,000.00, their loss of income is $500,000.00, and their punitive damages are $5,000,000.00. (*See* Exhibit "1", Plaintiffs Initial Disclosure to Defendants Under Federal Rule of Civil Procedure 26(a)). Plaintiffs did not explain how they reached these numbers or produce any documents or other evidentiary material to substantiate these claims.

Pursuant to the Federal Rules, information not provided in discovery should be excluded from evidence unless the disclosing party can establish that the failure to disclose was either harmless or justified. FED. R. CIV. P. 37(c)(1). In determining whether Plaintiffs' failure to disclose is harmless, the court should consider the following factors: 1) the importance of the evidence; 2) the prejudice to the opposing party of allowing the evidence presented; 3) the possibility of curing such prejudice by granting a continuance; and 4) the explanation, if any, for the party's failure to provide the evidence in discovery. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Company, Inc.*, 73 F.2d 546, 572 (5th Cir.), *cert. denied*, 519 U.S. 811 (1996).

Applied here, Plaintiffs cannot establish that their failure to produce information in accordance to Rule 26(a)(1)(C) was either harmless or justified. First, evidence of Plaintiffs' damage calculation is extremely significant. Second, allowing this evidence would severely prejudice Defendant because he has not been given adequate information with which he can prepare for trial. Third, this failure cannot be cured by granting a continuance. This case has been on the Court's docket for close to two years. Further delay would only waste judicial resources and serve to increase the cost to all parties involved. Lastly, Plaintiffs can provide no reasonable excuse for delay. Therefore, under Rule 37(c)(1), the Court should exclude all evidence of Plaintiffs' damages.

II. **The Court should exclude all of Plaintiffs' witnesses and exhibits for failure to serve and file Pretrial Disclosures**

In addition to the disclosures required by Rule 26(a)(1) and (2), Plaintiffs were to have provided to all parties and filed with the court the identity of each witness whom they expect to call, deposition designations, and identification of each document or exhibit Plaintiffs expect to offer at least 30 days before trial. FED. R. CIV. P. 26(a)(3). Applied here, because Plaintiffs did not provide to Defendant or file with the Court any Pretrial Disclosures, all of Plaintiffs' witnesses and exhibits should be excluded.

As mentioned above, Rule 37(c)(1) states that when a party fails without substantial justification to provide information required by Rule 26(a), that evidence should be excluded as evidence at trial. FED. R. CIV. P. 37(c)(1). In determining whether Plaintiffs' failure to disclose their witnesses and exhibits is harmless, the court should consider the following factors: 1) the importance of the evidence; 2) the prejudice to the opposing party of allowing the evidence presented; 3) the possibility of curing such prejudice by granting a continuance; and 4) the explanation, if any, for the party's failure to provide the evidence in discovery. *Sierra Club*, 73 F.2d at 572.

Applied here, Plaintiffs cannot establish that their failure to produce Pretrial Disclosures in accordance with Rule 26(a)(3) was either harmless or justified. First, the identity of each witness Plaintiffs intend to call, deposition designations, and identification of exhibits Plaintiffs expect to offer is of paramount importance. Second, Defendant would be severely prejudiced if Plaintiffs were allowed to proceed to trial without identifying this information. Third, as mentioned above, this failure would not be cured by a continuance. Plaintiffs have already wasted a significant amount of this Court's time, and it would be completely unnecessary to increase the costs of the parties involved. Lastly, considering this case is set to go to trial less

than one week away, Plaintiffs can once again present no reasonable excuse of their failure to provide this information. Therefore, pursuant to Rule 37(c)(1), all of Plaintiffs' witnesses and exhibits should be excluded from this trial.

WHEREFORE, PREMISES CONSIDERED, Defendant requests the Court sustain Defendant's Motion in Limine Numbers 14 and 15.

Respectfully,

DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 822-6666
Telecopier: (210) 822-1151

By:_____
RICHARD W. ESPEY
Attorney-in-Charge
State Bar No. 06667580
Southern District Admission No. 32158

ATTORNEYS FOR DEFENDANT,
BASILIO GOMEZ, SR.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Defendant, Basilio Gomez, Sr.'s Brief in Support of Defendant Basilio Gomez, Sr.'s Motion in Limine Numbers 14 and 15 was hand delivered in Open Court on April 7th, 2003, to:

Mr. Albert Villegas
VILLEGAS LAW FIRM
1324 East 7th Street
Brownsville, Texas 78250
ATTORNEYS FOR PLAINTIFFS

Mr. Ruben Pena
Attorney at Law
222 W. Harrison Street
Harlingen, Texas 78550
ATTORNEYS FOR PLAINTIFFS

_____
RICHARD W. ESPEY

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROSALINDA SALAZAR AND * | |
| JESUS SILVA SALAZAR * | |
| * | |
| vs * | C.A. NO. B01 105 |
| * | |
| BASILIO GOMEZ SR., CITY OF * | |
| BROWNSVILLE AND CARLOS ZAMORRANO * | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN * | |
| MASCORRO, AND REY LOPEZ INDIVIDUALLY * | |
| AND IN THEIR OFFICIAL CAPACITY * | |
| AS EMPLOYEES * | |
| FOR CITY OF BROWNSVILLE * | |

## PLAINTIFFS INITIAL DISCLOSURE TO DEFENDANTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 26 (a)

TO: City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro and
Rey Lopez by and through their attorney of record:
Ryan Henry
Willette & Guerra
3505 Boca Chica Suite 460
Brownsville Texas 78520

Basilio Gomez Sr., by and through his attorney of record:
Dennis Sanchez
100 N. Expressway 83
Brownsville Texas 78520

Now Comes Plaintiffs who file this their initial disclosure pursuant to Rule 26 (a) of the Federal Rules of Civil Procedure and would show the following:

EXHIBIT "1"

## RULE 26 (a) DISCLOSURES
A. Persons Plaintiffs may use to support its claims.

Jesus Silva Salazar
Rosa Linda Salazar
Plaintiffs have knowledge of claims and factual background and damages

Basilio Gomez Sr.
1005 E. Tyler
Brownsville Texas
Defendant knows of employment relationship with co defendants and past factual relationship with plaintiffs.

Carlos Zamorrano
Arnold Galvan,
Oscar Lara,
Adrian Mascorro
Rey Lopez
C/O Ryan Henry
Willette & Guerra
3505 Boca Chica Suite 460
Brownsville Texas 78520
These codefendants know of past history of Plaintiffs claims against Basilio Gomez Sr. and damages to Plaintiffs, lack of basis for arrest, employment status with codefendants City and Gomez at relevant times

Robert Salinas
Cameron County Sheriffs Department
964 E Harrison
Brownsville Texas

Vernon Hodges
City of Brownsville
Brownsville Texas
Knows of problems with Defendant Gomez and flea market

Carlos Rubenstein
C/O Ernesto Gamez
777 E Harrison
Brownsville Texas
knows of defendant City's ratification of off duty officers working for Defendant Gomez

Randy Dunn
City of Brownsville
Police Department
Brownsville Texas
Knows of Plaintiffs complaints to City about Gomez and traffic conditions

Dan Bennett
City of Brownsville
Police Department
Brownsville Texas
Knows and was present during illegal arrest of Plaintiff Rosalinda Salazar and assault of Jesus Silva Salazar

Ben Reyna
City of Brownsville
Brownsville Texas
knows of policy and procedures allowing off duty officers to work for Defendant Gomez

Fred Perez MD
800 Jefferson
Brownsville Texas 78520
treated plaintiffs for injuries from assault

Raul Garza MD
San Benito Texas
treated plaintiffs for injuries from assault

Albert Silva Salazar
c/o Albert Villegas
1324 East Seventh
Brownsville Texas
was present during arrest and assault on Plaintiffs

Patricia Alexander
City of Brownsville
Brownsville Texas
knows of Plaintiffs complaints to City about Defendant Gomez

John Shurgold
City Attorney
Brownsville, Texas
knows of dismissal of criminal charges against defendant Gomez and treatment afforded Gomez

B    Documents
1. Police investigation reports
2. Court records of Municipal Court for Gomez citations
3. Medical Records of Plaintiffs
4. Trial and deposition testimony of Defendants
5. Court records for criminal charges of Plaintiffs
6. Videotapes and photographs of area and scene

C.    Computation of damages [subject to supplementation and amendment]

| | |
|---|---|
| Personal injuries: | $500,000.00 |
| loss of income | $500,000.00 |
| punitive damages | $5,000,000.00 |

D.    Insurance Agreement

Not applicable.

Respectfully Submitted,

VILLEGAS LAW FIRM
BY: ALBERT VILLEGAS
1324 EAST SEVENTH STREET
BROWNSVILLE, TEXAS 78520
TELEPHONE: (956) 544-3352
TELECOPIER: (956) 544-7828
STATE BAR NO: 20585450
FEDERAL ID NO 3903
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent to counsel of record on this the _____ day of _____, 2001 via regular mail.

_____
ALBERT VILLEGAS