IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 1 1 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| Rosalinda Salazar and Jesus Silva Salazar, | § § § | |
| Plainitffs, | § § | |
| v. | § § | Civil Action No. B-01-105 |
| Basilo Gomez, Sr., City of Brownsville, Texas, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, Rey Lopez, Individually and in their Capacity as Employees for the City of Brownsville, | § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM and ORDER

BE IT REMEMBERED that on February 10, 2004, the Court considered and for the reasons that follow **DENIED** in part and **GRANTED** in part Defendant Basilo Gomez, Sr.'s Motion For Summary Judgment [Dkt. No. 45]. Defendant Gomez's Motion To Strike Plaintiffs' Response [Dkt. No. 50] is **DENIED**. Plaintiffs' Motion For Leave To File Late Response To Defendant's Motion For Summary Judgment [Dkt. No. 52] is **GRANTED**.

### I.   Background

Defendant Gomez owns a flea market behind Plaintiffs' property. Defendant and Plaintiffs have been involved in a long-running dispute over an easement which has been used as an access road to the flea market. Plaintiffs have in the past made a number of complaints alleging city and health code violations by the flea market. Over the course of the last decade, the parties have also litigated at least three disputes regarding the use of the easement.

Defendant Gomez employs off-duty City of Brownsville Police officers, including Defendants Zamorrano, Lara, Galvan, Mascorro, and Lopez[1] as security guards and traffic control personnel. This lawsuit arises from events that occurred on April 9, 2001. On that day the flea market was open and the off-duty police officers were working at the flea market. Plaintiff Jesus Salazar left his property and advised Defendants Lara and Lopez that he would be returning soon. On his return, Plaintiff Jesus Salazar claims that Defendants Lara and Lopez entered his property, "yelling and conducting themselves in an abusive manner." Plaintiffs further claim that Defendant Lara told Plaintiff Jesus Salazar he was under arrest. Plaintiffs assert that "Defendant Gomez' employees then began to harass and assault plaintiffs." The officers handcuffed Plaintiff Jesus Salazar, and allegedly assaulted and "beat on Plaintiff with their hands, legs and billy clubs." Plaintiffs claim that the assault continued when Defendants Zamorrano, Mascorro, and Galvan trespassed and proceeded to assault Plaintiffs Jesus and Rosalinda Salazar. Thereafter, both Plaintiffs were arrested, and Plaintiff Jesus Silva Salazar was taken to the Valley Regional Medical Center emergency room before being taken to the Brownsville Police Department for processing.

All charges against Plaintiff Rosalinda Salazar were later dismissed, and Plaintiff Jesus Salazar plead no contest to one misdemeanor charge.

## II. Summary Judgment Standard

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party making a summary judgment motion has the initial burden of informing the Court of the basis for their motion and identifying those portions of the pleadings and discovery documents which demonstrate the absence of a genuine issue of material

---

[1] These Defendants in both their individual and official capacities along with the City of Brownsville have been dismissed without prejudice. [See Dkt. No. 44].

fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Colson v. Grohman*, 174 F.3d 498, 506 (5th Cir. 1999). If the moving party meets this burden, the non-movant then must designate specific facts showing there is a genuine issue for trial to survive summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### III. Analysis

#### A. Vicarious Liability

Plaintiffs allege that Defendant Gomez is vicariously liable for the negligent and intentional conduct of the off-duty police officers because the officers were acting while in the course and scope of their employment with Defendant Gomez. An employer may be vicariously liable for the tortious acts of its employee under the doctrine of respondeat superior. *See Knutson v. Morton Foods, Inc.*, 603 S.W.2d 805, 807 (Tex. 1980). Respondeat superior imposes liability on the employer when the tortious acts of its employee, acting in the scope of his employment, is the proximate cause of another's injury. *See DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex. 1995); *see also Mansfield v. C.F. Bent Tree Apartment Ltd. P'ship*, 37 S.W.3d 145, 149 (Tex. App. –Austin 2001, no pet.). Like in *Bent Tree* Defendant Gomez argues, *inter alia*, that under Texas law, an off-duty police officer who observes a crime immediately becomes an on-duty police officer. *See City of Dallas v. Half Price Books, Records, Magazines, Inc.*, 883 S.W.2d 374, 377 (Tex.App.–Dallas 1994, no writ) (citing *Hafdahl v. State*, 805 S.W.2d 396, 401 (Tex.Crim.App. 1990)). Defendant Gomez argues that once the off-duty officers observed Plaintiff engage in criminal conduct, the off-duty officers immediately became on-duty police officers. As a result, Defendant contends that the officers' conduct from that point forward was no longer within the scope of their private employment but was performance of their duties as on-duty police officers, such that Defendant Gomez could not be vicariously liable for their conduct as a matter of law.

In determining the status of a police officer, Texas courts have asked "in what capacity was the officer acting at the time he committed the acts for which the complaint is made?" *Blackwell v. Harris County*, 909 S.W.2d 135, 139 (Tex.App.–Houston [14th Dist.] 1995, writ denied). If the officer is performing a public

duty, such as the enforcement of general laws, the officer's private employer incurs no vicarious responsibility for that officer's acts, even though the employer may have directed the activities. See Blackwell, 909 S.W.2d at 139. If the officer was engaged in protecting the employer's property, ejecting trespassers, or enforcing rules and regulations promulgated by the employer, however, the trier of fact decides whether the officer was acting as a public officer or as a servant of the employer. Id.

Although it is undisputed that Plaintiff Jesus Silva Salazar was not violating any law by entering the easement, there is a dispute about what exactly happened upon his return to his property. Defendant's evidence is that the officers used a hand signal to attempt to stop Plaintiff from driving into the easement. Plaintiff Jesus Silva Salazar, on the other hand, testified in his deposition that he believed the officer's gesture was simply asking where Plaintiff was going. The officers were directing traffic to and from the flea market's parking, a duty they were performing for their off-duty employer Mr. Gomez. That the situation escalated and Plaintiffs were arrested does not necessarily transform the off-duty officers into on-duty officers. See Duran v. Furr's Supermarket, Inc., 921 S.W. 2d 778, 785-86 (Tex. App. –El. Paso 1996, 2001, writ denied). It is undisputed that at the time the incident occurred the Defendant officers were protecting Defendant Gomez's property [Dkt. No. 45, Ex. C, at 15] and directing traffic to and from the parking area [Id.]. Under these circumstances, summary judgment is not warranted, and the trier of fact will decide whether the officers were acting as public officers or as a servants of the employer.

### B. Employee Versus Independent Contractor

Defendant Gomez also argues for summary judgment on the ground that the off-duty officers are independent contractors, rather than an employee or agent, and thus he is not vicariously liable because he retained no control over the work to be performed by the off-duty officers.

Under Texas law, an independent contractor is one "who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details." Pitchfork Land and Cattle Co. v. King, 162 Tex. 331, 346 S.W.2d 598,

4

602-03 (1961); *Hoechst Celanese Corp. v. Compton*, 899 S.W.2d 215, 220 (Tex.App.–Houston [14th Dist.] 1994, writ denied). The standard tests for determining whether one is acting in the capacity of an independent contractor measure the amount of control that the employer exerts or has a right to exert over the details of the work. *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 591 (Tex. 1964); *Hoechst Celanese Corp.*, 899 S.W.2d at 220. In determining whether a person is an employee or an independent contractor, the Court is required to examine a number of factors, including (1) the independent nature of the contractor's business; (2) his obligation to supply necessary tools, supplies, and materials; (3) his right to control the progress of the work except as to final results; (4) the time for which he is employed; and (5) the method by which he is paid, whether by the time or by the job. *See Pitchfork Land and Cattle Co.*, 346 S.W.2d at 603; *Hoechst Celanese Corp.*, 899 S.W.2d at 220. The most fundamental of these factors, however, is the right of control. *See Ross v. Texas One Partnership*, 796 S.W.2d 206, 210-11 (Tex.App.–Dallas 1990), writ denied per curiam, 806 S.W.2d 222 (Tex. 1991). Where there exists no dispute about the controlling facts and only one reasonable conclusion can be inferred, the question of whether one is an "employee" or "independent contractor" is a question of law. *Crow v. TRW, Inc.*, 893 S.W.2d 72, 78 (Tex.App.–Corpus Christi 1994, no writ); *Sherard v. Smith*, 778 S.W.2d 546, 548 (Tex.App.–Corpus Christi 1989, writ denied).

Every person who is found performing the work of another is presumed to be in the employment of the person whose work is being done. *See Eagle Trucking Co. v. Texas Bitulithic Co.*, 590 S.W.2d 200, 212 (Tex.Civ.App.–Tyler 1979), *aff'd in part and rev'd in part on other grounds*, 612 S.W.2d 503 (Tex. 1981). Once the presumption is raised, the burden of proof shifts and the defendant has the burden to escape liability by establishing that the workman was an independent contractor. *See Eagle Trucking*, 590 S.W.2d at 212.[2]

---

[2] In both his motion for summary judgment and his response, Defendant Gomez emphasizes the holding in *Hoechst Celanese Corp. v. Compton*, 899 S.W.2d 215, 220 (Tex.App.–Houston [14th Dist.] 1994, writ denied), without recognizing or at least distinguishing the fact that in that case the burden of proof had not shifted. In that

The summary judgment evidence establishes that the officers worked as security guards for Defendant Gomez for varying periods of time. With respect to the first factor, the summary judgment evidence also establishes that traffic control is a different enterprise than running a flea market. With respect to the second prong, the summary judgment evidence establishes that Defendant Gomez required the officers to provide their own uniforms and equipment; however, Defendant Gomez did provide a golf cart for the officers to use. The summary judgment evidence further establishes that Defendant Gomez set the schedule for the officers to work, although there appears to be some conflict regarding how rigid that schedule was. Also, Defendant Gomez paid the officers by the hour, but he did not withhold taxes.

With respect to the third and most significant prong, Defendant Gomez's right to control the progress of the work except as to final results, the only evidence Defendant Gomez proffers is his own affidavit. In his affidavit he states "I did not have the right to control or direct and did not control or direct the means and details of the security and traffic control work of Officers Lara, Lopez, Zamorrano, Mascarro and Galvan at 77 Flea Market." [Dkt. No. 45, Ex. 1]. Unsupported allegations or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat or support the granting of a motion for summary judgment. *See Hoechst*, 899 S.W.2d at 221 ("The key inquiry in such a situation is control, not a party's belief as to their status."). In fact, Defendant Zamorrano testified that, although Defendant Gomez never gave him a direct instruction, Zamorrano would have followed Gomez instructions. [Dep. Zamorrano. Ex. 23]. At first, Defendant Zamorrano stated he would follow instructions as a courtesy to Gomez, then he stated he would do so because Gomez was his boss and paid him. [*Id.*] There is, therefore, a genuine issue as to whether Defendant Gomez retained the right to control the off-duty officers.

Defendant has not carried his burden and established that the off-duty officers

---

case, the Plaintiff bore the burden of demonstrating control over the employee; whereas, in this case, it is Defendant Gomez who bears the burden of proving that he did not control the off-duty officers. This distinction significantly impacted the analysis in *Hoechst* and renders that case authoritative although not squarely on point.

were, as a matter of law, independent contractors.

### C. Causes Of Action

#### 1. Negligence

Defendant Gomez argues that Plaintiff has not produced evidence sufficient to support a claim for negligence. Under Texas common law, negligence consists of three elements: a legal duty owed; a breach of that duty; and damages proximately resulting from the breach. See *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987); *Estate of Catlin v. General Motors Corp.*, 936 S.W.2d 447, 450 (Tex.App.--Houston [14th Dist.] 1996, no writ). The threshold inquiry in a negligence action is determining whether the defendant owed a duty to the plaintiff. See *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Catlin*, 936 S.W.2d at 450. In determining whether to impose a duty, the Court considers the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury and the consequences of placing that burden on the actor. See *Bird v. W.C.W.*, 868 S.W.2d 767, 769 (Tex. 1994); *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983).

Plaintiffs have adduced no evidence on the elements of duty, breach of duty, or causation. Therefore the Court **GRANTS** summary judgment against Plaintiffs and dismisses their negligence claim.

#### 2. Assault

Defendant Gomez argues that Plaintiff has not produced evidence sufficient to support a claim for assault. The elements for a cause of action for assault and battery are the same in civil and criminal suits. See *Price v. Short*, 931 S.W.2d 677, 687 (Tex.App.-Dallas 1996, no writ). A person commits an assault if he "intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." See Tex.Pen.Code Ann. § 22.01(a)(3)(Vernon 1994). An employer may be liable for the tortious conduct of its employee only if that conduct falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired. See *Durand v. Moore*,

879 S.W.2d 196, 199 (Tex.App.-Houston [14th Dist.] 1994, no writ). An employer may be liable for the act of an employee, even if the act is contrary to an express policy or order, if it is done within the general authority of the employee. *See Soto v. El Paso Natural Gas Co.*, 942 S.W.2d 671, 680 (Tex.App.-El Paso 1997, writ denied). Tortious conduct is within the scope of employment when it is of the same general nature as that authorized, or is incidental to that authorized. *Id.* Intentional torts, including assault, against another employee are not ordinarily within the scope of an employee's authority, but are most often the expression of personal animosity. *Soto*, 942 S.W.2d at 680; *Durand*, 879 S.W.2d at 199. If the assault is committed to accomplish a duty entrusted to the employee, rather than because of personal animosity, however, the employer may be liable. *Soto*, 942 S.W.2d at 681. Whether the employee ceased to act as an employee, and instead acted upon his or her own responsibility, is generally a fact question. *Soto*, 942 S.W.2d at 681.

There is sufficient summary judgment evidence to create a genuine issue of material fact regarding Plaintiffs' claim of assault. The police officers admit that they intentionally or knowingly caused physical contact with Plaintiffs. Moreover, there is a genuine issue of material fact that the officers could perceive, at least from Plaintiff Jesus Silva Salazar's backing away from them, that the physical contact would be regarded as offensive or provocative. There is also sufficient summary judgment evidence to create a genuine issue of material fact on both the elements of causation and damages. In Plaintiff Jesus Silva Salazar's affidavit [*see* Dkt. No. 26], he testifies that immediately after the incident he was taken to Valley Regional Medical Center emergency room. He also testified that he sought treatment from at least two other doctors after the incident.

Defendant's motion for summary judgment on Plaintiffs' claim of assault is **DENIED.**

### 3. Conspiracy

To establish a claim of civil conspiracy, it must be shown that two persons had the specific intent to agree to accomplish an unlawful purpose or a lawful purpose by unlawful means. *See Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex.

1995). Plaintiffs have adduced no summary judgment evidence regarding an agreement between Defendant Gomez and any of the officers to accomplish and unlawful purpose, much less the alleged assault. As a matter of law, the Court **GRANTS** summary judgment against Plaintiffs and dismisses their conspiracy claim.

IV.     **Conclusion**

The Court **DENIED** in part and **GRANTED** in part Defendant Basilo Gomez, Sr.'s Motion For Summary Judgment [Dkt. No. 45]. Defendant Gomez's Motion To Strike Plaintiffs' Response [Dkt. No. 50] is **DENIED**. Plaintiffs' Motion For Leave To File Late Response To Defendant's Motion For Summary Judgment [Dkt. No. 52] is **GRANTED**.

THEREFORE, whether (1) the police officers were off-duty or on-duty at the time of the alleged incident, (2) the police officers were employees or independent contractors, (3) the officers assaulted the Plaintiffs, and (4) Defendant Gomez is vicariously liable for any assault are issues of fact to be tried to the jury.

DONE at Brownsville, Texas, this 10th day of February 2004.

Hilda G. Tagle
United States District Judge