United States District Court
Southern District of Texas
FILED

FEB 1 7 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| VS. | § | C.A. NO. B 01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITY AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

---

**FIRST AMENDED JOINT PRE-TRIAL ORDER**

---

### 1. Appearance of Counsel

Attorney for Plaintiffs Rosalinda (Rosalina) Ponce de Silva Salazar and Jesus Silva Salazar:

> Mr. Albert Villegas
> Villegas Law Firm
> 1324 E. Seventh Street
> Brownsville, Texas 78520
> Telephone: (956) 544-3352

Attorney for Defendant Basilio Gomez Sr.:

> Mr. Richard W. Espey
> Davis, Cedillo & Mendoza, Inc.
> McCombs Plaza, Suite 500
> 755 E. Mulberry Avenue
> San Antonio, Texas 78212
> Telephone: (210) 822-6666

### 2. Statement of Case

Brownsville Police Department Officers Oscar Lara ("Officer Lara"), Rey Lopez

("Officer Lopez"), Carlos Zamorrano ("Officer Zamorrano"), Adrian Mascorro ("Officer Mascorro") and Arnold Galvan ("Officer Galvan") worked for Defendant Basilio Gomez, Sr. ("Defendant Gomez") to provide security and traffic control at 77 Flea Market in Brownsville, Texas. Plaintiff Jesus Silva Salazar ("Plaintiff Jesus") and Plaintiff Rosalinda Silva Salazar ("Plaintiff Rosalinda") (collectively referred to as "Plaintiffs") are alleging Defendant Gomez is vicariously liable for the actions of Lara, Lopez, Zamorrano, Mascorro and Galvan on April 9, 2000.

### 3. Jurisdiction

At the inception of the filing of this case, the Court had jurisdiction over the subject matter and the parties in this cause. There exists an amount in controversy in excess of $75,000.00 (SEVENTY FIVE THOUSAND AND 00/100 DOLLARS), and at the inception of the filing of this case there were allegations of civil rights violations.

### 4. Motions

Motions in Limine may be filed at any time prior to the commencement of jury selection.

### 5. Contentions of the Parties

Plaintiffs:

The Plaintiffs state that they have in the past suffered a loss of wages and will in the future suffer a loss of capacity to work and earn money as a result of the impairment, disfigurement and disability due to their injuries. Plaintiff Jesus Silva had injuries to his body in general, back and shoulder. Plaintiff Rosalinda Silva had injuries to her body in general and more specifically to her wrists. Both Plaintiffs claim emotional trauma as a

result of the incident.

Plaintiffs state further that they have suffered physical pain and mental anguish in the past and will suffer physical pain and mental anguish in the future. Plaintiffs had never been in trouble with the law and had no criminal history before this incident. Plaintiffs suffered the humiliation and embarrassment of being arrested and taken to jail in handcuffs, fingerprinted, and had to present themselves in a court at law to contest the charges. All the felony charges were dismissed against the Plaintiffs. For these damages Plaintiffs seek damages in excess of the jurisdictional requirements of this Court.

In addition to the aforementioned damages, the Plaintiffs have in the past and will incur in the future necessary medical expenses for which they sue herein.

Plaintiffs also sue for the costs and expenses incurred as a result of their arrests which included bail bond fees in the amount of $6500.00, attorneys fees of $40,000.00 for representation in the underlying criminal cases.

Defendant Gomez:

Defendant's contentions are as follows:

(A)    No agency relationship exists between Defendant Gomez and Officers.

(B)    Even if Officers were agents or employees of Defendant Gomez, Officers did not commit a tort.

(C)    Even if a tort was committed, it was not committed within the scope of Officers employment, but in their official capacity as peace officers.

(D)    Defendant Gomez did not act intentionally.

(E)    Officers did not act intentionally.

(F)    Defendant Gomez did not act knowingly.

(G)    Officers did not act knowingly.

(H)    Defendant Gomez did not act recklessly.

(I)    Officers did not act recklessly.

(J)    Defendant Gomez did not make contact with Plaintiffs.

(K)    Officers did not make contact with Plaintiffs.

(L)    No contact of Defendant Gomez caused bodily injury or any other damages to Plaintiffs.

(M)    No contact of Officers caused bodily injury or any other damages to Plaintiffs.

(N)    Defendant Gomez did not act with "malice" as defined in Section 41.001(7) of the Texas Civil Practice and Remedies Code.

(O)    Officers did not act with "malice" as defined in Section 41.001(7) of the Texas Civil Practice and Remedies Code.

(P)    Officers were not agents or employees of Defendant Gomez.

(Q)    Defendant Gomez did not authorize the doing and the manner of the act.

(R)    Officers were not unfit and Defendant Gomez was not negligent in employing Officers.

(S)    Officers were not employed in a managerial capacity.

(T)    Defendant Gomez did not ratify or approve the acts of Officers.

(U)    Officers did not commit a criminal act.

(V)    Defendant Gomez did not authorize the doing and manner of Officers' act.

(W)    Officers were not a "manager" as defined under Texas law.

(X)    Officers did not have the authority to employ, direct and discharge servants of the Defendant Gomez.

(Y)    Officers were not engaged in the performance of "nondelegable" or absolute duties of Defendant Gomez, as defined under Texas law.

(Z)    Defendant Gomez did not confide the management of the whole or a department or division of its business to Officers.

(AA)  Defendant Gomez or any manager of the Defendant Gomez did not ratify or

approve any of Officer's acts.

## 6. Admissions of Fact

(A)    Brownsville Police Department Officers Lara, Lopez, Zamorrano, Mascorro and Galvan worked for Defendant Gomez to provide security and traffic control at 77 Flea Market in Brownsville, Texas.

(B)    That the incident occurred on April 9, 2000 in Brownsville, Texas.

### 7.  Contested Issues of Fact

(A)    Whether Lara, Lopez, Zamorrano, Mascorro and Galvan were off duty or on duty at the time of the alleged incident.

(B)    Whether Lara, Lopez, Zamorrano, Mascorro and Galvan were employees or independent contractors at the time of the alleged incident.

(C)    Whether Lara, Lopez, Zamorrano, Mascorro and Galvan assaulted the plaintiffs

(D)    Whether Defendant Gomez is vicariously liable for any assault at the time of the alleged incident.

(E)    Whether the Plaintiffs were injured.

(F)    The nature and extent of Plaintiff's injuries.

(G)    The amount of Plaintiffs' damages caused by the conduct of the Defendant.

(H)    Did the harm to Jesus Silva Salazar result from malice?

(I)    Did the harm to Rosalinda (Rosalina) Ponce de Silva Salazar result from malice?

### 8.  Agreed Applicable Propositions of Law

Texas law controls.

### 9.  Contested Issues of Law

(A)    Whether Lara, Lopez, Zamorrano, Mascorro and Galvan were off duty or on duty at the time of the alleged incident.

(B)    Whether Lara, Lopez, Zamorrano, Mascorro and Galvan were employees or independent contractors at the time of the alleged incident.

(C)    Whether Lara, Lopez, Zamorrano, Mascorro and Galvan assaulted the plaintiffs

(D)    Whether Defendant Gomez is vicarously liable for any assault at the time of the alleged incident.

(E)     Did the harm to Jesus Silva Salazar result from malice?

(F)     Did the harm to Rosalinda (Rosalina) Ponce de Silva Salazar result from malice?

(G)     Can Plaintiffs recover for costs and expenses incurred as a result of their arrests, including bail bond fees and attorneys fees for representation in the underlying criminal cases?

(H)     The applicability of any Governmental immunity defenses for Officers and/or Basilio Gomez, Sr. at the time of the incident.

## 10. Exhibits

Plaintiffs and Defendant Gomez' Exhibit List is attached hereto and incorporated herein as if fully set forth at length.

## 11. Witnesses

(A)     The Plaintiff may call as witnesses either live or by deposition, the following:

    (1)     Plaintiff Jesus Silva  will testify as to description of incident, the past conduct of the defendant and his agents and employees, including the off duty officers, the injuries and damages he and  Rosa Linda Silva sustained .

    (2)     Plaintiff Rosa Linda Silva Medina, will testify as to description of the incident, the past conduct of the defendants and his agents and employees, including the off duty officers, the injuries and damages she, her husband Robert Medina and Plaintiff Alysha Martinez sustained and effect on their lives.

    (3)     Jesus Alberto Silva, son of the Plaintiff, Jesus Silva, will testify as to description of incident, the past incidents and history between the Parties and the effects of the injuries and losses on the Plaintiffs.

    (4)     Juan Antonio Silva Salazar, brother of the Plaintiff, will testify as to the condition of the Plaintiff, Jesus Silva at the time of the incident, the past relationship and incidents between the parties and damages of the Plaintiffs.

    (5)     Dr. Raul Garza, doctor who treated Jesus Silva, will testify live or by videotaped deposition as to medical injuries of Jesus Silva.

(6)    Dr. Fred Perez, doctor who treated Jesus Silva, will testify live or by videotaped deposition as to medical injuries of Jesus Silva.

(7)    Valley Regional Medical Center Records Custodian, will testify live or through the medical records about the medical treatment rendered to Plaintiff Jesus Silva.

(8)    Basilio Gomez Jr., will testify live or by deposition about the incident, his employee-employer relationship with the off duty officers and past incidents with Plaintiffs.

(9)    Oscar Lara, will testify live or by deposition about the incident, his relationship with the defendant and past incidents with the Plaintiffs.

(10)    Reynaldo Lopez, will testify live or by deposition about the incident, his relationship with the defendant and past incident with the Plaintiff.

(11)    Carlos Zamarrono, will testify live or by deposition about the incident, his relationship with the defendant and past incidents with the Plaintiff.

(12)    Adrian Mascorro, will testify live or by deposition about the incident, his relationship with the defendant and past incidents with the Plaintiff.

(13)    Mariano Gonzales, will testify live or by deposition about the incident, his relationship with the defendant and past incidents with the Plaintiff.

(14)    Arnold Galvan, will testify live or by deposition about the incident, his relationship with the defendant and past incidents with the Plaintiff.

(15)    Robert Salinas, will testify live or by deposition about the incident, his relationship with the Plaintiff in the past and on the date of the incident.

(16)    Any witness listed by Defendant.

In the event there are any other witnesses to be called at the trial, their names, addresses and subject matter of their testimony shall be reported to opposing counsel as soon as they are known. This restriction shall not apply to rebuttal or impeaching witnesses, the necessity of whose testimony cannot reasonably be anticipated before the time of trial.

Defendant Gomez' Witness List is attached hereto and incorporated herein as if

fully set forth at length.

## 12. Settlement

The parties have not been able to settle this case.  Mediation has been ordered by Magistrate Judge Felix Recio on March 1, 2004 at 8:30 a.m. at the U.S. Federal Courthouse, Brownsville, Texas.

## 13. Trial

The parties  anticipate that trial will in all likelihood last three to five days.

## 14. Attachments

Plaintiff and Defendant Gomez have attached the following documents:

(A)     Proposed questions for the voir dire examination.
(B)     Proposed charge, including instructions, definitions and special interrogatories, with authority.

_____                Date:

_____
United States District Judge

Approved:

_____                Date: 2-19-04

_____
Attorney-in-Charge, Plaintiff

_____                Date:

_____
Attorney-in-Charge, Defendant

fully set forth at length.

## 12. Settlement

The parties have not been able to settle this case. Mediation has been ordered by

Magistrate Judge Felix Recio on March 1, 2004 at 8:30 a.m. at the U.S. Federal

Courthouse, Brownsville, Texas.

## 13. Trial

The parties anticipate that trial will in all likelihood last three to five days.

## 14. Attachments

Plaintiff and Defendant Gomez have attached the following documents:

(A)     Proposed questions for the voir dire examination.
(B)     Proposed charge, including instructions, definitions and special interrogatories,
with authority.

_____     Date:

United States District Judge

Approved:

_____     Date:

Attorney-in-Charge, Plaintiff


_____     Date:
    2-16-04
Attorney-in-Charge, Defendant

| UNITED STATES DISTRICT COURT | § | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | |
|---|---|
| Rosalinda Salazar and Jesus Silva Salazar<br><br>*versus*- - - - - - - - - - - - - - - - - - - - -<br><br>Basilio Gomez, Sr. | CASE NO. B 01 105 |
| | **Exhibit List** |
| Judge Hilda G. Tagle | Case Manager: Stella Cavazos<br>Court Reporter: Breck Record |
| List of<br>Defendant, Basilio Gomez, Sr. | Proceeding          Date |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Police investigation and arrest reports. | | |
| 2 | Medical records of Plaintiff Jesus Silva Salazar. | | |
| 3 | Rules & Regulations Manual for Brownsville Police Department. | | |
| 4 | Audio tape previously produced by former Defendants City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez to Plaintiffs' counsel. | | |
| 5 | Videos produced by Plaintiffs' counsel. | | |
| 6 | Manodnock Baton Manual. | | |
| 7 | Photos produced to Plaintiffs' counsel by former Defendants City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez. | | |
| 8 | Court Records of Plaintiffs. | | |
| 9 | Tax Returns of Plaintiffs and/or their business. | | |
| 10 | Payroll records of Basilio Gomez, Sr. | | |
| 11 | 1099 Forms of former Defendants City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez. | | |
| 12 | Defendant reserves the right to use items previously produced by Plaintiffs; former Defendants City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez; and Defendant Basilio Gomez, Sr. | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

| UNITED STATES DISTRICT COURT | § | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Rosalinda Salazar and Jesus Silva Salazar<br><br>*versus*- - - - - - - - - - - - - - - - - - - -<br><br>Basilio Gomez, Sr. | CASE NO. B 01 105<br><br>**Witness List** |
|---|---|
| Judge Hilda G. Tagle | Case Manager:  Stella Cavazos<br>Court Reporter:  Breck Record |
| List of<br>Defendant, Basilio Gomez, Sr. | Proceeding          Date |

1.      Rosalinda (Rosalina) Ponce de Silva Salazar
        c/o Mr. Albert Villegas
        Law Office of Albert Villegas
        1324 E. 7th Street
        Brownsville, Texas 78520
        Plaintiff to cause of action and has personal knowledge as to the facts that
        comprise the basis of this lawsuit.

2.      Jesus Silva Salazar
        c/o Mr. Albert Villegas
        Law Office of Albert Villegas
        1324 E. 7th Street
        Brownsville, Texas 78520
        Plaintiff to cause of action and has personal knowledge as to the facts that
        comprise the basis of this lawsuit.

3.      Jesus Alberto Salazar
        6377 Expressway 77
        Brownsville, Texas 78520
        Witness to the events made the basis of this lawsuit and Plaintiffs' son.

4.      Carlos Zamorrano
        c/o Mr. Eduardo Garza
        Willette & Guerra, L.L.P.
        3505 Boca Chica Blvd., Suite 460
        Brownsville, Texas 78521
        Former Defendant to cause of action and has knowledge as to the facts that
        comprise the basis of this lawsuit.

5.      Oscar Lara
        c/o Mr. Eduardo Garza
        Willette & Guerra, L.L.P.
        3505 Boca Chica Blvd., Suite 460
        Brownsville, Texas 78521
        Former Defendant to cause of action and has knowledge as to the facts that
        comprise the basis of this lawsuit.

6.      Adrian Mascorro
        c/o Mr. Eduardo Garza
        Willette & Guerra, L.L.P.
        3505 Boca Chica Blvd., Suite 460
        Brownsville, Texas 78521
        Former Defendant to cause of action and has knowledge as to the facts that
        comprise the basis of this lawsuit.

7.      Rey Lopez
        c/o Mr. Eduardo Garza
        Willette & Guerra, L.L.P.
        3505 Boca Chica Blvd., Suite 460
        Brownsville, Texas 78521
        Former Defendant to cause of action and has knowledge as to the facts that
        comprise the basis of this lawsuit.

8       Arnold Galvan
        c/o Mr. Eduardo Garza
        Willette & Guerra, L.L.P.
        3505 Boca Chica Blvd., Suite 460
        Brownsville, Texas 78521
        Former Defendant to cause of action and has knowledge as to the facts that
        comprise the basis of this lawsuit.

9.      Dan Bennet
        Brownsville Police Department
        Brownsville, Texas 78520

10.     Robert Salinas
        Cameron County Sheriff's Department
        964 E. Harrison Street
        Brownsville, Texas 78520
        Witness to the events made the basis of this lawsuit.

11.     Basilio Gomez, Sr.
        c/o Mr. Richard W. Espey
        Davis, Cedillo & Mendoza, Inc.
        McCombs Plaza, Suite 500

755 E. Mulberry Avenue
San Antonio, Texas 78212
Defendant to cause of action and has knowledge as to the facts that comprise the
basis of this lawsuit.

12.   Basilio Gomez, Jr.
      c/o Mr. Richard W. Espey
      Davis, Cedillo & Mendoza, Inc.
      McCombs Plaza, Suite 500
      755 E. Mulberry Avenue
      San Antonio, Texas 78212
      Defendant's son and has knowledge as to the facts that comprise the basis of this
      lawsuit.

13.   Randy Dunn
      Retired uniform service division commander who reviewed the officers' conduct
      and found it to be appropriate.

14.   Fred Perez, MD and/or Custodian of Records
      800 Jefferson
      Brownsville, Texas 78520
      Treated Plaintiff Jesus Silva Salazar.

15.   Raul Garza, MD and/or Custodian of Records
      San Benito, Texas
      Treated Plaintiff Jesus Silva Salazar.

16.   Chief Carlos Garcia
      Brownsville Police Department
      600 E. Jackson
      Brownsville, Texas 78520
      Telephone:  (956) 548-7051
      Telecopier:  (956) 548-7058
      Expert retained by former Defendants City of Brownsville, Carlos Zamorrano,
      Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez.

17.   Harold W. Warren
      Security & Public Safety Consultant
      4348 FM 1801
      Mineola, Texas 75773-4765
      Telephone:  (903) 569-5701
      Telecopier:  (903) 539-6036
      Expert retained by former Defendants City of Brownsville, Carlos Zamorrano,
      Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez.

18.   Valley Regional Medical Center and/or Custodian of Records

Page 3 of 4

       1 Ted Hunt Blvd.
       Brownsville, Texas 78521
       Plaintiff Jesus Silva Salazar sought treatment from this hospital.

19.       Mercy Hospital and/or Custodian of Records
             Plaintiff Jesus Silva Salazar sought treatment from this hospital.

20.       Brownsville EMS and/or Custodian of Records
             Brownsville, Texas
             Plaintiff was treated by Brownsville EMS.

21.       Any witness listed by Plaintiff.

J:\rwe\41300005\motions-orders\voir.dire.examination.doc

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| VS. | § | C.A. NO. B 01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITY AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

## DEFENDANT, BASILIO GOMEZ, SR.'S PROPOSED QUESTIONS FOR THE VOIR DIRE EXAMINATION

Defendant, Basilio Gomez, Sr. proposes the following questions for the voir dire examination:

(1)   Does anyone know any of the following individuals:

    (a)   Basilio Gomez, Sr.

    (b)   Rosalinda (Rosalina) Ponce de Silva Salazar

    (c)   Jesus Silva Salazar

    (d)   Carlos Zamorrano

    (e)   Oscar Lara

    (f)   Adrian Mascorro

    (g)   Rey Lopez

    (h)   Arnold Galvan

    (i)   Raul Silva Salazar

    (j)   Jesus Alberto Salazar

(k)   Alejandro Pacheco

(l)   Dan Bennet

(m)   Robert Salinas

(n)   Vernon Hodges

(o)   Randy Dunn

(p)   Ben Reyna

(2)   Does anyone know Albert Villegas or anyone at his law office?

(3)   Does anyone know Ruben Pena or anyone at his law office?

(4)   Does anyone know Rick Espey or anyone at the firm of Davis, Cedillo & Mendoza?

(5)   Does anyone know Frank Wood or Dennis Sanchez or anyone at the firm of Sanchez, Whittington, Janis & Zabarte, L.L.P.?

(6)   Does anyone have any legal training?

(7)   Does anyone have any experience working with or for an attorney?

(8)   Does anyone know or has anyone been treated by or is currently being treated by Dr. Fred Perez?

(9)   Does anyone know or has anyone been treated by or is currently being treated by Dr. Raul Garza?

(10)  Has anyone been to 77 Flea Market?

(11)  Have any of you ever had prior difficulties with 77 Flea Market?

(12)  Have any of you ever had prior difficulties with Basilio Gomez, Sr.?

(13)  Does/Has anyone heard or know about this incident?

(14)  Have you/spouse/children/relatives/friends ever had a complaint with any police department?

(15)  Have you/spouse/children/relatives/friends ever had a complaint with the Brownsville Police Department?

- 2 -

(16) Has anyone ever had an injury to their neck or back that required medical treatment a result of an accident or because of some other reason?

(17) Has anyone ever made a prior claim or brought a lawsuit for personal injury wherein money damages were being sought as the result of an accidental injury?

Respectfully,

**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 822-6666
Telecopier: (210) 822-1151

By: _____
RICHARD W. ESPEY
Attorney-in Charge
State Bar No. 06667580
Federal Bar No. 32158

ATTORNEYS FOR DEFENDANT,
BASILIO GOMEZ, SR.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has this the _16th_ day of ___February___ 2004, been forwarded via certified mail, return receipt requested, hand-delivery and/or telecopier to the following:

Mr. Albert Villegas
VILLEGAS LAW FIRM
1324 East 7th Street
Brownsville, Texas 78250
ATTORNEYS FOR PLAINTIFFS

Mr. Ruben Pena
Attorney at Law
222 W. Harrison Street
Harlingen, Texas 78550
ATTORNEYS FOR PLAINTIFFS

_____
RICHARD W. ESPEY

- 3 -

T:\19000 - 9999\9\2000U-4\9999\41300.0005\motions-order\jury.charge03-1am.doc

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| VS. | § | C.A. NO. B 01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITY AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

## DEFENDANT, BASILIO GOMEZ, SR.'S
### FIRST AMENDED PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Basilio Gomez, Sr., by and through his attorneys, and submits this his Proposed Jury Instructions and Verdict Form as follows:

## GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that

- 2 -

you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the

- 3 -

existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise

- 4 -

directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

<u>Source:</u>
COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) 3.1 (1999).

LIMITING INSTRUCTION

You will recall that during the course of this trial I instructed you that I admitted certain testimony and certain exhibits for a limited purpose and I instructed you that you may consider some testimony and documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

Source:
COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) 2.15 (1999).

## EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

Source:
COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) 2.19 (1999).

## DEPOSITION TESTIMONY

Certain testimony will now be presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read (shown) to you today. This deposition testimony is entitled to the same consideration [and is to be judged by you as to credibility] [and weighed and otherwise considered by you insofar as possible in the same way] as if the witness had been present and had testified from the witness stand in court.

### Source:
COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) 2.23 (1999).

## BURDEN OF PROOF

In this case, the plaintiff must prove every essential part of his or her claim by a preponderance of the evidence.

A preponderance of the evidence simply means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

Source:
F COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) 2.20 (1999).

## QUESTION NO. 1

On the occasion in question were Oscar Lara, Rey Lopez, Carlos Zamorrano, Adrian Mascorro and/or Arnold Galvan acting as employees of Basilio Gomez, Sr.?

An "employee" is a person in the service of another with the understanding, express or implied that such other person has the right to direct the details of the work and not merely the result to be accomplished.

A person is not acting as an employee if he is acting as an "independent contractor." An independent contractor is a person who, in pursuit of an independent business, undertakes to do specific work for another person, using his own means and methods without submitting himself to the control of such other person with respect to the details of the work, and who represents the will of such other person only as to the result of his work and not as to the means by which it is accomplished.

Answer "Yes" or "No" for each of the following:

Oscar Lara            Answer:_____

Rey Lopez             Answer:_____

Carlos Zamorrano      Answer:_____

Adrian Mascorro       Answer:_____

Arnold Galvan         Answer:_____

**Source:**
COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES 7.1, 7.8 (2000 ed.).

- 10 -

If you have answered Question No. 1 "Yes," then answer Question 2. Otherwise, do not answer Question No. 2.

## QUESTION NO. 2

On the occasion in question were Oscar Lara, Rey Lopez, Carlos Zamorrano, Adrian Mascorro and/or Arnold Galvan acting in the scope of their employment?

> An "employee" is acting in the scope of his employment if he is acting in the furtherance of the business of his employer.

> An "employee" is not acting in the scope of his employment if he is an off-duty officer that sees a crime being committed and he performs a public duty.

Answer "Yes" or "No" for each of the following:

Oscar Lara          Answer:_____

Rey Lopez           Answer:_____

Carlos Zamorrano    Answer:_____

Adrian Mascorro     Answer:_____

Arnold Galvan       Answer:_____

Source:
COMM. ON PATTERN JURY CHARGE, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 7.6 (2000 ed.); *Mansfield v. C.F. Bent Tree Apt. Ltd., Prtshp.*, 37 S.W.3d 145, 149 (Tex.App.— Austin 2001, no pet.); *City of Dallas v. Half Price Books, Records, Mags.*, Inc., 883 S.W.2d 374, 377 (Tex.App.—Dallas 1994, no writ); *Blackwell v. Harris Cty.*, 909 S.W.2d 135, 139 (Tex.App.—Houston [14th Dist.] 1995, writ denied).

If you have answered Question No. 1 "Yes," and if you have answered Question No. 2 "Yes," then answer Question No. 3.  Otherwise, do not answer Question No. 3.

## QUESTION NO. 3

Did any of those named below commit an assault against Jesus Silva Salazar and/or Rosalinda (Rosalina) Ponce de Silva Salazar?

A person commits an assault if he (1) intentionally, knowingly, or recklessly causes bodily injury to another; (2) intentionally or knowingly threatens another with imminent bodily injury; or (3) intentionally or knowingly causes physical contact with another when he or she knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Answer "Yes" or "No" for each of the following:

Oscar Lara          Answer:_____

Rey Lopez           Answer:_____

Carlos Zamorrano    Answer:_____

Adrian Mascorro     Answer:_____

Arnold Galvan       Answer:_____

Source:
COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES 6.6 (2000 ed.).

If you have answered Question No. 3 "Yes," then answer Question No. 4. Otherwise, do not answer Question No. 4.

## QUESTION NO. 4

What sum of money, if paid now in cash, would fairly and reasonably compensate Jesus Silva Salazar for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents, for damages, if any.

a.      Physical pain and mental anguish sustained in the past.

Answer:_____

b.      Physical pain and mental anguish that, in reasonable probability Jesus Silva Salazar will sustain in the future.

Answer:_____

c.      Loss of earning capacity sustained in the past.

Answer:_____

d.      Physical impairment sustained in the past.

Answer:_____

e.      Physical impairment that, in reasonable probability Jesus Silva Salazar will sustain in the future.

Answer:_____

f.      Medical care in the past.

Answer:_____

- 13 -

Source:
COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC
8.2 cmt. (2000 ed.).

If you have answered Question No. 3 "Yes," then answer Question No. 5. Otherwise, do not answer Question No. 5.

## QUESTION NO. 5

What sum of money, if paid now in cash, would fairly and reasonably compensate Rosalinda (Rosalina) Ponce de Silva Salazar for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents, for damages, if any.

a.    Physical pain and mental anguish sustained in the past.

Answer:_____

b.    Physical pain and mental anguish that, in reasonable probability Rosalinda (Rosalina) Ponce de Silva Salazar will sustain in the future.

Answer:_____

c.    Physical impairment sustained in the past.

Answer:_____

d.    Physical impairment that, in reasonable probability Jesus Silva Salazar will sustain in the future.

Answer:_____

Source:
COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 8.2 cmt. (2000 ed.).

Respectfully,

**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 822-6666
Telecopier: (210) 822-1151

By:_____

      RICHARD W. ESPEY
      Attorney-in-Charge
      State Bar No. 06667580
      Federal Bar No. 32158

ATTORNEYS FOR DEFENDANT,
BASILIO GOMEZ, SR.

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the above and foregoing has this the _16th_ day of _Feb_ , 2004, been forwarded via certified mail, return receipt requested, hand-delivery and/or telecopier to the following:

Mr. Albert Villegas
VILLEGAS LAW FIRM
1324 East 7th Street
Brownsville, Texas 78250
ATTORNEYS FOR PLAINTIFFS

Mr. Ruben Pena
Attorney at Law
222 W. Harrison Street
Harlingen, Texas 78550
ATTORNEYS FOR PLAINTIFFS

_____
RICHARD W. ESPEY

- 16 -

LAW OFFICES

# DAVIS, CEDILLO & MENDOZA

INCORPORATED

| | | | |
|---|---|---|---|
| DAVID C. BADGER | DAVID S. ANGULO | McCOMBS PLAZA, SUITE 500 | NORMAN S. DAVIS, OF COUNSEL |
| RICARDO G. CEDILLO | STEVE ALFONSO CHISCANO | 755 E. MULBERRY AVENUE | DAVID LOPEZ, OF COUNSEL |
| JASON R. CLIFFE | TROY A. GLANDER | SAN ANTONIO, TEXAS 78212-3149 | |
| J. RUSSELL DAVIS* | HENRY B. GONZALEZ III | TELEPHONE: (210) 822-6666 | |
| RICHARD W. ESPEY | DERICK J. RODGERS | TELECOPY: (210) 822-1151 | |
| MARISE A. KERCHEVILLE* | CATHERINE E. TILL | E-mail: mail@lawdcm.com | *BOARD CERTIFIED |
| RONALD E. MENDOZA | RYAN J. TUCKER | | COMMERCIAL REAL ESTATE LAW |
| LES J. STRIEBER III | JASON C. ZEHNER | | TEXAS BOARD OF LEGAL SPECIALIZATION |

## TELECOPIER COVER PAGE

DATE: __February 16, 2004__       TIME:_____

TO: __ALBERT VILLEGAS__     FAX NO.:___(956) 544-7828____

TO: __RUBEN PENA__        FAX NO.:___(956) 412-8282____

TO: __C FRANK WOOD__      FAX NO.:___(956) 546-3765____

FROM: __CATHERINE TILL__    INITIALS:___CET_____

OUR FILE NO.___41300.0005_____   RETURN ORIGINAL TO:_CET____

ORIGINAL TO FOLLOW: YES/NO    BY:___Federal Express (Mr. Villegas only)___

NUMBER OF PAGES INCLUDING COVER PAGE:___26_____

WE ARE TRANSMITTING FROM FAX NO. (210) 822-1151. IF THERE ARE PROBLEMS
IN TRANSMISSION, PLEASE CALL ANNA AT (210) 822-6666, EXT. 336.

--------------------------------------------------------------------------------

## MESSAGE OR DESCRIPTION OF ATTACHED DOCUMENT

Re:    Civil Action No. B 01 105;
       *Rosalinda Salazar, et al. v. Basilio Gomez, Sr., et al.*;
       In the United States District Court
       for the Southern District of Texas
       Brownsville Division;
       Our File No. 41300.0005.

Attached please find the following documents:

    (1)    Signature Page of First Amended Joint Pre-Trial Order;
    (2)    Exhibit List;
    (3)    Witness List;
    (4)    Defendant, Basilio Gomez, Sr.'s Proposed Questions for the Voir Dire Examination; and
    (5)    Defendant, Basilio Gomez, Sr.'s First Amended Proposed Jury Instructions and Verdict Form.

## NOTE THAT I AM FORWARDING THE SAME TO YOU VIA FEDERAL EXPRESS IN CASE YOU NEED ORIGINAL SIGNATURES FOR FILING WITH THE COURT.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THIS INDIVIDUAL OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT. YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND PLEASE RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

fully set forth at length.

## 12. Settlement

The parties have not been able to settle this case. Mediation has been ordered by Magistrate Judge Felix Recio on March 1, 2004 at 8:30 a.m. at the U.S. Federal Courthouse, Brownsville, Texas.

## 13. Trial

The parties anticipate that trial will in all likelihood last three to five days.

## 14. Attachments

Plaintiff and Defendant Gomez have attached the following documents:

(A)    Proposed questions for the voir dire examination.
(B)    Proposed charge, including instructions, definitions and special interrogatories, with authority.

_____    Date:

United States District Judge

Approved:

_____    Date:

Attorney-in-Charge, Plaintiff

_____    Date:
      2-16-04
Attorney-in-Charge, Defendant

| UNITED STATES DISTRICT COURT | § | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Rosalinda Salazar and Jesus Silva Salazar | CASE NO. B 01 105 |
|---|---|
| versus- - - - - - - - - - - - - - - - - - - - - | **Exhibit List** |
| Basilio Gomez, Sr. | |
| Judge Hilda G. Tagle | Case Manager:  Stella Cavazos<br>Court Reporter:  Breck Record |
| List of<br>Defendant, Basilio Gomez, Sr. | Proceeding          Date |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Police investigation and arrest reports. | | |
| 2 | Medical records of Plaintiff Jesus Silva Salazar. | | |
| 3 | Rules & Regulations Manual for Brownsville Police Department. | | |
| 4 | Audio tape previously produced by former Defendants City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez to Plaintiffs' counsel. | | |
| 5 | Videos produced by Plaintiffs' counsel. | | |
| 6 | Manodnock Baton Manual. | | |
| 7 | Photos produced to Plaintiffs' counsel by former Defendants City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez. | | |
| 8 | Court Records of Plaintiffs. | | |
| 9 | Tax Returns of Plaintiffs and/or their business. | | |
| 10 | Payroll records of Basilio Gomez, Sr. | | |
| 11 | 1099 Forms of former Defendants City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez. | | |
| 12 | Defendant reserves the right to use items previously produced by Plaintiffs; former Defendants City of Brownsville, Carlos Zamorrano, Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez; and Defendant Basilio Gomez, Sr. | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

| UNITED STATES DISTRICT COURT | § | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Rosalinda Salazar and Jesus Silva Salazar  versus- - - - - - - - - - - - - - - - - - - - -  Basilio Gomez, Sr. | CASE NO. B 01 105  **Witness List** |
|---|---|
| Judge Hilda G. Tagle | Case Manager:  Stella Cavazos  Court Reporter:  Breck Record |
| List of  Defendant, Basilio Gomez, Sr. | Proceeding          Date |

1.      Rosalinda (Rosalina) Ponce de Silva Salazar
        c/o Mr. Albert Villegas
        Law Office of Albert Villegas
        1324 E. 7th Street
        Brownsville, Texas 78520
        Plaintiff to cause of action and has personal knowledge as to the facts that
        comprise the basis of this lawsuit.

2.      Jesus Silva Salazar
        c/o Mr. Albert Villegas
        Law Office of Albert Villegas
        1324 E. 7th Street
        Brownsville, Texas 78520
        Plaintiff to cause of action and has personal knowledge as to the facts that
        comprise the basis of this lawsuit.

3.      Jesus Alberto Salazar
        6377 Expressway 77
        Brownsville, Texas 78520
        Witness to the events made the basis of this lawsuit and Plaintiffs' son.

4.      Carlos Zamorrano
        c/o Mr. Eduardo Garza
        Willette & Guerra, L.L.P.
        3505 Boca Chica Blvd., Suite 460
        Brownsville, Texas 78521
        Former Defendant to cause of action and has knowledge as to the facts that
        comprise the basis of this lawsuit.

5.      Oscar Lara
        c/o Mr. Eduardo Garza
        Willette & Guerra, L.L.P.
        3505 Boca Chica Blvd., Suite 460
        Brownsville, Texas 78521
        Former Defendant to cause of action and has knowledge as to the facts that
        comprise the basis of this lawsuit.

6.      Adrian Mascorro
        c/o Mr. Eduardo Garza
        Willette & Guerra, L.L.P.
        3505 Boca Chica Blvd., Suite 460
        Brownsville, Texas 78521
        Former Defendant to cause of action and has knowledge as to the facts that
        comprise the basis of this lawsuit.

7.      Rey Lopez
        c/o Mr. Eduardo Garza
        Willette & Guerra, L.L.P.
        3505 Boca Chica Blvd., Suite 460
        Brownsville, Texas 78521
        Former Defendant to cause of action and has knowledge as to the facts that
        comprise the basis of this lawsuit.

8       Arnold Galvan
        c/o Mr. Eduardo Garza
        Willette & Guerra, L.L.P.
        3505 Boca Chica Blvd., Suite 460
        Brownsville, Texas 78521
        Former Defendant to cause of action and has knowledge as to the facts that
        comprise the basis of this lawsuit.

9.      Dan Bennet
        Brownsville Police Department
        Brownsville, Texas 78520

10.     Robert Salinas
        Cameron County Sheriff's Department
        964 E. Harrison Street
        Brownsville, Texas 78520
        Witness to the events made the basis of this lawsuit.

11.     Basilio Gomez, Sr.
        c/o Mr. Richard W. Espey
        Davis, Cedillo & Mendoza, Inc.
        McCombs Plaza, Suite 500

755 E. Mulberry Avenue
San Antonio, Texas 78212
Defendant to cause of action and has knowledge as to the facts that comprise the
basis of this lawsuit.

12.      Basilio Gomez, Jr.
         c/o Mr. Richard W. Espey
         Davis, Cedillo & Mendoza, Inc.
         McCombs Plaza, Suite 500
         755 E. Mulberry Avenue
         San Antonio, Texas 78212
         Defendant's son and has knowledge as to the facts that comprise the basis of this
         lawsuit.

13.      Randy Dunn
         Retired uniform service division commander who reviewed the officers' conduct
         and found it to be appropriate.

14.      Fred Perez, MD and/or Custodian of Records
         800 Jefferson
         Brownsville, Texas 78520
         Treated Plaintiff Jesus Silva Salazar.

15.      Raul Garza, MD and/or Custodian of Records
         San Benito, Texas
         Treated Plaintiff Jesus Silva Salazar.

16.      Chief Carlos Garcia
         Brownsville Police Department
         600 E. Jackson
         Brownsville, Texas 78520
         Telephone:  (956) 548-7051
         Telecopier:  (956) 548-7058
         Expert retained by former Defendants City of Brownsville, Carlos Zamorrano,
         Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez.

17.      Harold W. Warren
         Security & Public Safety Consultant
         4348 FM 1801
         Mineola, Texas 75773-4765
         Telephone:  (903) 569-5701
         Telecopier:  (903) 539-6036
         Expert retained by former Defendants City of Brownsville, Carlos Zamorrano,
         Arnold Galvan, Oscar Lara, Adrian Mascorro, and Rey Lopez.

18.      Valley Regional Medical Center and/or Custodian of Records

Page 3 of 4

1 Ted Hunt Blvd.
Brownsville, Texas 78521
Plaintiff Jesus Silva Salazar sought treatment from this hospital.

19.     Mercy Hospital and/or Custodian of Records
        Plaintiff Jesus Silva Salazar sought treatment from this hospital.

20.     Brownsville EMS and/or Custodian of Records
        Brownsville, Texas
        Plaintiff was treated by Brownsville EMS.

21.     Any witness listed by Plaintiff.

J:\rwc\41300005\motions-orders\voir.dire.examination.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| VS. | § | C.A. NO. B 01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITY AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

## DEFENDANT, BASILIO GOMEZ, SR.'S PROPOSED QUESTIONS
## FOR THE VOIR DIRE EXAMINATION

Defendant, Basilio Gomez, Sr. proposes the following questions for the voir dire examination:

(1)  Does anyone know any of the following individuals:

    (a)  Basilio Gomez, Sr.

    (b)  Rosalinda (Rosalina) Ponce de Silva Salazar

    (c)  Jesus Silva Salazar

    (d)  Carlos Zamorrano

    (e)  Oscar Lara

    (f)  Adrian Mascorro

    (g)  Rey Lopez

    (h)  Arnold Galvan

    (i)  Raul Silva Salazar

    (j)  Jesus Alberto Salazar

       (k)    Alejandro Pacheco

       (l)    Dan Bennet

       (m)   Robert Salinas

       (n)   Vernon Hodges

       (o)   Randy Dunn

       (p)   Ben Reyna

(2)    Does anyone know Albert Villegas or anyone at his law office?

(3)    Does anyone know Ruben Pena or anyone at his law office?

(4)    Does anyone know Rick Espey or anyone at the firm of Davis, Cedillo & Mendoza?

(5)    Does anyone know Frank Wood or Dennis Sanchez or anyone at the firm of Sanchez, Whittington, Janis & Zabarte, L.L.P.?

(6)    Does anyone have any legal training?

(7)    Does anyone have any experience working with or for an attorney?

(8)    Does anyone know or has anyone been treated by or is currently being treated by Dr. Fred Perez?

(9)    Does anyone know or has anyone been treated by or is currently being treated by Dr. Raul Garza?

(10)   Has anyone been to 77 Flea Market?

(11)   Have any of you ever had prior difficulties with 77 Flea Market?

(12)   Have any of you ever had prior difficulties with Basilio Gomez, Sr.?

(13)   Does/Has anyone heard or know about this incident?

(14)   Have you/spouse/children/relatives/friends ever had a complaint with any police department?

(15)   Have you/spouse/children/relatives/friends ever had a complaint with the Brownsville Police Department?

(16)  Has anyone ever had an injury to their neck or back that required medical treatment a result of an accident or because of some other reason?

(17)  Has anyone ever made a prior claim or brought a lawsuit for personal injury wherein money damages were being sought as the result of an accidental injury?

Respectfully,

**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 822-6666
Telecopier: (210) 822-1151

By:_____
        RICHARD W. ESPEY
        Attorney-in Charge
        State Bar No. 06667580
        Federal Bar No. 32158

ATTORNEYS FOR DEFENDANT,
BASILIO GOMEZ, SR.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has this the _16th_ day of _____FEB_____ 2004, been forwarded via certified mail, return receipt requested, hand-delivery and/or telecopier to the following:

Mr. Albert Villegas
VILLEGAS LAW FIRM
1324 East 7th Street
Brownsville, Texas 78250
ATTORNEYS FOR PLAINTIFFS

Mr. Ruben Pena
Attorney at Law
222 W. Harrison Street
Harlingen, Texas 78550
ATTORNEYS FOR PLAINTIFFS

_____
        RICHARD W. ESPEY

- 3 -

T:\19000 - 9999\P20000-49999\41300\0005\motions-orders\jury.charge03.1.kta.doc

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| VS. | § | C.A. NO. B 01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITY AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

---

## DEFENDANT, BASILIO GOMEZ, SR.'S
## FIRST AMENDED PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Basilio Gomez, Sr., by and through his attorneys, and submits this his Proposed Jury Instructions and Verdict Form as follows:

GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that

- 2 -

you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the

- 3 -

existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise

-4-

directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

<u>Source:</u>
COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) 3.1 (1999).

## LIMITING INSTRUCTION

You will recall that during the course of this trial I instructed you that I admitted certain testimony and certain exhibits for a limited purpose and I instructed you that you may consider some testimony and documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

Source:
COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) 2.15 (1999).

## EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

Source:

COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) 2.19 (1999).

DEPOSITION TESTIMONY

Certain testimony will now be presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read (shown) to you today. This deposition testimony is entitled to the same consideration [and is to be judged by you as to credibility] [and weighed and otherwise considered by you insofar as possible in the same way] as if the witness had been present and had testified from the witness stand in court.

Source:
COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) 2.23 (1999).

## BURDEN OF PROOF

In this case, the plaintiff must prove every essential part of his or her claim by a preponderance of the evidence.

A preponderance of the evidence simply means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

Source:
F. COMM. ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) 2.20 (1999).

-9-

## QUESTION NO. 1

On the occasion in question were Oscar Lara, Rey Lopez, Carlos Zamorrano, Adrian Mascorro and/or Arnold Galvan acting as employees of Basilio Gomez, Sr.?

An "employee" is a person in the service of another with the understanding, express or implied that such other person has the right to direct the details of the work and not merely the result to be accomplished.

A person is not acting as an employee if he is acting as an "independent contractor." An independent contractor is a person who, in pursuit of an independent business, undertakes to do specific work for another person, using his own means and methods without submitting himself to the control of such other person with respect to the details of the work, and who represents the will of such other person only as to the result of his work and not as to the means by which it is accomplished.

Answer "Yes" or "No" for each of the following:

Oscar Lara            Answer:_____

Rey Lopez             Answer:_____

Carlos Zamorrano      Answer:_____

Adrian Mascorro       Answer:_____

Arnold Galvan         Answer:_____

Source:
COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES 7.1, 7.8 (2000 ed.).

- 10 -

If you have answered Question No. 1 "Yes," then answer Question 2. Otherwise, do not answer Question No. 2.

## QUESTION NO. 2

On the occasion in question were Oscar Lara, Rey Lopez, Carlos Zamorrano, Adrian Mascorro and/or Arnold Galvan acting in the scope of their employment?

> An "employee" is acting in the scope of his employment if he is acting in the furtherance of the business of his employer.

> An "employee" is not acting in the scope of his employment if he is an off-duty officer that sees a crime being committed and he performs a public duty.

Answer "Yes" or "No" for each of the following:

Oscar Lara          Answer:_____

Rey Lopez           Answer:_____

Carlos Zamorrano    Answer:_____

Adrian Mascorro     Answer:_____

Arnold Galvan       Answer:_____

Source:
COMM. ON PATTERN JURY CHARGE, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 7.6 (2000 ed.); *Mansfield v. C.F. Bent Tree Apt. Ltd., Prtshp.*, 37 S.W.3d 145, 149 (Tex.App.—Austin 2001, no pet.); *City of Dallas v. Half Price Books, Records, Mags.*, Inc., 883 S.W.2d 374, 377 (Tex.App.—Dallas 1994, no writ); *Blackwell v. Harris Cty.*, 909 S.W.2d 135, 139 (Tex.App.—Houston [14th Dist.] 1995, writ denied).

- 11 -

If you have answered Question No. 1 "Yes," and if you have answered Question No. 2 "Yes," then answer Question No. 3. Otherwise, do not answer Question No. 3.

## QUESTION NO. 3

Did any of those named below commit an assault against Jesus Silva Salazar and/or Rosalinda (Rosalina) Ponce de Silva Salazar?

A person commits an assault if he (1) intentionally, knowingly, or recklessly causes bodily injury to another; (2) intentionally or knowingly threatens another with imminent bodily injury; or (3) intentionally or knowingly causes physical contact with another when he or she knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Answer "Yes" or "No" for each of the following:

Oscar Lara          Answer:_____

Rey Lopez           Answer:_____

Carlos Zamorrano    Answer:_____

Adrian Mascorro     Answer:_____

Arnold Galvan       Answer:_____

<u>Source:</u>
COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES 6.6 (2000 ed.).

- 12 -

If you have answered Question No. 3 "Yes," then answer Question No. 4.  Otherwise, do not answer Question No. 4.

## QUESTION NO. 4

What sum of money, if paid now in cash, would fairly and reasonably compensate Jesus Silva Salazar for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other.  Consider each element separately.  Do not include damages for one element in any other element.  Do not include interest on any amount of damages you find.

Answer separately in dollars and cents, for damages, if any.

a.     Physical pain and mental anguish sustained in the past.

Answer:_____


b.     Physical pain and mental anguish that, in reasonable probability Jesus Silva Salazar will sustain in the future.

Answer:_____


c.     Loss of earning capacity sustained in the past.

Answer:_____


d.     Physical impairment sustained in the past.

Answer:_____


e.     Physical impairment that, in reasonable probability Jesus Silva Salazar will sustain in the future.

Answer:_____


f.     Medical care in the past.

Answer:_____


- 13 -

Source:
COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 8.2 cmt. (2000 ed.).

If you have answered Question No. 3 "Yes," then answer Question No. 5. Otherwise, do not answer Question No. 5.

## QUESTION NO. 5

What sum of money, if paid now in cash, would fairly and reasonably compensate Rosalinda (Rosalina) Ponce de Silva Salazar for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents, for damages, if any.

a.     Physical pain and mental anguish sustained in the past.

Answer:_____

b.     Physical pain and mental anguish that, in reasonable probability Rosalinda (Rosalina) Ponce de Silva Salazar will sustain in the future.

Answer:_____

c.     Physical impairment sustained in the past.

Answer:_____

d.     Physical impairment that, in reasonable probability Jesus Silva Salazar will sustain in the future.

Answer:_____

Source:
COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 8.2 cmt. (2000 ed.).

- 15 -

Respectfully,

**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 822-6666
Telecopier: (210) 822-1151

By:_____
      RICHARD W. ESPEY
      Attorney-in-Charge
      State Bar No. 06667580
      Federal Bar No. 32158

ATTORNEYS FOR DEFENDANT,
BASILIO GOMEZ, SR.

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the above and foregoing has this the _16th_ day of ____Feb____, 2004, been forwarded via certified mail, return receipt requested, hand-delivery and/or telecopier to the following:

    Mr. Albert Villegas
    VILLEGAS LAW FIRM
    1324 East 7th Street
    Brownsville, Texas 78250
    ATTORNEYS FOR PLAINTIFFS

    Mr. Ruben Pena
    Attorney at Law
    222 W. Harrison Street
    Harlingen, Texas 78550
    ATTORNEYS FOR PLAINTIFFS

_____
RICHARD W. ESPEY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| vs | § | C.A. NO. B01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ INDIVIDUALLY | § | |
| AND IN THEIR OFFICIAL CAPACITY | § | |
| AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

PLAINTIFF'S PROPOSED CHARGE TO THE JURY

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important

during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field--he is called an expert witness--is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

Federal Jury Practice & Instructions

Pattern & Model Jury Instructions -- Civil

Pattern Jury Instructions: Fifth Circuit, Civil Cases

U.S. Fifth Circuit District Judges Association

1999 Edition

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| vs | § | C.A. NO. B01 105 |
| | § | |
| BASILIO GOMEZ SR., | § | |

PLAINTIFF'S PROPOSED INTERROGATORIES TO THE JURY

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Rosa Linda Salazar and Jesus Silva Salazar, respectfully submits the following proposed Interrogatories to the Jury.

QUESTION _____

On the occasion in question were Lara, Lopez, Zamorrano, Mascorro and Galvan acting as an employee of Basilio Gomez Sr. dba 77 Flea Market?

An "employee" is a person in the service of another with the understanding, express or implied, that such other person has the right to direct the details of the work and not merely the result to be accomplished.

Answer "Yes" or "No."

Answer: _____

QUESTION NO _____

On the occasion in question were Lara, Lopez, Zamorrano, Mascorro and Galvan acting in the scope of their employment?

An employee is acting in the scope of his employment if he is acting in the furtherance of the business of his employer.

Answer "Yes" or "No."

Answer: _____

TEXAS PATTERN JURY CHARGE 7.6
2002 EDITION

INSTRUCTION NO ___:

A person is not acting as an employee if he is acting as an "independent contractor." An independent contractor is a person who, in pursuit of an independent business, undertakes to do specific work for another person, using his own means and methods without submitting himself to the control of such other person with respect to the details of the work, and who represents the will of such other person only as to the result of his work and not as to the means by which it is accomplished.

TEXAS PATTERN JURY CHARGE 7.8
2002 Edition

QUESTION _____

Did  Lara, Lopez, Zamorrano, Mascorro or Galvan  commit an assault against Rosa Linda Salazar?

A person commits an assault if he (1) intentionally, knowingly, or recklessly causes bodily injury to another; (2) intentionally or knowingly threatens another with imminent bodily injury; or (3) intentionally or knowingly causes physical contact with another when he or she knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Answer "Yes" or "No."

Answer: _____

Texas Pattern Jury Charge 6.6
2002 Edition

QUESTION _____

    Did  Lara, Lopez, Zamorrano, Mascorro or Galvan  commit an assault against Jesus Silva Salazar?

        A person commits an assault if he (1) intentionally, knowingly, or recklessly causes bodily injury to another; (2) intentionally or knowingly threatens another with imminent bodily injury; or (3) intentionally or knowingly causes physical contact with another when he or she knows or should reasonably believe that the other will regard the contact as offensive or provocative.

    Answer "Yes" or "No."

    Answer: _____

Texas Pattern Jury Charge 6.6
2002 Edition

Interrogatory No. 5

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Jesus Silva

Salazar for her injuries, if any that resulted from the occurrence in question?

Consider the elements of damages below and none other. Consider each element separately. Do not

include damages for one element in any other element. Do no include interest on any amount of

damages you find.

Answer separately, in dollars and cents for damages, if any.

A.   Physical pain and mental anguish sustained in the past.

ANSWER: _____.

B.   Physical pain and mental anguish that in reasonable probability, Jesus Silva Salazar will

sustain in the future.

ANSWER: _____.

C.   Loss of earning capacity sustained in the past.

ANSWER: _____

D.   Loss of earning capacity that, in reasonable probability, Jesus Silva Salazar will sustain in the

future.

ANSWER: _____

E: Physical Impairment sustained in the past.

ANSWER:_____

F. Physical impairment that, in reasonable probability, Jesus Silva Salazar, will sustain in the

future.

ANSWER: _____

G: Medical Care in the past:

ANSWER: _____

H. Medical care that, in reasonable probability, Jesus Silva Salazar, will incur in the future.

ANSWER: _____

I. Expenses incurred which resulted from the incident

Including attorneys fees, bail bond fees, embarrassment

and humiliation.

Answer: $_____

Texas Pattern Jury Charge 80.2

2002 Edition

Texas Pattern Jury Charge 8.2

1998 Edition

Question No. __.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Rosa Linda Salazar for her injuries, if any that resulted from the occurrence in question?

Consider the elements of damages below and none other. Consider each element separately. Do not include damages for one element in any other element. Do no include interest on any amount of damages you find.

Answer separately, in dollars and cents for damages, if any.

A. Physical pain and mental anguish sustained in the past.

ANSWER: _____.

B. Physical pain and mental anguish that in reasonable probability, Rosa Linda Salazar will sustain in the future.

ANSWER: _____.

C. Physical impairment sustained in the past

ANSWER: _____.

D. Physical impairment that, in reasonable probability, Rosa Linda Salazar will sustain in the future.

ANSWER: _____.

E. Expenses incurred which resulted from the incident

Including attorneys fees, bail bond fees, embarrassment

and humiliation.

Answer: $_____

Texas Pattern Jury Charge 80.2

2002 Edition

QUESTION  No __:

If you have answered "Yes" to Question _____ , and you have inserted a sum of money in answer to Question _____ , then answer the following question. Otherwise, do not answer the following question.

QUESTION _____
   Do you find by clear and convincing evidence that the harm to Rosa Linda Salazar resulted from malice?

   "Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.
   "Malice" means:

   (a) a specific intent by Basilio Gomez Sr. to cause substantial injury to Rosa Linda Salazar; or

   (b) an act or omission by Basilio Gomez Sr.,
      (i)   which, when viewed objectively from the standpoint of Basilio Gomez Sr. at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
      (ii)  of which Basilio Gomez Sr. had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."
Answer: _____

TEXAS PATTERN JURY CHARGE 4.2B
2002 EDITION

QUESTION No __:

If you have answered "Yes" to Question ____ , and you have inserted a sum of money in answer to Question ____ , then answer the following question. Otherwise, do not answer the following question.

QUESTION _____
    Do you find by clear and convincing evidence that the harm to Jesus Silva Salazar resulted from malice?

        "Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.
        "Malice" means:

        (a) a specific intent by Basilio Gomez Sr. to cause substantial injury to Jesus Silva Salazar; or

        (b) an act or omission by Basilio Gomez Sr.,
            (i)    which, when viewed objectively from the standpoint of Basilio Gomez Sr. at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
            (ii)   of which Basilio Gomez Sr. had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

    Answer "Yes" or "No."
    Answer: _____

TEXAS PATTERN JURY CHARGE 4.2B
2002 EDITION

Interrogatory no __

If you have answered "Yes" to Question ____ , and you have inserted a sum of money in answer to Question ____ , then answer the following question. Otherwise, do not answer the following question.

QUESTION _____

Do you find by clear and convincing evidence that the harm to Jesus Silva Salazar resulted from malice?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means:

(a) a specific intent by Basilio Gomez Sr. to cause substantial injury to Jesus Silva Salazar; or

(b) an act or omission by Basilio Gomez Sr.,

(i)    which, when viewed objectively from the standpoint of Basilio Gomez Sr. at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(ii)   of which Basilio Gomez Sr. had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."

Answer: _____

TEXAS PATTERN JURY CHARGE 4.2B
2002 EDITION

Interrogatory No __:

If you have answered "Yes" to Question _____ , and you have inserted a sum of money in answer to Question _____ , then answer the following question. Otherwise, do not answer the following question.

QUESTION _____

    Do you find by clear and convincing evidence that the harm to Rosa Linda Salazar resulted from malice?

       "Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

    "Malice" means:

      (a) a specific intent by Basilio Gomez Sr. to cause substantial injury to Rosa Linda Salazar; or

      (b) an act or omission by Basilio Gomez Sr.,

         (i)   which, when viewed objectively from the standpoint of Basilio Gomez Sr. at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

         (ii)  of which Basilio Gomez Sr. had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."

Answer: _____

TEXAS PATTERN JURY CHARGE 4.2B
2002 EDITION

Interrogatory no 7:

What sum of money, if any, should be assessed against Basilio Gomez Sr. And awarded to Jesus Silva Salazar as exemplary damages for the conduct found in response to question no ___?

Exemplary damages means an amount that you may in your discretion award as an example to others and as a penalty or by way of punishment, in addition to any amount that you may have found as actual damages.

Factors to consider in awarding exemplary damages, if any are-

a. The nature of the wrong

b. The character of the conduct involved

c. The degree of culpability of the wrongdoer

d. The situation and sensibilities of the parties concerned.

E. The extent to which such conduct offends a public sense of justice and

propriety.

Answer in dollars and cents, if any.

Answer: _____

Texas Pattern Jury Charge 80.6A

2002 Edition

RESPECTFULLY SUBMITTED

_____

ALBERT VILLEGAS
1324 EAST SEVENTH
BROWNSVILLE TEXAS
956 544 3352
BAR NO 20585450
FEDERAL ID NO 3913
ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I Hereby certify that a true and correct copy of the foregoing has been sent this 19TH day of

February, 2004.

_____

ALBERT VILLEGAS

| UNITED STATES DISTRICT COURT ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| JESUS SILVA SALAZAR, ET AL.<br>Versus- - - - - - - - - - - - - - - - - - - -<br>BASILIO GOMEZ SR. | CASE NO.     B-01-105 |
|---|---|
| Judge Hilda G. Tagle | Exhibit List |
| List of Plaintiffs | Case Manager:  Stella Cavazos<br>Court Reporter: Breck Record<br>_____<br>Proceeding          Date |

| No. | Description | Adm | Ext |
|---|---|---|---|
| 1 | MEDICAL RECORDS OF PLAINTIFF JESUS SILVA SALAZAR | | |
| 2 | VIDEOTAPE OF SCENE OF INCIDENT | | |
| 3 | TAX RETURNS OF PLAINTIFF | | |
| 4 | COURT RECORDS OF PLAINTIFFS | | |
| 5 | PHOTOGRAPHS OF SCENE AND FLEA MARKET | | |
| 6 | VIDEOTAPES OF FLEA MARKET AND SURROUNDING AREA | | |
| 7 | STATEMENTS OF OFF DUTY OFFICERS | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |

| UNITED STATES DISTRICT COURT ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|
| JESUS SILVA SALAZAR, ET AL.<br>Versus- - - - - - - - - - - - - - - - - - - - - - -<br>BASILIO GOMEZ SR. | CASE NO.    B-01-105 |
| Judge Hilda G. Tagle | Witness List |
| List of Plaintiffs | Case Manager: Stella Cavazos<br>Court Reporter: Breck Record<br><br>Proceeding          Date |

The Plaintiff may call as witnesses either live or by deposition, the following:

(1)    Plaintiff Jesus Silva will testify as to description of incident, the past conduct of the defendant and his agents and employees, including the off duty officers, the injuries and damages he and Rosa Linda Silva sustained .

(2)    Plaintiff Rosa Linda Silva Medina, will testify as to description of the incident, the past conduct of the defendants and his agents and employees, including the off duty officers, the injuries and damages she, her husband Robert Medina and Plaintiff Alysha Martinez sustained and effect on their lives.

(3)    Jesus Alberto Silva, son of the Plaintiff, Jesus Silva, will testify as to description of incident, the past incidents and history between the Parties and the effects of the injuries and losses on the Plaintiffs.

(4)    Juan Antonio Silva Salazar, brother of the Plaintiff, will testify as to the condition of the Plaintiff, Jesus Silva at the time of the incident, the past relationship and incidents between the parties and damages of the Plaintiffs.

(5)    Dr. Raul Garza, doctor who treated Jesus Silva, will testify live or by videotaped deposition as to medical injuries of Jesus Silva.

(6)    Dr. Fred Perez, doctor who treated Jesus Silva, will testify live or by videotaped deposition as to medical injuries of Jesus Silva.

(7)    Valley Regional Medical Center Records Custodian, will testify live or through the medical records about the medical treatment rendered to Plaintiff Jesus Silva.

(8)    Basilio Gomez Sr., will testify live or by deposition about the incident, his employee-employer relationship with the off duty officers and past incidents with Plaintiffs.

(9)     Oscar Lara, will testify live or by deposition about the incident, his relationship with the defendant and past incidents with the Plaintiffs.

(10)    Reynaldo Lopez, will testify live or by deposition about the incident, his relationship with the defendant and past incident with the Plaintiff.

(11)    Carlos Zamarrono, will testify live or by deposition about the incident, his relationship with the defendant and past incidents with the Plaintiff.

(12)    Adrian Mascorro, will testify live or by deposition about the incident, his relationship with the defendant and past incidents with the Plaintiff.

(13)    Mariano Gonzales, will testify live or by deposition about the incident, his relationship with the defendant and past incidents with the Plaintiff.

(14)    Arnold Galvan, will testify live or by deposition about the incident, his relationship with the defendant and past incidents with the Plaintiff.

(15)    Robert Salinas, will testify live or by deposition about the incident, his relationship with the Plaintiff in the past and on the date of the incident.

(16)    Any witness listed by Defendant.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROSALINDA SALAZAR AND                        §
JESUS SILVA SALAZAR                          §
                                             §
vs                                           §        C.A. NO. B01 105
                                             §
BASILIO GOMEZ SR.,                           §

PLAINTIFF'S PROPOSED VOIR DIRE INTERROGATORIES

1. What is your occupation?

2. How long have you worked in that occupation?

3. Who is your employer?

4. Have you ever served on a jury before? If your answer is yes, please explain the nature of the case whether it was civil or criminal, what issues were involved, what decision was reached and were you foreperson.

5. Have you, any member of your family or close friend ever worked in the law enforcement industry? If so, please explain who, when and where.

6. Have you, or has any members of your family ever been employed as security officers of any kind? If so, please state who, when and where.

7. Have you or any member of your family ever been involved in a law suit before as a participant or witness? If so, please state the nature of the lawsuit, when it occurred, and what was the final result.

8. Have you, any family member or close friend been employed by Basilio Gomez Sr.

9. The plaintiffs are from Mexico and have lived in Texas for over twenty years. Their main language is Spanish. Is there anyone that believes they could not be fair.

10. If you are instructed that you may award damages to the Plaintiff in an amount which will fairly and justly compensate him for losses which he has sustained; and further, that such losses need not be proved with mathematical precision or exactness; would you apply this rule in such a manner as to fairly and justly compensate the Plaintiff for those losses he has proven to your satisfaction.

11. Have you or any member of your family been involved in an accident resulting in physical injuries? If so, to what extent were the injuries?

12. Are you or any member of your family now or have any members of your family or you ever been employed by an insurance company or in anyway been involved in the adjustment of claims?

13. State whether any person has ever made a claim against you or your immediate family in which such person sought damages from you on account of injuries.

14. Do any of you know of any reason why you could not be a fair and impartial juror to Jesus Silva and Rosa Linda Silva of Brownsville, Texas in this cause?

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that the Court consider the foregoing questions during the conduct of the voir dire examination of the Jury pane. In addition, the Plaintiff respectfully requests the opportunity to propound further questions based upon any responses received with respect to the foregoing.

RESPECTFULLY SUBMITTED

ALBERT VILLEGAS
1324 EAST SEVENTH
BROWNSVILLE TEXAS
956 544-3352
BAR NO 20585450
Federal Id No 3913
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I Hereby certify that a true and correct copy of the foregoing has been sent this 17 th day of

February, 2004.

_____

ALBERT VILLEGAS