T:\19000 - 99999\20000-49999\41300.0005\motions-orders\msj.mtn.reconsider.doc

United States District Court
Southern District of Texas
FILED

MAR 1 9 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND | § | |
| JESUS SILVA SALAZAR | § | |
| | § | |
| VS. | § | C.A. NO. B 01 105 |
| | § | |
| BASILIO GOMEZ SR., CITY OF | § | |
| BROWNSVILLE AND CARLOS ZAMORRANO, | § | |
| ARNOLD GALVAN, OSCAR LARA, ADRIAN | § | |
| MASCORRO, AND REY LOPEZ | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITY AS EMPLOYEES | § | |
| FOR CITY OF BROWNSVILLE | § | |

## DEFENDANT, BASILIO GOMEZ, SR.'S MOTION TO RECONSIDER DEFENDANT, BASILIO GOMEZ, SR.'S MOTION FOR SUMMARY JUDGMENT[1]

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Basilio Gomez, Sr. ("Defendant Gomez"), by and through his

attorneys, and submits this his Motion to Reconsider Defendant, Basilio Gomez, Sr.'s Motion for

Summary Judgment, and, in support thereof, would respectfully show this Court the following:

### I. Statement of Issues to Be Ruled Upon By the Court

On January 30, 2003, Defendant Gomez filed his Motion for Summary Judgment

("Defendant Gomez' Motion"),[2] in part on grounds that there was no evidence to support an

essential element of each of Plaintiffs' claims.  *See* Defendant Gomez' Motion.  In turn,

Plaintiffs filed their Response to Defendant Gomez Motion for Summary Judgment ("Plaintiffs'

Response").  *See* Plaintiff's Response.  On February 10, 2004, the Court granted in part and

---

[1] Defendant Gomez is filing this Motion pursuant to Defendant, Basilio Gomez, Sr.'s Unopposed Motion for Leave to File Defendant, Basilio Gomez, Sr.'s Motion to Reconsider Defendant, Basilio Gomez, Sr.'s Motion for Summary Judgment.

[2] Defendant Gomez incorporates the arguments of Defendant Gomez' Motion by reference as if expressly set forth at length.

denied in part Defendant Gomez' Motion leaving the following issues of fact to be tried to the jury, namely whether (1) the police officers were off-duty or on-duty at the time of the alleged incident, (2) the police officers were employees or independent contractors, (3) the officers assaulted the Plaintiffs, (4) Defendant Gomez is vicariously liable for any assault are issues of fact to be tried to the jury. *See* Memorandum and Order, dated February 10, 2004. However, Defendant Gomez' files this Motion to Reconsider Defendant Basilio Gomez' Motion for Summary Judgment ("Motion to Reconsider") on the basis that Defendant Gomez is entitled to a partial summary judgment on specific types of damages as set forth below.

## II.  Summary Judgment Standard

Summary judgment is proper in any case where there is no genuine issue of material fact. The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986). In that regard, a partial summary judgment may be granted on specific types of damages when a party fails to make a showing sufficient to establish the existence of that type of damages. *See, e.g., Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981) ("In cases… summary judgment may be proper as to some causes of action but not as to others, or *as to some issues, but not as to others*, or as to some parties, but not as to others.") (emphasis added); *Bain v. Honeywell International, Inc.*, 257 F. Supp. 2d 879 (E.D. Tex. 2003) (summary judgment granted as to specific types of damages).

- 2 -

### III. Summary of Argument

In this case, a partial summary judgment should be granted on specific types of damages because there is no evidence of (1) past and future medical care, (2) lost earnings/loss of earning capacity, (3) attorney fees or fees for bonds are recoverable; and (4) exemplary damages.

### IV. Argument

A partial summary judgment should be granted on specific types of damages because there is no evidence of (1) past and future medical care, (2) lost earnings/loss of earning capacity, (3) attorney fees or fees for bonds are recoverable; and (4) exemplary damages.

#### (1) No Evidence of Past or Future Medical Care

Past and future medical expenses are recoverable elements of damages if the plaintiff can show that such expenses were necessarily incurred in treatment of the injury in question and reasonable in amount. *Dallas Railway & Terminal Company v. Gossett*, 294 S.W.2d 377, 382 (Tex. 1956); *Gerland's Food Fair, Inc. v. Hare*, 611 S.W.2d 113, 117 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Mere proof that medical services were rendered to the plaintiff does not show that the services were necessary in treatment of the injury at issue in the suit. *Quaker Petroleum Chems. Co. v. Waldrop*, 75 S.W.3d 549, 553-54 (Tex. App.—San Antonio 2002, no pet. h.); *Reyes v. Liberty Mutual Fire Ins. Co.*, 749 S.W.2d 234, 237 (Tex. App.—San Antonio 1988, no writ) (evidence must establish reasonable probability of causal connection; in the absence of reasonable probability, the inference of causation amounts to no more than conjecture or speculation). Additionally, the plaintiff must show that, in all reasonable probability, future medical care will be required and the reasonable cost of that care. *Rosenboom Mach. & Tool, Inc. v. Machala,* 995 S.W.2d 817, 828 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

In Plaintiffs' Response, Plaintiff incorporated by reference the Affidavit of Jesus Silva Salazar and the Affidavit of Rosalinda Salazar (collectively referred to as "Affidavits") previously filed with the Court. The Affidavits are conclusory and contain no more than speculation with regard to past or future medical care. *See* Affidavits. Specifically, Plaintiffs have proffered no evidence that establishes a reasonable probability of causal connection between the incident made the basis of this suit and any medical treatment received by Plaintiffs or any future medical care that may be required. *See* Affidavits. As such, summary judgment with regard to past and future medical care should be granted.

### (2)    No Evidence of Lost Earnings/Loss of Earning Capacity

Loss or impairment of past and future earning capacity may be recovered as an element of damages in a personal injury case. *See Bonney v. San Antonio Transit Company*, 325 S.W.2d 117, 120 (1959). The plaintiff's burden of proving lost earnings is greater than the burden of proving loss or impairment of earning capacity. *T.J. Allen Distributing Co. v. Leatherwood*, 648 S.W.2d 773, 775 (Tex. App.—Beaumont 1983, writ ref'd n.r.e.). This is because proof of lost earnings requires evidence of the plaintiff's actual earnings prior to his or her injury and his or her earnings or possible earnings after the injury. *City of Rosenberg v. Renken*, 616 S.W.2d 292, 293-294 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ); *see River Oaks Townhomes Owners' Ass'n v. Bunt*, 712 S.W.2d 529, 533 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)(award of damages for lost earnings was reversed despite self-employed plaintiff's testimony that he missed five days of work as engineering consultant at $ 250 per day, because there was no record of actual earnings or other basis for determining actual earnings).

A plaintiff seeking damages for loss or impairment of past or future earning capacity must "prove the amount of such damages with the degree of certainty to which it is susceptible." *Bonney*, 325 S.W.2d at 121. In that regard, lost earning capacity may not be inferred merely

from evidence of an injury, even if the injury is so serious and permanent that such loss would seem inevitable. *Paschall v. Peevey*, 813 S.W.2d 710, 715 (Tex. App.—Austin 1991, writ denied).

The Affidavits do not establish actual earnings prior to his alleged injury and his earnings or possible earnings after the alleged injury nor do they show loss of earning capacity with a degree of certainty to which it is susceptible. Accordingly, summary judgment with regards to lost earnings or loss of earning capacity should be granted.

### (3)    No Evidence that Attorney Fees or Fees for Bonds Are Recoverable

A prevailing party cannot recover attorney fees from an opposing party unless permitted by statute, by a contract between the parties, or under equity. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex. 1999) (statute or contract); *Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 799 (Tex. 1974). In this case, Plaintiffs' have no evidence that any attorney fees or bonds are recoverable.[3] Thus, a partial summary judgment should be granted with regards to attorney fees and bonds.

### (4)    No Evidence of Exemplary Damages

Even assuming that Officers were acting as employees or agents in the course and scope of their employment, an employer can be liable for exemplary damages in an action arising out of a criminal act committed by an employee only if (1) the principal authorized the doing and the manner of the act, (2) the agent was unfit and the principal acted with malice in employing or retaining him, (3) the agent was employed in a managerial capacity and was acting in the scope of employment, or (4) the employer or a manager of the employer ratified or approved the act.

---

[3] Pursuant to the Court's Order, dated February 19, 2002, Plaintiffs' claims regarding false arrest were dismissed because his conviction has not been invalidated. It only follows that attorney fees or bonds related to this "false arrest" claim would be dismissed.

Tex. Civ. Prac. & Rem. Code Ann. § 41.005 (Vernon Supp. 2004). Plaintiffs have submitted no evidence to establish a basis for awarding exemplary damages.

<u>**V. Conclusion**</u>

In conclusion, a partial summary judgment should be granted on specific types of damages because there is no evidence of (1) past and future medical care, (2) lost earnings/loss of earning capacity, (3) attorney fees or fees for bonds are recoverable; and (4) exemplary damages. Defendant Gomez requests any and all such other relief to which Defendant Gomez may show itself justly entitled either at law or in equity.

Respectfully,

**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 822-6666
Telecopier: (210) 822-1151

By: _____
RICHARD W. ESPEY
State Bar No. 06667580
Federal Bar No. 32158

ATTORNEYS FOR DEFENDANT,
BASILIO GOMEZ, SR.

### Certificate of Conference

This Motion is being brought pursuant to FED. R. CIV. PROC. 56 and therefore, pursuant to the Local Rules, a Certificate of Conference is not required.

_____
RICHARD W. ESPEY

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has this the 19th day of March, 2004, been forwarded via certified mail, return receipt requested, hand-delivery and/or telecopier to the following:

Mr. Albert Villegas
VILLEGAS LAW FIRM
1324 East 7th Street
Brownsville, Texas 78250
ATTORNEYS FOR PLAINTIFFS

Mr. Ruben Pena
Attorney at Law
222 W. Harrison Street
Harlingen, Texas 78550
ATTORNEYS FOR PLAINTIFFS

_____
RICHARD W. ESPEY

- 7 -