United States District Court
Southern District of Texas
FILED

APR 1 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND JESUS SILVA SALAZAR | § § § | |
| vs | § § | C.A. NO. B01 105 |
| BASILIO GOMEZ SR., etal. | § § | |

**PLAINTIFF'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes Now Plaintiffs who file this their response to Defendant's Motion for Partial Summary Judgment and would respectfully show the Court as follows:

I

Plaintiff filed suit for injuries and damages as a result of an assault by defendant's employees, agents and or servants. Defendant moves for partial summary judgment on the issues of "past and future medical care, lost earnings/loss of earning capacity, attorneys fees for or fees for bonds and exemplary damages". Defendant's Motion Page 3. Plaintiff would show the Court that these are fact issues for a fact finder to determine and that if after trial, not before, there is no evidence then the Court can grant a directed verdict. The petition only has to allege sufficient facts to state a cause of action from which the court can determine the proper measure of damages. Hedley Feedlot, Inc. V. Weatherly Trust, 855 SW2d 826, (Tex. App. Amarillo, 1993). In a suit for assault, a plaintiff can recover mental anguihs damages even if the assault caused no physical injury. Fisher v. Carrousel Motor Hotel, 424 SW2d 627, (Tex. 1967) The Summary Judgment sought asks the Court to find as a matter of law that Plaintiffs will be unable to prove their case at trial when no evidence has been submitted on the issues. The real issue is will the Plaintiff be able to introduce admissible evidence **at trial** on the issues Defendant refers to? The issue as a matter of law is has and can Plaintiff introduce more than a scintilla of evidence at trial on the issues. Plaintiffs respond that they have and will at trial. The Plaintiffs have and will produce evidence of the medical treatment provided, the loss of earning capacity since the date of

the incident, the consequential damages [attorneys fees and fees for bonds] and the conduct of the Defendant individually and through its employees, agents and or servants to support exemplary damages. "Summary Judgment is proper if there no genuine issue as to any material fact.." Park Place Hospital v. Estate of Milo 909 SW2d 508 (Tex. 1995). In this case there are genuine issues as to the damages incurred.

II

The defendant seeks to have Plaintiff prove his entire case prior to presenting it to a fact finder. Plaintiffs would show the Court that the cases cited by Defendant were matters appealed after a trial on the merits. The defendant does not rely on any affidavits or depositions in its Motion. The defendant has failed to set out what elements of the complained of damages have no evidence to support such. Denton v. Big Spring Hospital Corp. 998 SW2d 294 (Tex. App. Houston 14th Dist. 1999). Defendant did not question the Plaintiff about the issues it now complains of, his lost earning capacity, the manner in which he lost such nor why he believed that the injuries or defendants conduct were the proximate cause of such.

III

Specifically in regards to the issue of loss of earning/loss of earning capacity. Plaintiff would show the Court they have presented evidence in the way of tax returns and their own testimony to show genuine issues of fact for a fact finder to consider. Such evidence raises material issues of fact.. Such testimony supports the claim for damages and are sufficient for a fact finder to determine at trial. Loss of earning capacity that a party will suffer in the future is always uncertain and left largely to the **jury's** sound judgment and discretion. Borden, Inc. v. Guerra, 860 S.W.2d 515, 524 (Tex.App.--Corpus Christi 1993, writ dism'd by agr.) (citing McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710, 712 (1943)). However, a party should introduce evidence from which a **jury** might reasonably measure earning capacity prior to the injury and project that party's future loss. See City of Amarillo v. Langley, 651 S.W.2d 906, 916-17 (Tex.App.--Amarillo 1983, no writ). Proof of life expectancy is not required to recover lost future earnings, because the **jury** may reach its own conclusion as to life expectancy based upon evidence of the injured party's age, health and physical condition prior to the injury, and the permanence of the injury. Paragon Hotel Corp. v. Ramirez, 783 S.W.2d 654, 661 (Tex.App.--El Paso 1989, writ denied).

### III

Plaintiff would further show the Court that he presented himself at an emergency room, a general practitioner and then an orthopedic doctor. To recover for medical expenses for the treatment of injuries Plaintiff must show the expenses were necessary in treating the injury and the expenses were incurred or paid by the plaintiff. Texas Civil Practice and Remedies Code Section 41.0105   Plaintiff provided copies of the medical expenses he incurred and the identity of the health providers. Plaintiff testified that immediately after the assault he was taken by ambulance for such treatment and thereafter to the above referenced health providers. At trial Plaintiff will prove the treatment and expenses were reasonable and necessary for such treatment. Defendant has failed to show Plaintiff would not be able to provide admissible evidence at trial or that as a matter of law the Plaintiff is not entitled to recover said damages.

### IV

Plaintiff would further show he is entitled to recover as damages the attorneys fees and bail bond fees as they were incurred solely due to the conduct of the Defendant, his agents servants and or employees. These damages arose solely from the incident made the basis of this suit. A plaintiff may recover attorney fees incurred as a result of the defendants actions that were in bad faith, vexatious, wanton or made for oppressive reasons. Alyeska Pipeline Service Co. V. Wilderness Society. 421 US 240, (1975), Thomas v. Prudential Sec. 921 SW2d 847 (Tex. App. Austin, 1996). But for defendant's conduct these expenses would not have been incurred.

### V

Plaintiff would further show the Court that it is entitled to have a fact finder determine whether exemplary damages are recoverable in this case. The jury decides whether to award exemplary damages and how much to award Texas Civil Practice and Remedies Code Section 41.010 (b). The factors to consider are the nature of the wrong, the character of the conduct, the degree of culpability, the situation and sensibilities of the parties and public sense of justice and propriety and Defendant's net worth. Since this case was filed before September 1, 2003, the old sections of the Civil Practice and Remedies Code applies, Sections 41.003 (a)(2), and 41.001 (7) (2001). Malice is defined as either specific intent or conscious indifference.   Defendant is alleged to have acted individually and through his agents. There is more than sufficient evidence to show either type of malice. One of the employees, Zamarrano had known Plaintiff for a long period of time, testified at trial less than two months before against Plaintiff. Another employee,

Mariano Gonzales, who also testified at the same trial, was the supervisor of the other employees involved in the assault of the Plaintiffs. The evidence of the assault as set out in the affidavits on file show there are material fact issues for a fact finder. The defendant have not set out which element there is no evidence, only a broad statement.

Wherefore Plaintiff moves the Court to deny the Motion for Partial Summary Judgment and for any other relief they are entitled to.

Respectfully Submitted,

_____
BY: ALBERT VILLEGAS
1324 EAST SEVENTH STREET
BROWNSVILLE, TEXAS 78520
TELEPHONE: (956) 544-3352
TELECOPIER: (956) 544-7828
STATE BAR NO: 20585450
FEDERAL ID NO 3903
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been faxed and or mailed to counsel of record on this the 12th day of April, 2004.

Albert Villegas