89

United States District Court
Southern District of Texas
ENTERED

APR 2 8 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Rosalinda Salazar and Jesus Silva Salazar, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. B-01-105 |
| Basilo Gomez, Sr., | § § § | |
| Defendant. | § | |

### MEMORANDUM and ORDER

BE IT REMEMBERED that on April 27, 2004, the Court **GRANTED** Defendant's motion for leave to file Defendant's motion to reconsider Defendant's motion for summary judgment [Dkt. No. 76]. Moreover, the Court **GRANTED** Defendant's motion for summary judgment [Dkt. No. 77].

I.  **Factual and Procedural Background**

Defendant Gomez owns a flea market behind Plaintiffs' property. Defendant and Plaintiffs have been involved in a long-running dispute over an easement which has been used as an access road to the flea market. Plaintiffs have in the past made a number of complaints alleging city and health code violations by the flea market. Over the course of the last decade, the parties have also litigated at least three disputes regarding the use of the easement.

Defendant Gomez employs off-duty City of Brownsville Police officers, including Defendants Zamorrano, Lara, Galvan, Mascorro, and Lopez[1] as security guards and traffic control personnel. This lawsuit arises from events that occurred on April 9, 2001. On that day the flea market was open and the off-duty police officers were working at

---

[1] These Defendants in both their individual and official capacities along with the City of Brownsville have been dismissed without prejudice. [See Dkt. No. 44].

1

the flea market. Plaintiff Jesus Salazar left his property and advised Defendants Lara and Lopez that he would be returning soon. On his return, Plaintiff Jesus Salazar claims that Defendants Lara and Lopez entered his property, "yelling and conducting themselves in an abusive manner." Plaintiffs further claim that Defendant Lara told Plaintiff Jesus Salazar he was under arrest. Plaintiffs assert that "Defendant Gomez' employees then began to harass and assault plaintiffs." The officers handcuffed Plaintiff Jesus Salazar, and allegedly assaulted and "beat on Plaintiff with their hands, legs and billy clubs." Plaintiffs claim that the assault continued when Defendants Zamorrano, Mascorro, and Galvan trespassed and proceeded to assault Plaintiffs Jesus and Rosalinda Salazar. Thereafter, both Plaintiffs were arrested, and Plaintiff Jesus Silva Salazar was taken to the Valley Regional Medical Center emergency room before being taken to the Brownsville Police Department for processing.

All charges against Plaintiff Rosalinda Salazar were later dismissed, and Plaintiff Jesus Salazar plead no contest to one misdemeanor charge.

On February 10, 2004, the Court entered an order [Dkt. No. 62] granting in part and denying in part Defendant's motion for summary judgment. As a result, the issues remaining in this case are whether (1) the police officers were off-duty or on-duty at the time of the alleged incident, (2) the police officers were employees or independent contractors, (3) the officers assaulted the Plaintiffs, and (4) Defendant Gomez is vicariously liable for any assault. Defendant filed a motion for leave to file a motion to reconsider the motion for summary judgment. In his motion to reconsider, Defendant argues that Plaintiffs have failed to produce any evidence of damages; Plaintiffs have responded; and the motion to reconsider is now ripe for consideration.

II. **Summary Judgment Standard**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party making a summary judgment motion has the initial burden of informing the Court

2

of the basis for their motion and identifying those portions of the pleadings and discovery documents which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Colson v. Grohman*, 174 F.3d 498, 506 (5th Cir. 1999). If the moving party meets this burden, the non-movant then must designate specific facts showing there is a genuine issue for trial to survive summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). This means that the non-movant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are insufficient to overcome a proper motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

### III. Analysis

Defendant seeks summary judgment on the basis that Plaintiffs have failed to produce any evidence on damages, including (1) past and future medical care; (2) lost earnings or loss of earning capacity; (3) attorneys' fees or fees for bonds; and (4) exemplary damages.

In their response, Plaintiffs neither attach any evidence nor cite to any evidence already in the record to support their claims of damages and causation. Instead, Plaintiffs argue that the "petition only has to allege sufficient facts to state a cause of action from which the court can determine the measure of damages"; that defendant "seeks to have Plaintiffs prove their entire case prior to presenting it to a fact finder"; and that Plaintiffs "have and will produce evidence" of the various damages they allege they have suffered. The Court agrees that Plaintiffs are not required to pre-try their case; however, as the non-movant responding to a motion for summary judgment, this is Plaintiffs' opportunity to submit admissible evidence demonstrating that a genuine issue of material fact exists on every element of the sole remaining cause of action.

#### A. Past and future medical care

Plaintiffs vouch that they have provided Defendant with copies of their medical

3

bills and that at trial they will be able to prove the expenses were reasonable and necessary. "Although expense statements constitute evidence of actual medical costs, such statements, alone, are not evidence of the reasonableness of the expense." *Quaker Petroleum Chems. Co. v. Waldrop*, 75 S.W.3d 549, 553 (Tex. App.–San Antonio 2002, no pet.). Even if Plaintiffs had properly submitted and cited their medical bills as evidence, the Court would still be obliged to grant summary judgment because Plaintiffs have not cited evidence that the expenses were reasonable. Their assurance that they will do so at trial are not sufficient.

### B.   Lost earnings or loss of earning capacity

Specific factors that may be considered in determining the amount of loss of future earning capacity have been explained as follows:

> Factors such as stamina, efficiency, ability to work with pain, and the weakness and degenerative changes which naturally result from an injury and from long suffered pain are legitimate considerations in determining whether or not a person has experienced an impairment in future earning capacity . . .. Our courts have consistently upheld judgments for reduced earning capacity, even though the plaintiff was making as much or even more money after the injury than before, where it was shown that pain, weakness, diminished functional ability, or the like indicated that plaintiff's capacity to get and hold a job, or his capacity for duration, consistency or efficiency of work was impaired.

*Springer v. Baggs*, 500 S.W.2d 541, 544-45 (Tex. Civ. App.–Texarkana 1973, writ ref'd n.r.e.). In short, there are a number of ways Plaintiffs could prove loss of earning capacity. They have failed to cite to any evidence already in the record or submit any evidence of loss of earning capacity. As Defendant argues, the burden of proving actual lost earnings is greater than the burden of proving loss or impairment of earning capacity. *See T.J. Allen Distrib. Co. v. Leatherwood*, 648 S.W.2d 773, 775 (Tex. App.–Beaumont 1983, writ ref'd n.r.e.). Plaintiff has produced no evidence of his lost earnings.

### C.   Attorneys' fees or fees for bonds

Plaintiffs claim they are entitled to the attorneys' fees and the funds they expended obtaining bonds related to their arrest. Plaintiffs fail to explain how these

costs were a consequence of any alleged assault. As Defendant correctly notes, the Court has already granted summary judgment dismissing Plaintiffs' false arrest claim, the claim for which attorneys' fees and bond costs might be recoverable. These costs are not a consequence of the alleged assault on Plaintiffs. Finally, and most importantly, Plaintiffs adduce no evidence of the amounts expended or the reasonableness of those amounts.

### D. Exemplary damages

"[A]n exemplary damages award cannot stand in the absence of actual damages." *Quaker*, 75 S.W.3d at 554 (citing *Southwestern Bell Mobile Sys. v. Franco*, 971 S.W.2d 52, 55 (Tex. 1998)). Plaintiff has failed to proffer any evidence of actual damages; thus, exemplary damages are not warranted. Moreover, Plaintiffs have not submitted any evidence of malice as required by Texas law to support exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(Vernon Supp. 2004).

### IV. Conclusion

Plaintiffs have not adduced any evidence on causation or damages. They have not carried their burden in opposing Defendant's motion for summary judgment. Therefore, the Court **GRANTS** Defendant's motion for reconsideration of summary judgment [Dkt. No. 77].

For all of the reasons set forth above and in the Court's February 10, 2004, order, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment [Dkt. No. 45] and **DISMISSES WITH PREJUDICE** each and every one of Plaintiffs' claims against Defendant. Each party is to bear its own taxable costs and expenses incurred herein to date.

DONE at Brownsville, Texas, this 27th day of April 2004.

_____
Hilda G. Tagle
United States District Judge