

United States District Court
Southern District of Texas
FILED

MAY 2 0 2004

Michael N. Milby
Clerk of Court

T:\19000 - 99999\20000-49999\41300.0005\motions-orders\mtn.new.trial.response.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALINDA SALAZAR AND <br> JESUS SILVA SALAZAR | § § § | |
| VS. | § § | C.A. NO. B 01 105 |
| BASILIO GOMEZ SR., CITY OF <br> BROWNSVILLE AND CARLOS ZAMORRANO, <br> ARNOLD GALVAN, OSCAR LARA, ADRIAN <br> MASCORRO, AND REY LOPEZ <br> INDIVIDUALLY AND IN THEIR OFFICIAL <br> CAPACITY AS EMPLOYEES <br> FOR CITY OF BROWNSVILLE | § § § § § § § § | |

## DEFENDANT, BASILIO GOMEZ, SR.'S RESPONSE TO PLAINTIFFS' MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Basilio Gomez, Sr. ("Defendant Gomez"), by and through its attorneys, and submits this his Response to Plaintiffs' Motion for New Trial, and, in support thereof, would respectfully show this Court the following:

### I.
### Statement of the Nature and Stage of the Proceeding

On January 30, 2003, Defendant Gomez filed his Motion for Summary Judgment. *See* Motion for Summary Judgment.[1] In turn, Plaintiffs filed their Response to Motion for Summary Judgment ("Plaintiffs' Response") without attaching or incorporating any evidence regarding specific types of damages, namely (1) past and future medical care, (2) lost earnings/loss of earning capacity, (3) attorney fees or fees for bonds; and (4) exemplary damages. *See* Plaintiff's Response. On February 10, 2004, the Court granted in part and denied in part Defendant

---

[1] Defendant Gomez incorporates the arguments of the Motion for Summary Judgment by reference as if expressly set forth at length.

Gomez' Motion for Summary Judgment leaving the following issues of fact to be tried to the jury, namely whether (1) the police officers were off-duty or on-duty at the time of the alleged incident, (2) the police officers were employees or independent contractors, (3) the officers assaulted the Plaintiffs, (4) Defendant Gomez is vicariously liable for any assault are issues of fact to be tried to the jury. *See* Memorandum and Order, dated February 10, 2004.

On March 19, 2004, Defendant Gomez' filed his Motion to Reconsider Defendant Basilio Gomez' Motion for Summary Judgment ("Motion to Reconsider") incorporating the arguments of the Motion for Summary Judgment by reference and specifically requesting a partial summary judgment on specific types of damages. *See* Motion to Reconsider.[2] In response, Plaintiffs filed their Response to Motion for Partial Summary Judgment ("Response to Motion for Partial Summary Judgment"). Again, Plaintiffs provided no evidence of (1) past and future medical care, (2) lost earnings/loss of earning capacity, (3) attorney fees or fees for bonds; and (4) exemplary damages.

On April 27, 2004, the Court granted the Motion for Summary Judgment and entered Final Judgment. *See* Memorandum and Order; Final Judgment. In response, Plaintiffs filed their Motion for New Trial. *See* Motion for New Trial.[3]

## II.
## Grounds for Motions under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure

**(A)   Grounds for Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure**

There are three grounds for amending a judgment, namely (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial, and

---

[2] Defendant Gomez incorporates the arguments of the Motion to Reconsider by reference as if expressly set forth at length.
[3] Defendant Gomez assumes that Plaintiff is actually filing either (A) a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or (B) a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure because a trial has not previously occurred.

(3) to correct a clear error in law or prevent manifest injustice. *U.S. v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002).

**(B)   Grounds for Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure**

A motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure may be brought if the party can show (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) the judgment is void; (5) the judgment was satisfied or discharged; or (6) any other reason that justifies relief from operation of the judgment. *See Backlund v. Barnhardt*, 778 F.2d 1386, 1388 (9th Cir. 1985).

### III.
### Summary of Argument

The Motion for New Trial should be denied because Plaintiffs have not established grounds for relief under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure in that (A) summary judgment on all theories of liability, causes of action and damages was properly before the court; (B) summary judgment on liability is proper because summary judgment evidence negates existence of a material element on Plaintiffs' claims; and (C) alternatively, summary judgment on (1) past and future medical care, (2) lost earnings/loss of earning capacity, (3) attorney fees or fees for bonds, and (4) exemplary damages is proper because Plaintiffs have not timely put any evidence before the Court of the same.

### IV.
### Argument

**(A)   Summary judgment on all theories of liability, causes of action and damages was properly before the court.**

In the Motion for New Trial, Plaintiffs write that Defendant Gomez only sought relief "for a partial summary judgment on the issues of... damages." *See* Motion for New Trial, pg. 1. While the Motion to Reconsider focused on a partial summary judgment on issue of damages,

Defendant Gomez incorporated the arguments of the Motion for Summary Judgment by reference as if expressly set forth at length. *See* Motion to Reconsider, pg. 1, n. 2. Accordingly, the Motion to Reconsider was not limited to a reconsideration of damages only, but a reconsideration of the entire motion. *See id.* Moreover, the Court has the power to grant summary judgment or reconsider a summary judgment sua sponte if the nonmovant had adequate notice of the possibility that the case may be disposed of by summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). As the Motion for Summary Judgment has been on file since January 30, 2003 and the Motion to Reconsider had been on file since March 19, 2004, Plaintiffs had adequate notice of the possibility of disposal by summary judgment.

**(B)    Summary judgment on liability is proper because summary judgment evidence negates existence of a material element on Plaintiffs' claims.**

In the Court's Memorandum and Order, dated February 10, 2004, which denied in part and granted in part the Motion for Summary Judgment, the Court writes in pertinent part:

> Although it is undisputed that Plaintiff Jesus Silva Salazar was not violating any laws by entering the easement, there is a dispute about what exactly happened upon his return to his property. Defendant's evidence is that the officers used a hand signal to attempt to stop Plaintiff from driving into the easement. Plaintiff Jesus Silva Salazar, on the other hand, testified in his deposition that he believed the officer's gesture was simply asking where Plaintiff was going.

*See* Memorandum and Order. However, regardless of what Plaintiff Jesus Silva Salazar ("Plaintiff Jesus") thought that the Officer was doing, the Officer had probable cause to believe that Plaintiff Jesus had committed or was committing a violation of Section 542.501 of the Texas Transportation Code. *See Duran v. Furr's Supermarkets, Inc.*, 921 S.W.2d 778, 785 (Tex. App.—El Paso 1996, writ denied); Motion for Summary Judgment, Exhibit B (Officer Lara), page 30: lines 3—15 ("He continued coming. I continued telling him to stop, blew my whistle, had both hands up in the air instructing him to stop, and he disregarded."); Exhibit C (Officer Lopez), page 82: line 25 through page 83: lines 1—3 ("The officer is telling him with both his

palms up to stop. The vehicle does not stop"). Even Plaintiff Jesus admits that the reason that the Officers approached him was because he did not obey them. *See* Motion for Summary Judgment, Exhibit F (Deposition of Plaintiff Jesus), page 74: lines 23—25 ("Q. Why do you think he [Officer Lara] entered your property so angrily?  A. Because I didn't obey him.").

Accordingly, when Officers Lara and Lopez saw Plaintiff Jesus commit a crime, Officers Lara and Lopez' status as an independent contractor ended and the officers became on-duty police officers. As a result, the summary judgment evidence is clear that the Officers were not working in the course and scope of their employment, but in their official capacity as peace officers. *See* Motion for Summary Judgment.

**(C)** **Alternatively, summary judgment on (1) past and future medical care, (2) lost earnings/loss of earning capacity, (3) attorney fees or fees for bonds, and (4) exemplary damages is proper because Plaintiffs have not timely put any evidence before the Court of the same.**

In Plaintiffs' Response and Response to Motion for Partial Summary Judgment, Plaintiffs provided no evidence of (1) past and future medical care, (2) lost earnings/loss of earning capacity, (3) attorney fees or fees for bonds, and (4) exemplary damages. *See* Plaintiffs' Response; Response to Motion for Partial Summary Judgment. In that regard, Defendant Gomez objects to the evidence attached to the Motion for New Trial as Plaintiffs have not produced newly discovered evidence or even alleged that it was newly discovered in accordance with Rule 60(b). *See id.* In fact, the depositions of Plaintiffs were taken in November 2002 and the Depositions by Written Questions Propounded to the Witness the Custodian of Records for City of Brownsville Emergency Services was obtained in March of 2003. *See id.* As Plaintiffs have not timely put any evidence before the Court on (1) past and future medical care, (2) lost earnings/loss of earning capacity, (3) attorney fees or fees for bonds, and (4) exemplary damages, summary judgment regarding the same is proper.

## V.
### Conclusion

In conclusion, the Motion for New Trial should be denied because Plaintiffs have not established grounds for relief under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure in that (A) summary judgment on all theories of liability, causes of action and damages was properly before the court; (B) summary judgment on liability is proper because summary judgment evidence negates existence of a material element on Plaintiffs' claims; and (C) alternatively, summary judgment on (1) past and future medical care, (2) lost earnings/loss of earning capacity, (3) attorney fees or fees for bonds, and (4) exemplary damages is proper because Plaintiffs have not timely put any evidence before the Court of the same.

Defendant Gomez requests any and all such other relief to which Defendant Gomez may show itself justly entitled either at law or in equity.

Respectfully,

**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 822-6666
Telecopier: (210) 822-1151

By: *Richard W. Espey* by *Catherine Still*
RICHARD W. ESPEY
State Bar No. 06667580    SBN 24053273
Federal Bar No. 32158     FBN 37680

ATTORNEYS FOR DEFENDANT,
BASILIO GOMEZ, SR.

### Certificate of Conference

Pursuant to the Local Rules, a Certificate of Conference is not required on Responses to Opposed Motions.

*Richard W. Espey* by *Catherine Still*
RICHARD W. ESPEY

- 7 -

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has this the 20th day of May, 2004, been forwarded via certified mail, return receipt requested, hand-delivery and/or telecopier to the following:

Mr. Albert Villegas
VILLEGAS LAW FIRM
1324 East 7th Street
Brownsville, Texas 78250
ATTORNEYS FOR PLAINTIFFS

Mr. Ruben Pena
Attorney at Law
222 W. Harrison Street
Harlingen, Texas 78550
ATTORNEYS FOR PLAINTIFFS

_____
RICHARD W. ESPEY
by Catherine Lee