IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
MAY 2 8 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk D. Chumada

| | | |
|---|---|---|
| Rosalinda Salazar and Jesus Silva Salazar, | § § § | |
| Plainitffs, | § § | |
| v. | § § | Civil Action No. B-01-105 |
| Basilo Gomez, Sr., at al. | § § § | |
| Defendants. | § § | |

## ORDER

BE IT REMEMBERED that on May 27, 2004, the Court **DENIED** Plaintiffs' motion for new trial [Dkt. No. 91].

**I.   Motion for New Trial**

Plaintiffs do not cite to the Court the rule of federal procedure applicable to their motion or the standard to be applied. Therefore, the Court will consider the motion as one to "alter or amend the judgment" under Federal Rule of Civil Procedure 59(e). *See id.*; *see also Fletcher v. Appel*, 210 F.3d 510, 512 (5th Cir. 2000).

**II.   Analysis of Plaintiffs' Motion for New Trial**

In their motion, Plaintiffs ask the Court to reconsider its rulings in orders granting Defendant's motion for summary judgment. Federal Rule of Civil Procedure 59(e) allows motions to alter or amend judgment to be filed within 10 days of entry of judgment. A district court enjoys considerable discretion in granting or denying a motion for reconsideration under Federal Rule of Civil Procedure 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, reconsideration of a previous order is an extraordinary remedy which should be used sparingly. *See Rottmund v. Continental Assur. Co.*, 813 F. Supp. 1104, 1107 (E.D.Pa. 1992) (stating that although federal district courts have inherent power over interlocutory orders and

may modify, vacate, or set aside these orders when the interests of justice require, "[b]ecause of the interest in finality . . . courts should grant motions for reconsideration sparingly"). "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions." *See Sussman v. Salem, Saxon & Nielsen*, 153 F.R.D. 689 (M.D.Fla. 1994). Thus, a Rule 59(e) motion may not be used merely to relitigate old matters.

There are, however, four basic grounds upon which a Rule 59(e) motion for reconsideration may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. *See Motor Vehicle Mfrs. Ass'n v. New York State Dep't of Envtl. Conservation*, 831 F. Supp. 57, 60 (N.D.N.Y.1993), *aff'd in part, rev'd in part on other grounds*, 17 F.3d 521 (2nd Cir. 1994) (reconsideration warranted where court has overlooked matters or controlling decisions that might have materially influenced earlier decision). Second, the motion for reconsideration may be granted so that the moving party may present newly discovered or previously unavailable evidence. *See Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Third, the motion for reconsideration will be granted if necessary to prevent manifest injustice. *See Atlantic States Legal Found., Inc. v. Karg Bros., Inc.*, 841 F. Supp. 51, 53 (N.D.N.Y. 1993). Fourth, a Rule 59(e) motion may be justified by an intervening change in the controlling law. *See Sussman*, 153 F.R.D. at 694; *Atlantic States*, 941 F. Supp. at 53.

The Court is not persuaded that its orders have resulted in manifest errors of law or fact. Nor is the Court persuaded that granting the motion to reconsider is necessary to prevent manifest injustice. Moreover, Plaintiffs have not cited any intervening change in the controlling law. Plaintiffs have failed to satisfy the first, third, and fourth grounds for granting a motion to reconsider.

Finally, Plaintiffs have also failed to show that the materials submitted in support of their motion for new trial constitute "newly discovered evidence" which would require granting the motion under the second ground, even assuming that this evidence supports Plaintiffs' contention. Nor have Plaintiffs offered any explanation for why the submitted materials were not offered in support of their response to the motions for

summary judgment. Without such explanations the Court will refuse to consider the materials submitted in support of the motion for new trial. In *Waltman*, for example, the court refused to consider material attached to the plaintiff's motion for reconsideration of the court's order granting summary judgment where all of the material was available to plaintiff at the time she filed her opposition to the motion for summary judgment, and the plaintiff did not give any explanation for why she did not submit these materials at that earlier time. See *Waltman*, 875 F.2d at 473-74. Plaintiffs having failed to persuade the Court that the materials presented are new evidence, the Court concludes both that the second ground for granting a motion to reconsider is not satisfied and that Plaintiffs' motion for new trial supported by never-before-submitted materials should be denied.

Moreover, Plaintiffs submit, for the first time, a raft of evidence consisting of deposition transcripts "for the Court to consider in its deliberation." Plaintiffs fail to cite specific portions of the transcripts that would support their claims. Rather, they leave it to the Court to sift through several hundred pages of materials to find both their evidence and a genuine issue of material fact. That is not the Court's duty.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for new trial [Dkt. No. 91].

DONE at Brownsville, Texas, this 27th day of May 2004.

Hilda G. Tagle
United States District Judge